Robert B. Hawk (Bar No. 118054)
HOGAN LOVELLS US LLP
525 University Avenue, 4th Floor
Palo Alto, California  94301
Telephone:  + 1 (650) 463-4000
Facsimile:  + 1 (650) 463-4199
robert.hawk@hoganlovells.com

Douglas M. Schwab (Bar No. 43083)
Benjamin T. Diggs (Bar No. 245904)
HOGAN LOVELLS US LLP
4 Embarcadero Ctr., 22nd Floor
San Francisco, California 94111
Telephone:  + 1 (415) 374-2300
Facsimile:  + 1 (415) 374-2499
douglas.schwab@hoganlovells.com
benjamin.diggs@hoganlovells.com

Robin Wechkin (admitted *pro hac vice*)
HOGAN LOVELLS US LLP
8426 316th Pl. SE
Issaquah, Washington 98027
Telephone:  +1 (425) 222-6229
robin.wechkin@hoganlovells.com

Attorneys for Defendant
CONAGRA FOODS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| *In re* ConAgra Foods, Inc. | Case No.  2:11-CV-05379-MMM (AGR)<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS CONSOLIDATED AMENDED CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:   May 14, 2012<br>Time: 10:00 a.m.<br>Courtroom:  780<br><br>The Honorable Margaret M. Morrow |

Hogan Lovells US LLP
Attorneys At Law
Palo Alto

MOTION TO DISMISS CONSOLIDATED
AMENDED CLASS ACTION COMPLAINT;
Case No. 2:11-cv-05379-MMM (AGR)

## NOTICE OF MOTION AND MOTION TO DISMISS

### TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

**PLEASE TAKE NOTICE THAT** on May 14, 2012, at 10:00 a.m., or as soon thereafter as the matter may be heard by the Court, in Courtroom 780 before the Honorable Margaret M. Morrow, defendant ConAgra Foods, Inc. (ConAgra) will and hereby does move the Court, pursuant to Rules 8, 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing each claim for relief asserted in the Consolidated Amended Class Action Complaint (CAC).  ConAgra brings this motion on the grounds that (i) the complaint in its entirety fails to conform to Rule 9(b) and to this Court's Order of November 23, 2011 dismissing the original complaint in this action, (ii) with respect to each of their seven "counts," Plaintiffs fail to state a claim upon which relief may be granted, and (iii) with respect to Counts IV through VII, Plaintiffs fail to identify a cognizable legal theory.

ConAgra bases this motion on this Notice and Motion, the attached Memorandum of Points and Authorities, the Request for Judicial Notice, all pleadings and papers filed in this action, oral argument of counsel, and any other matters that may come before the Court.

ConAgra makes this motion following the conference of counsel pursuant to L.R. 7-3, which took place on February 16, 2012.  Despite their good faith efforts, counsel were unable to resolve the issues raised in this motion.

Hogan Lovells US
LLP
Attorneys At Law
Palo Alto

i

MOTION TO DISMISS CONSOLIDATED
AMENDED CLASS ACTION COMPLAINT;
Case No. 2:11-cv-05379-MMM (AGR)

# <u>TABLE OF CONTENTS</u>

**Page**

I.      INTRODUCTION ........................................................................................1

I.      BACKGROUND ........................................................................................2

II.     DISCUSSION..............................................................................................4

    A.      Plaintiffs Have Failed To Cure The Deficiencies That Led
          To Dismissal Of The Original Complaint. ...........................................4

    B.      Plaintiffs' Magnuson-Moss Claim Fails As A Matter Of Law. ...........8

    C.      Plaintiffs Fail To State A Claim Under Nebraska Law.....................11

    D.      Counts IV Through VII Fail Under Fundamental Pleading
          Principles. ...........................................................................................14

    E.      Plaintiffs' Consumer Protection Claim, Count IV, Fails...................17

    F.      Count V Does Not Plead An Implied Warranty Claim Under
          The Laws Of Various States. .............................................................20

    G.      Count VI Does Not Plead An Express Warranty Claim Under
          The Laws of Various States. ..............................................................21

    H.      Plaintiffs' Unjust Enrichment Claim Fails Under The Laws
          of Various States...............................................................................23

III.    CONCLUSION .........................................................................................25

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
PALO ALTO

ii

MOTION TO DISMISS CONSOLIDATED
AMENDED CLASS ACTION COMPLAINT;
Case No. 2:11-cv-05379-MMM (AGR)

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Allen v. G.D. Searle & Co.,*
    708 F.Supp. 1142 (D. Or. 1989).......................................................................22

*Allstate Ins. Co. v. Morgan Guar. Trust Co. of New York*,
    1994 WL 48585 (N.D. Ill. Feb. 16, 1994) ........................................................23

*American Tobacco Co. v. Grinnell*,
    951 S.W. 2d 420 (Tex. 1997)..........................................................................23

*Arcand v. Brother Int'l Corp.,*
    2010 WL 3907333 (D.N. J. Sept. 29, 2010) .....................................................8

*Ashcroft v. Iqbal,*
    129 S.Ct. 1937 (2009)................................................................................6, 19

*Azike v. E-Loan, Inc.,*
    2009 WL 1664072 (D. Neb. June 11, 2009).....................................................14

*Baltazar v. Apple, Inc*.,
    2011 WL 588209 (N.D. Cal. Feb. 10, 2011) ...................................................23

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007).......................................................................................19

*Briehl v. General Motors, Corp.*,
    172 F.3d 623 (8th Cir. 1999)...........................................................................15

*Buckland v. Threshold Enterprises, Ltd.*,
    155 Cal.App.4th 798 (2007)............................................................................18

*California Med. Ass'n, Inc. v. Aetna U.S. Healthcare of Cal*., *Inc.*,
    94 Cal.App.4th 151 (2001)..............................................................................24

*Caro v. Procter & Gamble Co*.,
    18 Cal.App.4th 644 (1993)................................................................................7

*Cervantes v. Countrywide Home Loans, Inc.*,
    656 F.3d 1034 (9th Cir. 2011).........................................................................15

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
PALO ALTO

iii

*Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*,
   70 N.Y.2d 382 (1987) ........................................................................24

*Connick v. Suzuki Motor Co., Ltd.*,
   675 N.E.2d 584 (Ill. 1996) ...............................................................22

*Cooper v. Samsung Elecs. Am. Inc.*,
   2008 WL 4513924 (D. N.J. Sept. 30, 2008) ....................................24

*Crete v. Resort Condos. Int'l, LLC*,
   2011 WL 666039 (D.N.J. Feb. 14, 2011) .........................................24

*Crigger v. Fahnestock & Co., Inc.*,
   2003 WL 22170607 (S.D.N.Y. Sept. 8, 2003)...................................23

*Cypher v. Bill Swad Leasing Co.*,
   36 Ohio App.3d 200 (1987) ..............................................................19

*Daugherty v. Jacobs*,
   187 S.W.3d 607 (Tex. App. 2006) ....................................................18

*Diacakis v. Comcast Corp.*,
   2012 WL 43649 (N.D. Cal. Jan. 9, 2012).........................................24

*Doyle v. The Pillsbury Co.*,
   476 So.2d 1271 (Fla. 1985)...............................................................20

*Dravo Equip. Co. v. German*,
   73 Or.App. 165 (1985).......................................................................20

*Durell v. Sharp Healthcare*,
   183 Cal.App. 1350 (2010).................................................................18

*Experian Mktg. Solutions, Inc. v. U.S. Data Corp.*,
   2009 WL 2902957 (D. Neb. Sept. 9, 2009)......................................14

*Feitler v. Animation Celection, Inc.*,
   170 Or.App. 702 (2000).....................................................................18

*Fox v. F & J Gattozzi Corp.*,
   41 Mass.App.Ct. 581 (1996) .............................................................23

*Food Sciences Corp. v. Nagler*,
   2010 WL 4226531 (D.N.J. Oct. 20, 2010) ........................................6

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
PALO ALTO

iv

MOTION TO DISMISS CONSOLIDATED
AMENDED CLASS ACTION COMPLAINT;
Case No. 2:11-cv-05379-MMM (AGR)

*Fraley v. Facebook, Inc.*,
  2011 WL 6303898 (N.D. Cal. Dec. 16, 2011) .....................................23

*Franulovic v. Coca-Cola Co.*,
  2007 WL 3166953 (D.N.J. Oct. 25, 2007) .........................................8

*Ganahl v. Stryker Corp.*,
  2011 WL 693331 (S.D. Ind. Feb. 15, 2011) .......................................22

*General Motors Corp. v. Brewer*,
  966 S.W.2d 56 (Tex. 1998) ...........................................................21

*Gerlinger v. Amazon.com*,
  311 F.Supp.2d 838 (N.D. Cal. 2004) ...............................................24

*Hemy v. Perdue Farms, Inc.*,
  2011 WL 6002463 (D.N.J. Nov. 30, 2011) ........................................ 5, 6, 17, 18

*Hillcrest Country Club v. N.D. Judds Co.*,
  236 Neb. 233 (1990) ....................................................................23

*Hydroflo Corp. v. First Nat'l Bank of Omaha*,
  217 Neb. 20 (1984) ......................................................................12

*In the Matter of Rhone-Poulenc Rorer, Inc.*,
  51 F.3d 1293 (7th Cir. 1995)..........................................................15

*In re Apple and AT & T iPad Unlimited Data Plan Litig.*,
  802 F.Supp.2d 1070 (N.D. Cal. 2011)..............................................23

*In re Bausch & Lomb Inc. Contact Lens Solution Prods. Liab. Litig.*,
  2008 WL 2308759 (D.S.C. Apr. 9, 2008) .........................................22

*In re Bisphenol-A (BPA) Polycarbonate Plastic Prods. Liab. Litig.*,
  276 F.R.D. 336 (W.D. Mo. 2011) ...................................................15

*In re Gen. Motors Corp. Anti-Lock Brake Prods. Liab. Litig.*,
  966 F.Supp.1525 (E.D. Mo. 1997) .................................................15

*In re Gen. Motors Corp. Dex-Cool Prods. Liab. Litig.*,
  241 F.R.D. 305 (S.D. Ill. 2007).......................................................15

*In re Glenfed, Inc. Sec. Litig.*,
  42 F.3d 1541 (9th Cir. 1994)..........................................................5

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
PALO ALTO

v

MOTION TO DISMISS CONSOLIDATED
AMENDED CLASS ACTION COMPLAINT;
Case No. 2:11-cv-05379-MMM (AGR)

*In re Sears, Roebuck & Co. Tools Mktg. and Sales Practices Litig.,*
   2006 WL 1443737 (N.D. Ill. May 17, 2006)..........................................9, 10, 13

*In re Silicon Graphics, Inc., Sec. Litig.,*
   183 F.3d 970 (9th Cir. 1999)...........................................................................19

*In re Sony HDTV Television Litig.,*
   758 F.Supp.2d 1077 (S.D. Cal. 2010) .........................................................6, 15

*Jesmer v. Retail Magic, Inc.,*
   863 N.Y.S. 2d 737 (App. Div. 2008)..............................................................20

*Johansson v. Central Garden & Pet Co.,*
   804 F.Supp.2d 257 (D.N.J. 2011)...................................................................20

*Johnson v. Microsoft Corp.,*
   106 Ohio St.3d 278 (Ohio 2005).....................................................................24

*Kalow & Springnut, LLP v. Commerce Corp.,*
   2008 WL 2557506 (D.N.J. June 23, 2008)......................................................15

*Kelley v. Microsoft Corp.,*
   2007 WL 2600841 (W.D. Wash. Sept. 10, 2007).............................................10

*Kuntzelman v. Avco Fin. Servs. of Nebraska,*
   206 Neb. 130 (1980) ......................................................................................12

*Lieberson v. Johnson & Johnson Consumer Cos., Inc.,*
   -- F.Supp.2d --, 2011 WL 4414214 (D.N.J. Sept. 21, 2011) ...........................21

*Mason v. Coca-Cola Co.,*
   2010 WL 2674445 (D.N.J. June 30, 2010).......................................................24

*Mazza v. American Honda Motor Co., Inc.,*
   666 F.3d 581 (9th Cir. 1012)....................................................................13, 14

*McKinney v. Bayer Corp.,*
   744 F.Supp.2d 733 (N.D. Ohio 2010) ............................................................20

*Meeco Mfg. Co., Inc. v. True Value Co.,*
   2007 WL 1051259 (W.D. Wash. April 4, 2007)...............................................23

*Newman v. Tualatin Dev. Co., Inc.,*
   287 Or. 47 (1979) ..........................................................................................23

Hogan Lovells US
LLP
Attorneys At Law
Palo Alto

vi

MOTION TO DISMISS CONSOLIDATED
AMENDED CLASS ACTION COMPLAINT;
Case No. 2:11-cv-05379-MMM (AGR)

*Paracor Fin., Inc. v. G.E. Capital Corp.*,
   96 F.3d 1151 (9th Cir. 1996)............................................................24

*Picus v. Wal-Mart Stores, Inc.*,
   256 F.R.D. 651 (D.Nev. 2009)...........................................................7

*Price Bros. v. Philadelphia Gear Corp.*,
   649 F.2d 416 (6th Cir. 1981)............................................................21

*Rainbow Play Sys., Inc. v. Backyard Adventure, Inc.*,
   2009 WL 3150984 (D.S.D. Sept. 28, 2009) ......................................18

*Reece v. Good Samaritan Hosp.*,
   90 Wn.App. 574 (1998) ....................................................................23

*Reinbrecht v. Walgreen Co.*,
   16 Neb.App. 108 (2007). ...........................................................13, 14

*Robert E. Ricciardelli Carpet Serv. Inc. v. Home Depot USA, Inc.*,
   679 F.Supp.2d 193 (D. Mass. 2010)................................................24

*Samiento v. World Yacht Inc.*,
   10 N.Y.3d 70 (2008) ........................................................................24

*Schmaltz v. Nissen*,
   431 N.W. 2d 657 (S.D. 1988) ..........................................................23

*Schreib v. The Walt Disney Co.*,
   2006 WL 573008 (Ill. App. Feb. 1, 2006) .......................................10

*Semitekol v. Monaco Coach Corp.*,
   582 F.Supp.2d 1009 (N.D. Ill. 2008)...............................................10

*Show Services, LLC v. Amber Trading Co. LLC*,
   2010 WL 4392544 (N.D. Tex. Oct. 29, 2010)..................................23

*State of Indiana ex rel. Zoeller v. Pastrick*,
   696 F.Supp.2d 970 (N.D. Ind. 2010)...............................................24

*Tallmadge v. Aurora Chrysler Plymouth, Inc.*,
   25 Wn.App. 90 (1979) .....................................................................21

*Tex Enterprises, Inc. v. Brockway Standard, Inc.*,
   149 Wn.2d 204 (2003) .....................................................................20

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
PALO ALTO

vii

MOTION TO DISMISS CONSOLIDATED
AMENDED CLASS ACTION COMPLAINT;
Case No. 2:11-cv-05379-MMM (AGR)

*Texas Carpenters Health Benefit Fund, IBEW-NECA v. Philip Morris, Inc.*,
    21 F.Supp.2d 664 (E.D. Tex. 1998) ................................................................24

*Thompson v. Jiffy Lube Int'l, Inc.*,
    250 F.R.D. 607 (D. Kans. 2008) ....................................................................15

*Tiffin v. Great Atlantic & Pacific Tea Co.*,
    18 Ill.2d 48 (1959) ........................................................................................20

*Tribe v. Peterson*,
    964 P.2d 1238 (Wyo. 1998) ..........................................................................23

*Wiatt v. Winston & Strawn, LLP*,
    2011 WL 2559567 (D.N.J. June 27, 2011)....................................................24

*Wrede v. Exhange Bank of Gibbon*,
    247 Neb. 907 (1995) ......................................................................................12

*Yumul v. Smart Balance, Inc.*,
    2011 WL 1045555 (C.D. Cal. Mar. 14, 2011)................................................12

*Yumul v. Smart Balance, Inc.*,
    733 F.Supp.2d 1117 (C.D. Cal. 2010) .............................................................4

STATUTES

15 U.S.C. § 2301(3) ..............................................................................................10

15 U.S.C. § 2301(6) ...........................................................................................9, 10

15 U.S.C. § 2302(e) ..............................................................................................11

15 U.S.C. § 2310(d) ..............................................................................................10

15 U.S.C. § 2310(d)(3)(A) ....................................................................................10

21 U.S.C. § 343-1 ..................................................................................................11

21 U.S.C. § 343(a) .................................................................................................12

Cal. Civ. Code § 1782(a)(1)...................................................................................19

Colo. Rev. Stat. § 4-2-725(2) ................................................................................21

Fla. Stat. § 501.212 ...............................................................................................11

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
PALO ALTO

viii

MOTION TO DISMISS CONSOLIDATED
AMENDED CLASS ACTION COMPLAINT;
Case No. 2:11-cv-05379-MMM (AGR)

Ind. Code § 26-1-2-607 .................................................................22

Mass. Gen Laws ch. 93A, § 9(3) ...................................................19

N.J. Stat. Ann. § 56:8-19 ...............................................................17

N.J. Stat. Ann. § 56:8-20 ...............................................................19

Neb. Rev. Stat. § 59-1617(1) ....................................................11, 12

Neb. Rev. Stat. § 59-1602. ............................................................11

Neb. Rev. Stat. § 87-301. ..............................................................13

Neb. Rev. Stat. § 87-303(a) ...........................................................13

Ohio Rev. Code § 1345.10(C) .......................................................19

Or. Rev. Stat. § 72.6070(3) ...........................................................22

Or. Rev. Stat. § 646.638(1) ...........................................................17

Or. Rev. Stat. § 646.638(2) ...........................................................19

RCW 19.86.095 ............................................................................19

RCW 62A.2-607 ...........................................................................22

S.D. Codified Laws § 57A-2-607 ..................................................22

Tex. Bus. & Com. Code § 17.505 ..................................................19

Wyo. Stat. Ann. §34.1-2-607 ........................................................22

Wyo. Stat. Ann. § 40-12-102(a)(ix) ..............................................19

Wyo. Stat. Ann. § 40-12-108 ........................................................19

Wyo. Stat. Ann. § 40-12-108(a) ....................................................18

**OTHER AUTHORITIES**

16 C.F.R. § 700.3 ..........................................................................10

48 Fed. Reg. 23,270 (May 24, 1983) ..............................................7

57 Fed. Reg. 22,984 (May 29, 1992) ..............................................7

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
PALO ALTO

ix

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

58 Fed. Reg. 2302 (Jan. 6, 1993)..........................................................................7

Fed. R. Civ. P. 8(a) .................................................................................................5

Fed. R. Civ. P. 9(b) ............................................................................................4, 5

McKinney's CPLR § 214.......................................................................................19

Hogan Lovells US
LLP
Attorneys At Law
Palo Alto

x

MOTION TO DISMISS CONSOLIDATED
AMENDED CLASS ACTION COMPLAINT;
Case No. 2:11-cv-05379-MMM (AGR)

### MEMORANDUM OF POINTS AND AUTHORITIES
### IN SUPPORT OF MOTION TO DISMISS

## I.   INTRODUCTION

The Court dismissed the predecessor complaint in this action for lack of particularity.  Like the complaint now at issue, the earlier complaint was based on the assertion that the phrase "100% Natural" on the labels of ConAgra's Wesson Oils is misleading because the products contain bioengineered ingredients.  Concluding that the sole named plaintiff in the earlier complaint, Robert Briseño, failed to adequately plead the facts constituting the alleged wrongdoing – where, when and how he was purportedly deceived – the Court dismissed all four claims.  Now, Briseño and his co-plaintiffs in the eight consolidated Wesson Oil actions, along with additional named plaintiffs, have filed a consolidated amended complaint (CAC).  The CAC alleges seven new counts on behalf of a total of 21 named plaintiffs from 15 states.

For all of its new material, the CAC does not cure the pleading defects of the *Briseño* complaint.  Plaintiffs still fail to plead with particularity.  As before, Plaintiffs do not allege when and where any one person bought Wesson Oils, nor how much he or she paid.  As importantly, Plaintiffs do not adequately allege either reliance or materiality.  Plaintiffs do not allege that *any* of the proposed representatives believed when they bought Wesson Oils that "100% Natural" meant "made without bioengineered ingredients."  As a result, Plaintiffs fail to provide a crucial link in any consumer fraud case:  an inconsistency between the purchaser's expectations and the purportedly true state of affairs.

By the same token, Plaintiffs fail to plead why it mattered – that is, why it was material – to them or to anybody else that Wesson Oils contain bioengineered ingredients.  The CAC says nothing about whether Plaintiffs or any other consumers object to these ingredients on health or safety grounds, on political or cultural or religious grounds, or for any other reason.  Because Plaintiffs do not

Hogan Lovells US
LLP
Attorneys At Law
Palo Alto

1

MOTION TO DISMISS CONSOLIDATED
AMENDED CLASS ACTION COMPLAINT;
Case No. 2:11-cv-05379-MMM (AGR)

plead these bedrock facts, their claims remain insufficient as a pleading matter.

While the CAC fails to remedy the defects of the original complaint, it introduces a host of new ones. The CAC consists of seven "counts," not one of which was included in the *Briseño* complaint. The first three counts, which are asserted by all 21 plaintiffs on behalf of a nationwide class, are based on the federal Magnuson-Moss Warranty Act and on two Nebraska statutes. Each is fatally flawed. The Magnuson-Moss claim fails because a crucial prerequisite is missing: a "written warranty" as defined by the statute. The first of the Nebraska claims fails because the challenged conduct comes squarely within a statutory exemption. The second fails because Plaintiffs have not pled and cannot plead a likelihood of future harm, which is the only basis for relief under the statute.

The remaining claims in the CAC, Counts IV through VII, are all structured in the same legally deficient manner. These four counts allege violations of consumer protection law, breaches of express and implied warranties and unjust enrichment. Plaintiffs do not assert these counts under the laws of any one state but instead under an amalgam of the laws of between 12 and 15 states. This is not permissible. A claim must set forth a coherent legal theory based on an identifiable, consistent body of law. Plaintiffs' four multistate claims, invoking varying and inconsistent law from many states, fail for this reason alone.

Counts IV to VII also fail to set forth a claim on which relief may be granted under the laws of several of the states invoked by Plaintiffs. These legal defects range from lack of privity, to failure to plead ascertainable loss, to the absence of any breach of implied warranty terms. Plaintiffs maintain that the multiple states' laws that they invoke in these counts do not materially differ from one another. If Plaintiffs are correct in that contention, Counts IV to VII should be dismissed in their entirety, as each is premised at least in part on state law that precludes it.

# I.   **BACKGROUND**

This litigation commenced in June 2011, when Robert Briseño filed a class

Hogan Lovells US LLP
Attorneys At Law
Palo Alto

2

MOTION TO DISMISS CONSOLIDATED
AMENDED CLASS ACTION COMPLAINT;
Case No. 2:11-cv-05379-MMM (AGR)

action complaint in this Court.  Over the next five months, seven similar complaints were filed in federal court in four other jurisdictions.  Each complaint was based on the same fundamental assertion – that use of the phrase "100% Natural" on the labels of Wesson Oils is misleading because the products contain bioengineered ingredients.  Each of these related cases was voluntarily transferred to this Court, save for one of the New Jersey cases, *Scarpelli*, which was transferred here by the Judicial Panel for Multidistrict Litigation.  The *Scarpelli* plaintiffs subsequently stipulated to consolidation with the other cases for all purposes, including trial.

Before the cases were consolidated, ConAgra moved to dismiss the *Briseño* action.  ConAgra argued that the claims in that action were preempted by the FDA's guidance and regulatory activities concerning the sale and labeling of foods with bioengineered ingredients.  ConAgra also argued that the complaint failed to conform to applicable pleading standards. The Court denied ConAgra's motion with respect to federal preemption but granted it with respect to the complaint's pleading defects.  The Court concluded that the complaint was deficient under Rule 9(b), because it did not allege where, when and how Briseño was deceived.  *See* November 23, 2011 Order at 19-20.  Plaintiff was given leave to amend.

The CAC was filed on January 12, 2012.  The factual allegations with respect to each of the 21 named plaintiffs follow an identical pattern:

> [Plaintiff] purchased [a particular Wesson Oil] because [he or she] believed and relied on ConAgra's representations that [the product] was "100% Natural."  [Plaintiff] would not have purchased [the product] but for ConAgra's misrepresentation that [the product] is "100% Natural." [Plaintiff] was injured in fact and lost money as a result of ConAgra misrepresenting [the product] as "100% Natural." [Plaintiff] paid for a "100% Natural" product, but did not receive a product that was "100% Natural."

CAC ¶¶ 13-33.  It is important to observe what is *not* alleged in these recitals.  Not

HOGAN LOVELLS US LLP
ATTORNEYS AT LAW
PALO ALTO

3

MOTION TO DISMISS CONSOLIDATED
AMENDED CLASS ACTION COMPLAINT;
Case No. 2:11-cv-05379-MMM (AGR)

1  one of the 21 proposed representatives sets forth what he or she understood "100%

2  Natural" to mean when purchasing Wesson Oil.  Still more tellingly, not one states

3  that he or she believed that "100% Natural" meant that the product did not contain

4  bioengineered ingredients.  *Id.*

5  **II.     DISCUSSION**

6      **A.     Plaintiffs Have Failed To Cure The Deficiencies That Led To**
        **Dismissal Of The Original Complaint.**

7

8          The new complaint does not cure the defects of the old.  Of the 21 plaintiffs,

9  only two allege *where* they bought Wesson Oil.  CAC ¶¶ 14, 25; compare, *e.g.*,

10  ¶¶ 13, 15-24.  As to *when*, only one provides a single date of purchase.  This is

11  Briseño himself, and, curiously, the date he provides is inconsistent with the date he

12  alleged in his original pleading.  CAC ¶ 14 (stating that his most recent purchase

13  was in April 2011); Briseño Complaint ¶ 11 (alleging a purchase in May 2011).

14  Additional allegations about the frequency of purchase are vague as well.

15          These are more than technical deficiencies.  The Court found the *Briseño*

16  complaint defective under Rule 9(b) even when Plaintiff confined his claims to

17  events that allegedly occurred in California; as the Court has noted elsewhere,

18  alleging that a product was purchased "in California" is not pleading fraud with

19  specificity.  *Yumul v. Smart Balance, Inc.*, 733 F.Supp.2d 1117, 1124 & n.9 (C.D.

20  Cal. 2010).  The new complaint is, if anything, less particularized than the *Briseño*

21  complaint.  Twenty proposed class representatives, from 14 additional states, have

22  now been added.  And with Counts I through III, which are asserted by all 21

23  representatives on behalf of a putative nationwide class, Plaintiffs seek to reach

24  sales in all 50 states.  Thus Plaintiffs challenge millions of sales, across the country,

25  for a four-year period – but either cannot or will not pin down the date and location

26  of their purchases.

27          Adding parties and bulk to the CAC has not made it more specific.  Heft

28  cannot take the place of the particularity required by Rule 9(b).  Only by applying

Hogan Lovells US
LLP
Attorneys At Law
Palo Alto

4

MOTION TO DISMISS CONSOLIDATED
AMENDED CLASS ACTION COMPLAINT;
Case No. 2:11-cv-05379-MMM (AGR)

1    Rule 9(b) as rigorously in the class setting as it would in a single-plaintiff case can

2    a court ensure that the class mechanism is not used as a substitute for the elements

3    of a fraud claim.  The purpose of Rule 9(b) is to ensure that those who make

4    accusations of fraud do so with a sound factual basis.  A single plaintiff could not

5    move past the pleading stage if she did not allege *when* or *where* she bought the

6    product at issue.  The same should be true of a single plaintiff – or even 21

7    plaintiffs – who seek to represent millions of absent class members.

8         The CAC is also independently defective because Plaintiffs do not allege

9    *how* they were misled.  In rote fashion, each of the 21 named plaintiffs alleges that

10   he or she "believed and relied on ConAgra's representations that Wesson Oils are

11   '100% Natural.'"  Not one of them, however, states what he or she "believed" the

12   term meant.  And not one states that he or she believed "100% Natural" meant the

13   product did not contain bioengineered ingredients.

14        What Plaintiffs omit is the minimum required under Ninth Circuit law.

15   Plaintiffs must set "'set forth *what* is false or misleading about a statement, and *why*

16   it is false.'"  November 23, 2011 Order at 16 (quoting and citing *In re Glenfed, Inc.*

17   *Sec. Litig.*, 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc)) (emphasis added).  "In

18   other words, the plaintiff must set forth an *explanation* as to why the statement or

19   omission complained of was false or misleading."  *Glenfed*, 42 F.3d at 1548

20   (emphasis added).  Plaintiffs have not done that here.

21        This is a serious deficiency of the complaint not only under Rule 9(b) but

22   also under Rule 8(a).  A recent decision from New Jersey – a state whose laws

23   Plaintiffs invoke – illustrates this most clearly.  In *Hemy v. Perdue Farms, Inc.*,

24   2011 WL 6002463 (D.N.J. Nov. 30, 2011), plaintiffs claimed that defendant's use

25   of the term "humanely raised" on the label of chicken products was misleading,

26   because the chickens in question had been mistreated during the slaughtering

27   process.  The plaintiffs in *Perdue* appear to have gone somewhat farther than

28   Plaintiffs in the present case in explaining how they believed they had been misled:

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
PALO ALTO

5

1   The explanation that emerged from their complaint was that consumers would

2   reasonably believe that a company that humanely raised its poultry would be

3   similarly humane in its methods of dispatching them. *Id.* at *17. The court

4   concluded, however, that plaintiffs' allegations were deficient under *Ashcroft v.*

5   *Iqbal*, 129 S.Ct. 1937 (2009):

6          To properly plead the intent of a group of consumers, a plaintiff must

7          put forth concrete facts from which the Court can determine the

8          plausibility of that allegation. *Cf. Food Sciences Corp. v. Nagler*,

9          2010 WL 4226531, at *2 (D.N.J. Oct. 20, 2010) ("[W]hen an element

10         of a claim involves some abstract fact, including those dealing with

11         mental states such as questions of intent or likelihood of confusion,

12         the factual conclusion cannot simply be asserted in the complaint, but

13         must be sufficiently grounded in more concrete factual allegations")

14         (citing *Iqbal*, 129 S.Ct. at 1951). Plaintiffs' allegations, in contrast,

15         merely state in a conclusory fashion what consumers would expect.

16         Such a conclusory statement is not entitled to a presumption of truth

17         under modern pleading standards. *See Iqbal*, 129 S.Ct. at 1951.

18  2011 WL 6002463, at *17. The same is true here. Plaintiffs assert that they were

19  misled by ConAgra's use of the term "natural," but they do not plead a single fact

20  explaining *what any one of them individually expected or why*. But that is a

21  prerequisite of a consumer fraud action. "For a statement to be deceptive or

22  misleading, consumers must have held expectations about the matter in question" –

23  and those expectations must have been defeated. *In re Sony HDTV Television Litig.*,

24  758 F.Supp.2d 1077, 1089 (S.D. Cal. 2010).

25         The requirement that a plaintiff explain why a challenged statement was false

26  by alleging what she expected and how she was deceived is particularly important

27  here. This is not a case in which falsity is evident based on the contrast between a

28  clear and definite statement of the defendant and the unambiguous true state of

Hogan Lovells US
LLP
Attorneys At Law
Palo Alto                                6        MOTION TO DISMISS CONSOLIDATED
                                                   AMENDED CLASS ACTION COMPLAINT;
                                                   Case No. 2:11-cv-05379-MMM (AGR)

1  affairs.  It is not, for example, a case in which a defendant corporation releases

2  financial statements showing $100 million in revenue when the accurate number

3  was $50 million.  Here, the purported inconsistency between the challenged

4  statement and the allegedly true state of affairs is far from obvious.

5      In opposing ConAgra's motion to dismiss the original complaint, Plaintiffs

6  drew heavily on the FDA's guidance with respect to the term "natural."  That

7  guidance bears repeating in this context.  After studying the use of the term

8  "natural" on food labels, the agency concluded that "consumers regard many uses

9  of this term as noninformative." 58 Fed. Reg. 2302, 2407 (Jan. 6, 1993).  In a

10 similar vein, when the Federal Trade Commission considered regulating use of the

11 term "natural," that agency concluded that the word means different things in

12 different contexts.  48 Fed. Reg. 23,270 (May 24, 1983).  According to the very

13 source Plaintiffs draw on, the term "natural" is not self-defining.  Based on the

14 CAC, there is no way for the Court or ConAgra to know how any or all of 21

15 plaintiffs understood the term "natural."[1]

16      Plaintiffs' failure in this respect is closely related to another pleading defect:

17 their failure to provide an adequate allegation of materiality.  Under the consumer

18 protection laws of various states, a plaintiff "must allege the misrepresentation was

19 material *as to her*, *i.e.*, 'that without the misrepresentation, [p]laintiff would not

20 have acted as [s]he did.'"  *Picus v. Wal-Mart Stores, Inc*., 256 F.R.D. 651, 657

21 (D.Nev. 2009) (quoting and citing *Caro v. Procter & Gamble Co*., 18 Cal.App.4th

22 644 (1993) and surveying other state law) (other citations and internal quotation

23

24 [1] There is an additional reason why pleading falsity in this case requires each
   plaintiff to allege facts showing *how* ConAgra's label was false as to him or her.
   The term "GMO" is no more self-defining than "natural."  As the FDA uses the

25 term, "genetic modification" refers to *all* human-directed plant breeding; as a result,
   virtually all crops grown in this country are "genetically modified."  *Statement of*

26 *Policy: Foods Derived From New Plant Varieties*, 57 Fed. Reg. 22,984, 22,984 n.3
   (May 29, 1992).  Given the inconsistent and unclear usage of "genetic

27 modification," it is particularly important for Plaintiffs to allege what they believed
   "natural" meant when they purchased Wesson Oils, and to state whether they

28 believed it had anything to do with bioengineering.

Hogan Lovells US
LLP
Attorneys At Law
Palo Alto

7

MOTION TO DISMISS CONSOLIDATED
AMENDED CLASS ACTION COMPLAINT;
Case No. 2:11-cv-05379-MMM (AGR)

marks omitted; emphasis added); *see also, e.g., Arcand v. Brother Int'l Corp.,* 2010 WL 3907333, at *7 (D.N.J. Sept. 29, 2010) (plaintiffs must "allege facts pertinent to their own personal experiences with the product") (citing and discussing *Franulovic v. Coca-Cola Co*., 2007 WL 3166953, at *7 (D.N.J. Oct. 25, 2007)). Plaintiffs here do not allege with particularity that the purported misrepresentation was material as to them.  ConAgra has no way of knowing why the presence of bioengineered ingredients *mattered to the 21 named plaintiffs*, if in fact it did.  Was it because Plaintiffs had concerns about the safety of the product?  About health effects?  About sustainable agriculture?  About politics or religion?  Plaintiffs do not say.[2]

There is simply no mention in the CAC of the significance of bioengineered ingredients to any named plaintiff, nor any allegation about what Plaintiffs individually expected.  Pleading a coherent theory of reliance and materiality is not onerous.  Plaintiffs need only state what each representative believed and expected. Because Plaintiffs do not do so, the Court should dismiss the CAC in its entirety.[3]

## B.    Plaintiffs' Magnuson-Moss Claim Fails As A Matter Of Law.

Count I, for alleged breach of the Magnuson-Moss Warranty Act, is the first of Plaintiffs' three attempts to frame a claim on behalf of a nationwide class.  But the Magnuson-Moss Act is not remotely applicable here.  Plaintiffs assert that ConAgra is liable under the federal statute because it breached a "written warranty."  CAC ¶ 72.  A "written warranty" under Magnuson-Moss is

---

[2] The CAC does allege that Plaintiffs "would not have purchased the Wesson Oils at the prices they paid, or would not have purchased such products at all, had they known the truth."  ¶ 107.  But this cryptic reference to "the truth" does not identify the expectations Plaintiffs had (if any) with respect to bioengineered ingredients.

[3] In its prior Order, the Court discussed cases involving facially implausible challenges to food labels – for example, allegations that the name "Froot Loops" is misleading when applied to a cereal not made of fruit.  In distinguishing those cases from this one, the Court stated that "a reasonable consumer could have been misled by the labeling, marketing, and advertising at issue in this case."  Order at 20-21. That ruling does not excuse a plaintiff who "*could* have been misled" from alleging how and why he was misled in a way that was material to him.

1    (A)  any written affirmation of fact or written promise made in

2    connection with the sale of a consumer product by a supplier to a

3    buyer which relates to the nature of the material or workmanship and

4    affirms or promises that such material or workmanship is ***defect free***

5    or will meet a ***specified level of performance over a specified period***

6    ***of time***, or

7    (B) any undertaking in writing in connection with the sale by a

8    supplier of a consumer product to ***refund, repair, replace or take***

9    ***other remedial action*** with respect to such product in the event that

10    such product fails to meet the specifications set forth in the

11    undertaking . . . .

12    15 U.S.C. § 2301(6) (emphasis added).  A written warranty therefore must be either

13    (1) a promise that a product is defect free, (2) a promise that the product will

14    perform at a specified level over a specified period, or (3) a promise to refund,

15    repair or replace a flawed product.  The labels on Wesson Oils are none of the three.

16    There is no representation about defects, no specified level of performance or

17    specified period of time, and no promise to refund, repair or replace.

18    Attempts to stretch "written warranty" beyond its statutory definition have

19    been rejected.  In *In re Sears, Roebuck & Co. Tools Mktg. and Sales Practices*

20    *Litig.,* 2006 WL 1443737 (N.D. Ill. May 17, 2006), plaintiffs asserted that the

21    phrase "Made in USA," which appeared in defendant's advertisements for tools,

22    constituted a written warranty.  The court made short shrift of the claim:

23    [Defendant] maintains that the phrase "Made in USA" does not

24    constitute a "written warranty" because it does not affirm or promise

25    that the material or workmanship is defect-free or will perform at a

26    specified level over a specified time.  We agree.  The phrase is a

27    product description that does not inform consumers that the tools are

28    defect-free or make any representation about performance at a

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
PALO ALTO

9

MOTION TO DISMISS CONSOLIDATED
AMENDED CLASS ACTION COMPLAINT;
Case No. 2:11-cv-05379-MMM (AGR)

specified level over a specified time.

*Id.* at *3-4.  Other courts have similarly rejected attempts to convert descriptions or names of products into written warranties under the statute.  *Semitekol v. Monaco Coach Corp.*, 582 F.Supp.2d 1009, 1027 (N.D. Ill. 2008) (promise to install "patriot style" mirrors in motor home is not a written warranty); *Kelley v. Microsoft Corp.*, 2007 WL 2600841, at *3-5 (W.D. Wash. Sept. 10, 2007) (statement that computer is "Windows Vista Capable" is not a written warranty); *Schreib v. The Walt Disney Co.*, 2006 WL 573008, at *4 (Ill. App. Feb. 1, 2006).

The Magnuson-Moss Act "imposes specific duties and liabilities on those who offer written warranties on consumer products." 16 C.F.R. § 700.3 (FTC regulation concerning application of the Magnuson-Moss Act).  It is consequently important for courts (and parties) to adhere precisely to the definition provided by Section 2301(6), in order to avoid imposing liability where none was intended.  By defining "written warranty" narrowly – more narrowly, for example, than does the Uniform Commercial Code – Congress aimed to prevent that result.  *See id.* (noting that a representation may be an "express warranty" under the UCC but not be a "written warranty" under the Magnuson-Moss Act).  Plaintiffs disregard the Act's definition of "written warranty"; in effect, they claim that any statement about a consumer product constitutes such a warranty.  The law is otherwise.[4]

There are other fatal problems with Plaintiffs' Magnuson-Moss claim.  Such claims are not cognizable in federal court "if the amount in controversy of any individual claim is less than the sum or value of $25." 15 U.S.C. § 2310(d)(3)(A).  Plaintiffs here fail to satisfy that condition.  They allege no amount in controversy

---

[4] Under certain circumstances, Magnuson-Moss permits plaintiffs to assert state-law claims for breach of express or implied warranty even in the absence of a federally-defined "written warranty." 15 U.S.C. §§ 2301(3), 2310(d).  But Plaintiffs here seek to proceed solely under the provisions that regulate written warranties.  This is not surprising. A state-law warranty claim, whether based on the Magnuson-Moss Act or directly on state law itself, could not be asserted by a nationwide class.  Consumers suing under state warranty law are limited to the laws of their own states of residence.  See page 13, footnote 7 and authority cited there.

Hogan Lovells US
LLP
Attorneys At Law
Palo Alto

10

MOTION TO DISMISS CONSOLIDATED
AMENDED CLASS ACTION COMPLAINT;
Case No. 2:11-cv-05379-MMM (AGR)

at all, although it is clearly their burden to do so.  Nor do Plaintiffs plead facts necessary to cross the *separate* $5 threshold that applies to claims based on purported violations of the statutory provisions governing written warranties.  15 U.S.C. § 2302(e).  These defects are dispositive and require dismissal.

### C.    Plaintiffs Fail To State A Claim Under Nebraska Law.

Count II, which is also alleged by all named plaintiffs on behalf of a nationwide class, is premised on Nebraska's Consumer Protection Act, Neb. Rev. Stat. §§ 59-1602 *et seq*.  This claim fails because the relevant statute provides a broad exemption for regulated industries and transactions:

> The Consumer Protection Act shall not apply to actions or transactions otherwise permitted, prohibited, or regulated under laws administered by the Director of Insurance, the Public Service Commission, the Federal Energy Regulatory Commission, or any other regulatory body or officer acting under statutory authority of this state or the United States.

Neb. Rev. Stat. § 59-1617(1).  Nebraska's exemption is importantly distinct from the federal preemption provisions of the Nutrition Labeling and Education Act (NLEA), which ConAgra discussed in its motion to dismiss the *Briseño* complaint.  The federal preemption provision precludes application of state law insofar as certain enumerated federal statutes and regulations address particular issues in food labeling.  21 U.S.C. § 343-1.  Nebraska's exemption is broader than federal preemption:  It applies to *all conduct that is regulated* by state or federal authorities, and not simply to specific aspects of food labeling practices.[5]

Nebraska's Supreme Court has consistently applied the statutory exemption to dismiss consumer protection claims challenging regulated transactions.  *E.g.,*

---

[5] Nebraska's exemption is also broader than the exemptions found in certain other states' consumer protection statutes.  Florida's exemption, for example, protects only conduct that is "specifically permitted" by law.  Fla. Stat. § 501.212.  By contrast, Nebraska law immunizes all *regulated* conduct.

*Wrede v. Exhange Bank of Gibbon*, 247 Neb. 907, 915-16 (1995) (exemption precluded claim by bank customer who challenged bank's right to offset customer's liability on loans against unrelated deposits; both the bank and the challenged transaction were regulated by a state agency); *Hydroflo Corp. v. First Nat'l Bank of Omaha*, 217 Neb. 20 (1984) (award of attorneys' fees under Consumer Protection Act was improper where challenged actions were by bank regulated by state banking agency); *Kuntzelman v. Avco Fin. Servs. of Nebraska*, 206 Neb. 130, 135-36 (1980) (claim against finance company exempted where the company and challenged transaction were regulated by state authorities).[6]

Like the businesses and activities in these cases, ConAgra and its conduct in labeling food products are heavily regulated. As the Court knows, the Food, Drug and Cosmetic Act, which was passed in 1938, empowers the FDA to ensure that foods are safe, wholesome and "properly labeled," and to issue regulations and undertake administrative proceedings to achieve that end. *Yumul v. Smart Balance, Inc.*, 2011 WL 1045555, at *6 (C.D. Cal. Mar. 14, 2011) (citing authorities). Among the statutory provisions the agency is tasked with implementing is one that prohibits the misleading labeling of food. 21 U.S.C. § 343(a). The NLEA, which was passed in 1990, expands the FDA's authority over food labeling in particular. On the basis of these statutes and decades of regulation and FDA enforcement, it is plain that the labeling and sale of food to consumers is tightly regulated by "a regulatory body . . . acting under statutory authority of this state or the United States." Neb. Rev. Stat. § 59-1617(1).

Applying the statutory exemption is, of course, an issue of Nebraska state law. Nebraska's legislature decided that businesses engaging in certain regulated

---

[6] In applying the exemption, the Nebraska Supreme Court has explained that it is not enough that a business is generally subject to government regulation; for example, the fact that a business must obtain a license from a state agency does not mean that it will necessarily fall within the exemption. But where the agency also regulates the business's interactions or transactions with consumers, the exemption applies. *Wrede*, 247 Neb. at 529; *Kuntzelman*, 206 Neb. at 135-36.

1  transactions should not be subject to private tort litigation under the state's

2  Consumer Protection Act.  Nebraska's Supreme Court has consistently adhered to

3  that legislative decision by rejecting attempts by private plaintiffs to impose the

4  added – and at least potentially conflicting – burden of consumer tort actions on

5  regulated industries.  This Court should apply Nebraska law as Nebraska's Supreme

6  Court would, and accordingly should dismiss Count II.[7]

7       Plaintiffs' second Nebraska claim, Count III, also fails as a matter of law.

8  This claim is based on Nebraska's Uniform Deceptive Trade Practices Act, Neb.

9  Rev. Stat. §§ 87-301 *et seq.* (UDTPA).  The UDTPA provides a private cause of

10 action only for injunctive relief, and only for persons "likely to be damaged by a

11 deceptive trade practice of another."  Neb. Rev. Stat. § 87-303(a).  Accordingly, to

12 state a claim under the statute, plaintiffs must plead that they are likely to be

13 damaged in the future, not that they have been damaged in the past.  *Reinbrecht v.*

14 *Walgreen Co.*, 16 Neb.App. 108, 113-14 (2007).  A consumer alleging that he or

15 she was deceived into buying or paying too much for a product does not state a

16 claim under this statute:  Because that consumer has filed a lawsuit alleging fraud,

17 he or she is obviously not likely to be deceived in the future.  Following this logic,

18 the *Reinbrecht* court affirmed summary judgment dismissing a class action brought

19 by a consumer who alleged that he had been deceived into paying more for postage

20 stamps at a drug store than he would paid at the Post Office.  The court explained

21 that plaintiff's claim failed because plaintiff "now knows the truth regarding the

22
23
24
25
26
27
28

[7] Even if the Consumer Protection Act claim were not deficient as a whole – and it is – the claim cannot be asserted by the 20 non-Nebraska plaintiffs.  California's choice of law rules apply to the state-law claims in this action.  Following those rules, the Ninth Circuit has held that consumer protection claims brought by residents of foreign states are governed by the laws of each consumer's state of residence. *Mazza v. American Honda Motor Co., Inc.*, 666 F.3d 581, 589-94 (9th Cir. 2012).  Thus, the only plaintiff who could even theoretically pursue a claim under Nebraska law is the one plaintiff who resides in Nebraska.  The claims of all other named plaintiffs are properly disposed of on a motion to dismiss. *See, e.g., Sears*, 2006 WL 1443737, at *2-3 (on Rule 12(b)(6) motion, dismissing consumer claims brought under Illinois law with respect to all plaintiffs except the one who resided in Illinois).  The same choice of law analysis applies to Plaintiffs' second Nebraska claim, Count III.

1   price of the postage stamps sold by [defendant]," and thus "cannot suffer future

2   damages as a result of [defendant's] alleged deceptive practices.…"  *Id.*; *see also*

3   *Azike v. E-Loan, Inc.,* 2009 WL 1664072, at*4 (D. Neb. June 11, 2009) (dismissing

4   UDTPA claim alleging deceptive lending practices where plaintiff did not plead

5   facts showing a likelihood of future damage).

6        These authorities foreclose any UDPTA claim by Plaintiffs.  Like the

7   consumer in *Reinbrecht*, Plaintiffs "now know the truth" allegedly concealed from

8   them:  They assert that Wesson Oils are made from bioengineered ingredients.

9   Plaintiffs are thus by definition not "likely to be damaged" by any future sales of

10  ConAgra's cooking oils.[8]

11      **D.**    **Counts IV Through VII Fail Under Fundamental Pleading**
12               **Principles.**

13       Unlike Counts I through III, Counts IV through VII are not based on any

14  single state's law or on a specific federal law.  Instead, each of the four counts is

15  asserted collectively by multiple named plaintiffs residing in 12 to 15 different

16  states, under a combination of the laws of all of those states.  This formulation is

17  neither practical nor proper as a pleading matter.

18       Plaintiffs appear to recognize that no single state's laws may be applied to

19  consumers residing in many different states.  *American Honda*, 666 F.3d at 589-94;

20  see note 7, above.[9]  But a composite multistate claim is not a permissible

21  workaround.  Plaintiffs may not bundle together disparate state laws within a single

22  claim.  As a substantive matter, no federal court can or should apply "Esperanto"-

---

23  [8] The UDTPA's restriction to future harm does not render the statute meaningless; it
    just renders it inapplicable to Plaintiffs' claims.  The statute is frequently used in
24  trademark-type disputes between businesses.  *E.g., Experian Mktg. Solutions, Inc.
    v. U.S. Data Corp.*, 2009 WL 2902957, at *11 (D. Neb. Sept. 9, 2009).
25  [9] Plaintiffs apparently believe that an exception to this rule exists for the laws of the
    state where a defendant corporation has its headquarters.  As noted, Plaintiffs' two
26  Nebraska claims are asserted by all 21 representatives, on behalf of a nationwide
    class.  Under *American Honda*, however, no such exception exists.  666 F.3d at
27  589-94 (California law could not be applied to the claims of non-California
    residents, notwithstanding that corporate defendant's headquarters were in
28  California).

type law – that is, law that amalgamates authorities from many different states but does not in itself "actually exist anywhere in the world." *In the Matter of Rhone-Poulenc Rorer, Inc.*, 51 F.3d 1293, 1300 (7th Cir. 1995) (application of composite law to negligence claims arising under the laws of different states would violate *Erie* principles*); Thompson v. Jiffy Lube Int'l, Inc*., 250 F.R.D. 607, 625-26 (D. Kans. 2008) (applying the same analysis to state consumer protection claims). Any claim in federal court must be based on a "cognizable legal theory." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011). No such theory supports a claim based on a mashup of different states' laws.

In addition, courts have held that plaintiffs invoking the laws of multiple states do not carry their pleading burden by simply setting out a list of states or statutes: "Merely listing another state's consumer fraud statutes is insufficient to state a claim." *Sony*, 758 F. Supp. 2d at 1096. Instead, plaintiffs must identify the elements of each claim and connect them to the facts alleged and the individuals asserting the claims. *In re Gen. Motors Corp. Anti-Lock Brake Prods. Liab. Litig.*, 966 F.Supp. 1525, 1536-37 (E.D. Mo. 1997), *aff'd*, 172 F.3d 623 (8th Cir. 1999); *Kalow & Springnut, LLP v. Commerce Corp.*, 2008 WL 2557506, at *7 (D.N.J. June 23, 2008). Plaintiffs do not even attempt to do that here.

Perhaps most significantly, Plaintiffs' composite counts, which simultaneously invoke the laws of multiple states, are impermissible because state law is *not* uniform with respect to consumer protection, warranty or unjust enrichment claims. *E.g., In re Bisphenol-A (BPA) Polycarbonate Plastic Prods. Liab. Litig.*, 276 F.R.D. 336, 340-42 (W.D. Mo. 2011) (recognizing discrepancies among states laws governing the same claims at issue in this litigation); *In re Gen. Motors Corp. Dex-Cool Prods. Liab. Litig.*, 241 F.R.D. 305, 313-22 (S.D. Ill. 2007) (same, regarding state warranty law). Plaintiffs' blithe assurance that there is "an absence of material differences in the statutes and common laws upon which the Class and State Subclasses members' claims are based," CAC ¶ 65, does not

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
PALO ALTO

15

MOTION TO DISMISS CONSOLIDATED
AMENDED CLASS ACTION COMPLAINT;
Case No. 2:11-cv-05379-MMM (AGR)

change the reality that the relevant laws differ in many ways.

Indeed, many of the state laws Plaintiffs invoke simply do not permit the claims Plaintiffs seek to assert in Counts IV through VII.  For example, in connection with consumer protection claims, several statutes require that consumers plead "ascertainable loss," which Plaintiffs have not done.  Many consumer protection statues have notice requirements, which Plaintiffs have largely ignored.  And many states require plaintiffs to plead and ultimately prove reliance; because their allegations are insufficiently specific, Plaintiffs have not done that either.

What is true of state consumer protection law is equally true of state claims for unjust enrichment and breach of warranty.  Some states require privity between plaintiff and defendant, which is obviously not present here:  Plaintiffs purchased Wesson Oils from retailers rather than directly from ConAgra.  Others require reliance, or notice, or both.  Others foreclose unjust enrichment claims where the parties' relationship is governed by contract, or where adequate legal remedies exist. *See infra* at 20-25.

Plaintiffs have nonetheless made a strategic choice to plead the claims of 21 representatives residing in 15 states in four "combination law" counts, rather than asserting what would have amounted to 54 separate claims.  Plaintiffs premise their unusual pleading structure on the assertion that the state laws on which they rely do not differ materially from one another.  CAC ¶ 65.  If that is true, then a requirement imposed by the laws of any one state should logically apply to the claim as a whole.  If the Court does not dismiss these omnibus counts based on their structural defects alone, then the Court should treat the counts as pled.  If Plaintiffs cannot satisfy the requirements of each of the states' laws they invoke for a particular claim – and we demonstrate below that they cannot – then that claim should be dismissed as a whole.[10]

---

[10] Courts frequently review differences among various states' laws in determining whether to certify a proposed class or subclass. The fact that differences exist often weighs against certification, as the variation among relevant states' laws cuts

Hogan Lovells US LLP
Attorneys At Law
Palo Alto

16

MOTION TO DISMISS CONSOLIDATED
AMENDED CLASS ACTION COMPLAINT;
Case No. 2:11-cv-05379-MMM (AGR)

**E.      Plaintiffs' Consumer Protection Claim, Count IV, Fails.**

**Ascertainable loss.**  Two of the states in Plaintiffs' subclass impose specific and demanding standards with respect to the elements of causation and harm. Under the laws of New Jersey and Oregon, plaintiffs may assert consumer protection claims only if they can plead "ascertainable loss." N.J. Stat. Ann. 56:8-19; Or. Rev. Stat. 646.638(1).  Critically, this requirement cannot be satisfied by a plaintiff who alleges that she paid too much for a product but pleads no *facts* supporting that claim.  This was made clear in a recent New Jersey food labeling case in which plaintiffs asserted that they had paid a premium for chicken based on a label claim ("humanely raised"), but failed to include any facts substantiating that conclusion.

> In the Amended Complaint, while Plaintiffs allege that they would not have purchased the chicken products if they had known that Perdue inhumanely raised and slaughtered its chickens, they do not set out the difference in value between the promised product (humanely treated chicken products) and the actual product received (inhumanely treated chicken products).  Nor have Plaintiffs alleged the price of competing chicken products, as a means of pleading the difference in value.  They allege only that they paid a "premium" for Perdue's products "when, in fact, they were not and are not treated differently from Perdue's other chickens . . . ."

*Hemy v. Perdue Farms, Inc.*, 2011 WL 6002463, at *18 (D.N.J. Nov. 30, 2011). Based on the absence of any allegations comparing the price of the challenged

---

against manageability of the case and complicates plaintiffs' efforts to show that common issues predominate.  ConAgra has a different point in analyzing the elements of Plaintiffs' state law claims in this motion to dismiss.  Our argument is not that the class or subclasses are uncertifiable (although that may well be the case), but simply that Plaintiffs' claims fail as a pleading matter, both with respect to the laws of the particular states identified below and with respect to Counts IV to VII in their totality. The Court need not wait until class certification to reach this issue.

Hogan Lovells US LLP
Attorneys At Law
Palo Alto

17

MOTION TO DISMISS CONSOLIDATED
AMENDED CLASS ACTION COMPLAINT;
Case No. 2:11-cv-05379-MMM (AGR)

1   products to the price of any similar products, the court found that the consumer

2   protection claim was pled in an impermissibly conclusory manner.  *Id.*

3        Precisely the same result should follow here, under the "ascertainable loss"

4   requirements in the New Jersey and the Oregon statutes.  The premise of Plaintiffs'

5   claim is that they paid a premium for a natural product.  CAC ¶ 107.  But that

6   premise is not supported by the facts alleged.  Plaintiffs plead nothing to suggest

7   what the value was, to them or anybody else, of oils made from plants developed

8   through breeding methods other than bioengineering.  Because Count IV is based

9   on the consumer protection laws of New Jersey and Oregon and Plaintiffs cannot

10  satisfy the requirements of those laws, the count should be dismissed.

11       **Reliance.**  Reliance is a required element of a consumer protection claim

12  under the laws of at least five of plaintiffs' 14 consumer protection states –

13  California, Oregon, South Dakota, Texas, and Wyoming.[11]  Plaintiffs, indeed,

14  appear to accept the burden of establishing reliance with respect to their consumer

15  protection subclass in its entirety.  They allege that they "would not have purchased

16  the Wesson Oils at the prices they paid, or would not have purchased such products

17  at all, had they known the truth."  CAC ¶ 107.  But Plaintiffs' allegations are

18  inadequate:  Plaintiffs do not allege how they were deceived, what they believed the

19  challenged statement meant or why it mattered to them – all of which they are

20  required to do.  See pages 5-8, above, and authorities cited there.  For this reason

21  too, the Court should dismiss Count IV in its entirety.

22       **Notice.**  The consumer protection statutes of California, Massachusetts,

23  Texas and Wyoming prohibit plaintiffs from initiating an action in court until after

24  _____

25  [11] *Durell v. Sharp Healthcare*, 183 Cal.App. 1350, 1363-64 (2010) (reliance required for UCL action based on a claim of misrepresentation); *Buckland v. Threshold Enterprises, Ltd.*, 155 Cal.App.4th 798, 811 (2007) (reliance required for a CLRA claim sounding in fraud); *Feitler v. Animation Celection, Inc.*, 170 Or. App. 702, 708 (2000) (reliance required when affirmative misrepresentation is alleged); *Rainbow Play Sys., Inc. v. Backyard Adventure, Inc.*, 2009 WL 3150984, at *7 (D.S.D. Sept. 28, 2009); *Daugherty v. Jacobs*, 187 S.W.3d 607, 615 (Tex. App. 2006); Wyo. Stat. Ann. § 40-12-108(a).

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
PALO ALTO

18

MOTION TO DISMISS CONSOLIDATED
AMENDED CLASS ACTION COMPLAINT;
Case No. 2:11-cv-05379-MMM (AGR)

1     they have provided defendant with notice of their intention to do so.[12]  Plaintiffs

2     state in conclusory fashion that they have provided the required notices "to the

3     extent required," but do not specify how they have done so, or with respect to

4     which states, plaintiffs or claims.  CAC ¶ 101.[13]  This is insufficient under

5     controlling pleading standards.  *Iqbal*, 129 S.Ct. at 1950 (legal conclusions are not

6     entitled to any presumption of truthfulness); *Bell Atlantic Corp. v. Twombly*, 550

7     U.S. 544, 555 (2007) ("a formulaic recitation of the elements of a cause of action

8     will not do").  In New Jersey, Oregon and Washington, plaintiffs must provide the

9     state Attorney General with notice of their claim at the time they file suit.[14]  There

10    is no indication that Plaintiffs have complied with these states' laws either

11        Plaintiffs' failure to do so is significant.  Having elected to proceed under the

12    laws of 13 additional states, and to represent the millions of consumer who reside

13    there, Plaintiffs must comply with the procedural requirements these states impose.

14    The notice requirements exist for sound policy reasons – that is, ensuring that

15    plaintiffs do not rush into court without first airing their complaints to the parties

16    whose conduct they challenge, and providing a way in which state regulatory

17    authorities may keep abreast of private consumer litigation.  A class action should

18    not be used as a way to flout those policies.

19        **Limitations.**  Plaintiffs challenge all sales of Wesson Oils in a four-year

20    period.  CAC ¶ 1.  But some of the state laws they invoke impose shorter

21    limitations period for consumer protection claims.  Ohio's period is two years; New

22    York's is three years.[15]  Plaintiffs' claim should be dismissed to the extent it is

---

[12] Cal. Civ. Code § 1782(a)(1); Mass. Gen Laws ch. 93A, § 9(3); Tex. Bus. & Com. Code § 17.505; Wyo. Stat. Ann. § 40-12-108, 40-12-102(a)(ix).

[13] For the Court's reference, ConAgra attaches the sum total of notices it has received from Plaintiffs as Exhibits A-D to its Request for Judicial Notice.  The Court may take notice of these documents because they are referred to in the complaint.  *In re Silicon Graphics, Inc., Sec. Litig.,* 183 F.3d 970, 986 (9th Cir. 1999).

[14] N.J. Stat. Ann. § 56:8-20; Or. Rev. Stat. § 646.638(2); RCW 19.86.095.

[15] Ohio Rev. Code 1345.10(C); *Cypher v. Bill Swad Leasing Co*., 36 Ohio App.3d 200, 202-03 (1987); McKinney's CPLR § 214.

based on sales falling outside the shortest period imposed by the laws they invoke.

**F.    Count V Does Not Plead An Implied Warranty Claim Under The Laws Of Various States.**

**Privity.**  Plaintiffs acknowledge that the implied warranty laws of some states require privity between plaintiff and defendant.  CAC ¶ 56.  They also maintain, however, that each of the thirteen states in their "Breach of Implied Warranty States Subclass" is in fact a "non-privity state."  *Id.*  Plaintiffs are wrong. Privity is required by the laws of at least four of the thirteen states:  New York, Ohio, Oregon and Washington.[16]  While an exception has at times been recognized in certain states for cases involving sales of "foodstuffs," that exception does not apply here.  The exception is based on the public policy in favor of protecting health, and it applies in cases where consumers have bought contaminated food or have suffered physical injuries from eating it – not where plaintiffs allege only that a food product did not conform to certain expectations about ingredients formed on the basis of a label.[17]  Plaintiffs' implied warranty count should be dismissed because Plaintiffs have not pled and cannot plead privity.

**Merchantability.**  Plaintiffs assert that because Wesson Oils contain bioengineered ingredients, ConAgra has breached the implied warranty of merchantability.  CAC ¶ 122.  In several states, the definition of "merchantable" forecloses any such claim.  For example, a federal court applying New Jersey law

---

[16] *Jesmer v. Retail Magic, Inc.*, 863 N.Y.S.2d 737, 746-47 (App. Div. 2008); *McKinney v. Bayer Corp.*, 744 F.Supp.2d 733, 758 (N.D. Ohio 2010); *Dravo Equip. Co. v. German*, 73 Or.App. 165, 169 (1985); *Tex Enterprises, Inc. v. Brockway Standard, Inc.*, 149 Wn.2d 204, 209-14 (2003).

[17] *See, e.g., Johansson v. Central Garden & Pet Co.*, 804 F.Supp.2d 257, 264-65 (D.N.J. 2011) (exception to privity requirement is limited to cases where plaintiffs ingested and were injured by defective food products) (applying California law); *Doyle v. The Pillsbury Co.*, 476 So.2d 1271, 1271-72 (Fla. 1985) ("Claims for injuries caused by foreign objects in food or drink led to the adoption of liability predicated on an implied warranty of fitness without regard to privity where a consumer suffers injury from unwholesome food"); *Tiffin v. Great Atlantic & Pacific Tea Co.*, 18 Ill.2d 48, 56 (1959) ("By furnishing food to the general public, the manufacturer and retailer both impliedly warrant that the product is fit for human consumption").

recently described the meaning of "merchantable" in this way:

> "Merchantability" requires that a product conform to its ordinary and intended use.  In order for the implied warranty of merchantability to be breached, the product at issue must have been defective or not fit for the ordinary purpose for which it was intended.  The implied warranty of merchantability does not impose a general requirement that goods precisely fulfill the expectation of the buyer.  Instead, it provides for a minimum level of quality.  Indeed, the warranty of merchantability simply means that the thing sold is reasonably fit for the general purpose for which it is manufactured and sold.

*Lieberson v. Johnson & Johnson Consumer Cos., Inc.*, -- F.Supp.2d --, 2011 WL 4414214, at *8 (D.N.J. Sept. 21, 2011) (internal quotation marks, citations and emphases omitted).  At least three other states impose a similar standard – Ohio, Texas and Washington.[18]  Plaintiffs do not and cannot allege that Wesson Oils are unfit for the general purposes for which they are intended – frying, baking, cooking, making salad dressings.

**Limitations.**   Again, Plaintiffs seek to reach all sales within a four-year period.  But some states impose shorter limitations periods for both implied and express warranty claims; Colorado's is three years.  Colo. Rev. Stat. § 4-2-725(2).

### G.    Count VI Does Not Plead An Express Warranty Claim Under The Laws of Various States.

---

[18] *E.g., Price Bros. v. Philadelphia Gear Corp.*, 649 F.2d 416, 424 (6th Cir. 1981) (under Ohio law, implied warranty of merchantability is breached "when goods are not of an acceptable quality when compared to that generally acceptable in the trade for goods of the kind"); *General Motors Corp. v. Brewer*, 966 S.W.2d 56, 57 (Tex. 1998) (goods are unmerchantable only when they are "unfit for the ordinary purposes for which they are used because of a lack of something necessary for adequacy"); *Tallmadge v. Aurora Chrysler Plymouth*, Inc., 25 Wn.App. 90, 94 (1979) ("merchantable" is not synonymous with "perfect").

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
PALO ALTO

21

MOTION TO DISMISS CONSOLIDATED
AMENDED CLASS ACTION COMPLAINT;
Case No. 2:11-cv-05379-MMM (AGR)

1   **Notice.**  As with consumer protection claims, the laws of various states

2   require dissatisfied consumers to air their complaints with the manufacturers of

3   products before initiating an action for breach of warranty.  The policy is familiar:

4   The UCC, which is the source of the warranty statutes adopted by many states,

5   "indicates a preference that the breach be cured without a lawsuit."  *Connick v.*

6   *Suzuki Motor Co., Ltd.*, 675 N.E.2d 584, 591 (Ill. 1996).  The warranty laws of at

7   least five states Plaintiffs' twelve-state express warranty subclass impose pre-filing

8   notice requirements:  Indiana, Oregon, South Dakota, Washington and Wyoming.[19]

9   Failure to comply with such requirements is grounds for dismissal under Rule

10   12(b)(6).  *Ganahl v. Stryker Corp.*, 2011 WL 693331, at *4 (S.D. Ind. Feb. 15,

11   2011) (dismissing express and implied warranty claims under Indiana law).

12   In acknowledgement of this requirement, Plaintiffs allege that "within a

13   reasonable time" after learning of purported breaches of warranty, they "placed

14   ConAgra on notice thereof."  CAC ¶ 118.  But again, Plaintiffs do not state how

15   they have done so, nor specified the states, claims or representatives with respect to

16   whom they believe they have provided the required notice.  Significantly, notice by

17   *each* plaintiff is required; sellers of goods are entitled to notice that each consumer

18   believes that the condition of the goods purchased constitutes a breach.  *In re*

19   *Bausch & Lomb Inc. Contact Lens Solution Prods. Liab. Litig.*, 2008 WL 2308759,

20   at *5 (D.S.C. Apr. 9, 2008); *see also Connick*, 174 Ill. 2d at 494 (notice requirement

21   is satisfied "only where the manufacturer is somehow apprised of the trouble with a

22   *particular product purchased by a particular buyer*") (emphasis added).  Because

23   Plaintiffs have not alleged that they provided such notice, the claim should be

24   dismissed.[20]

---

[19] Ind. Code § 26-1-2-607; Or. Rev. Stat. § 72.6070(3); S.D. Cod. Laws § 57A-2-607;  RCW 62A.2-607; Wyo. Stat. Ann. §34.1-2-607.  Each statute employs the language of the UCC:  "The buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of breach or be barred from any remedy."

[20] The notice requirement, significantly, applies to implied warranty claims as well

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
PALO ALTO

22

MOTION TO DISMISS CONSOLIDATED
AMENDED CLASS ACTION COMPLAINT;
Case No. 2:11-cv-05379-MMM (AGR)

**Reliance.**  Reliance is an element of express warranty claims in at least seven states within Plaintiffs' subclass: California, Nebraska, Oregon, South Dakota, Texas, Washington and Wyoming.[21]  Plaintiffs again appear to acknowledge that they must plead and prove reliance.  CAC ¶ 113.  But again, Plaintiffs' allegations of reliance are insufficient.  *Supra* at 5-8.  On this basis too, Plaintiffs' express warranty claim should be dismissed.

### H.  Plaintiffs' Unjust Enrichment Claim Fails Under The Laws of Various States.

**No Cause of Action.**  As an initial matter, unjust enrichment is not a cause of action under the laws of several of the states Plaintiffs invoke – California, Texas, Illinois.[22]  Along similar lines, courts have held that unjust enrichment claims cannot stand where they merely duplicate other claims.[23]

**Incompatibility with Plaintiffs' allegations generally.**  A claim for unjust enrichment is a quasi-contract claim; it is based on a plaintiff's legitimate

---

as to express warranty claims:  It extends to "any breach" of warranty a consumer believes he or she has discovered in a product.  *Allen v. G.D. Searle & Co.*, 708 F.Supp. 1142, 1160 (D. Or. 1989) (notice required for express and implied warranty claims).  Plaintiffs' failure to comply with this requirement is thus a basis for dismissing their implied warranty claim as well as their express warranty claim.

[21] *Baltazar v. Apple, Inc.*, 2011 WL 588209, at * 2 (N.D. Cal. Feb. 10, 2011); *Hillcrest Country Club v. N.D. Judds Co.*, 236 Neb. 233, 241 (1990); *Newman v. Tualatin Dev. Co., Inc.*, 287 Or. 47, 54 (1979); *Schmaltz v. Nissen*, 431 N.W.2d 657, 660 (S.D. 1988) (warranty term must have been part of the basis of the parties' bargain); *American Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 436 (Tex. 1997) (basis of the bargain); *Reece v. Good Samaritan Hosp.*, 90 Wn.App. 574, 585 (1998); *Tribe v. Peterson*, 964 P.2d 1238, 1241 (Wyo. 1998).

[22] *See, e.g., Fraley v. Facebook, Inc.*, 2011 WL 6303898, at *23 (N.D. Cal. Dec. 16, 2011) ("Unjust enrichment is not a cause of action, just a restitution claim"); *Show Services, LLC v. Amber Trading Co. LLC*, 2010 WL 4392544, at *2 (N.D. Tex. Oct. 29, 2010) ("Unjust enrichment is not an independent cause of action under Texas law") (citing sources); *Allstate Ins. Co. v. Morgan Guar. Trust Co. of New York*, 1994 WL 48585, at *4 (N.D. Ill. Feb. 16, 1994) ("unjust enrichment is not a cognizable separate cause of action under Illinois law").

[23] *See, e.g., In re Apple and AT & T iPad Unlimited Data Plan Litig.*, 802 F.Supp.2d 1070 (N.D. Cal. 2011) (dismissing "duplicative" unjust enrichment claim with prejudice, citing, *inter alia, Crigger v. Fahnestock & Co., Inc.*, 2003 WL 22170607, at *12 (S.D.N.Y. Sept. 8, 2003)); *Meeco Mfg. Co., Inc. v. True Value Co.*, 2007 WL 1051259, at *3 (W.D. Wash. April 4, 2007); *Fox v. F & J Gattozzi Corp.*, 41 Mass.App.Ct. 581, 589 (1996).

expectation of remuneration from defendant.  Accordingly, where plaintiff cannot identify such an expectation and merely believes that she was wronged, she may have a tort claim but she has no claim for unjust enrichment. [24]

By the same token, if an *actual* contract governs the parties' relationship, no unjust enrichment claim will lie either.  *Paracor Fin.*, *Inc. v. G.E. Capital Corp.*, 96 F.3d 1151, 1167 (9th Cir. 1996).[25]  Plaintiffs here *do* allege that they have a contract; that is the premise of their express warranty claim.  That alleged contract is inconsistent with relief on a quasi-contract theory.  *Gerlinger v. Amazon.com*, 311 F.Supp.2d 838, 856 (N.D. Cal. 2004).  More broadly, courts have held that whether or not the parties have a contract, a plaintiff may not assert an unjust enrichment claim if she has an adequate remedy at law.[26]  Plaintiffs have not pled they lack an adequate remedy at law, but have repeatedly asserted that they are entitled to legal remedies.  This mandates dismissal.  *See, e.g.*, *Diacakis v. Comcast Corp.*, 2012 WL 43649, at *6 (N.D. Cal. Jan. 9, 2012) (dismissing unjust enrichment claim with prejudice where plaintiffs sought restitution under consumer protection statutes).

**Privity.**  Finally, in at least two states, New Jersey and Ohio, privity is an element of an unjust enrichment claim. [27]  Plaintiffs obviously cannot plead privity, and their claim fails on this basis as well.

---

[24] *Mason v. Coca-Cola Co.*, 2010 WL 2674445, at *7 (D.N.J. June 30, 2010); *Wiatt v. Winston & Strawn, LLP*, 2011 WL 2559567, at *14 (D.N.J. June 27, 2011)

[25] *See also California Med. Ass'n, Inc. v. Aetna U.S. Healthcare of Cal., Inc.*, 94 Cal.App.4th 151, 172 (2001); *Clark-Fitzpatrick, Inc. v. Long Island R.R. Co.*, 70 N.Y.2d 382, 388 (1987); *Crete v. Resort Condos. Int'l, LLC*, 2011 WL 666039, at *7 (D.N.J. Feb. 14, 2011).

[26] *State of Indiana ex rel. Zoeller v. Pastrick*, 696 F.Supp.2d 970, 981 n.7 (N.D. Ind. 2010); *Robert E. Ricciardelli Carpet Serv. Inc. v. Home Depot USA, Inc.*, 679 F.Supp.2d 193, 201-11 (D. Mass. 2010); *Samiento v. World Yacht Inc.*, 10 N.Y.3d 70, 81 (N.Y. 2008); *Texas Carpenters Health Benefit Fund, IBEW-NECA v. Philip Morris, Inc.*, 21 F.Supp.2d 664, 678 (E.D. Tex. 1998).

[27] *Cooper v. Samsung Elecs. Am. Inc.*, 2008 WL 4513924, at *10 (D.N.J. Sept. 30, 2008 (consumer may not pursue unjust enrichment claim against manufacturer where he purchased product from a retailer); *Johnson v. Microsoft Corp.*, 106 Ohio St.3d 278, 286 (Ohio 2005) (same).

1

## IV. CONCLUSION

Each of Plaintiffs' four combination counts is defective under the laws of multiple states.  Because Plaintiffs have elected to bring these claims under an agglomeration of many states' laws, the Court should dismiss Counts IV through VII.  As to Counts I through III, these claims fail under federal law and Nebraska law respectively.  The Court should therefore dismiss the CAC in its entirety.

Dated:    February 24, 2012                    HOGAN LOVELLS US LLP


                                               By: /s/ Robert B. Hawk
                                                   Robert B. Hawk
                                                   Attorneys for Defendant
                                                   CONAGRA FOODS, INC.

HOGAN LOVELLS US
LLP
ATTORNEYS AT LAW
PALO ALTO

25

MOTION TO DISMISS CONSOLIDATED
AMENDED CLASS ACTION COMPLAINT;
Case No. 2:11-cv-05379-MMM (AGR)