**MILBERG LLP**
DAVID E. AZAR (SBN 218319)
dazar@milberg.com
NICOLE DUCKETT FRICKE
ndfricke@milberg.com
One California Plaza
300 South Grand Avenue, Suite 3900
Los Angeles, California 90071
Telephone: (213) 617-1200
Facsimile: (213) 617-1975

**GRANT & EISENHOFER, P.A.**
ADAM J. LEVITT (pro hac vice)
alevitt@gelaw.com
30 North LaSalle Street, Suite 1200
Chicago, Illinois 60602
Telephone: (312) 214-0000
Facsimile: (312) 214-0001

*Interim Class Counsel for PLAINTIFFS*

**HOGAN LOVELLS US LLP**
ROBERT B. HAWK (Bar No. 118054)
robert.hawk@hoganlovells.com
525 University Avenue, 4th Floor
Palo Alto, California 94301
Telephone: (650) 463-4000
Facsimile: (650) 463-4199

*Attorneys for Defendant CONAGRA FOODS, INC.*

[Additional Counsel on Signature Page]

NOTE CHANGES MADE BY THE COURT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

NOTE CHANGES MADE BY THE COURT

| | |
|---|---|
| IN RE CONAGRA FOODS, INC. | Case No. CV 11-05379-MMM (AGRx)<br>MDL NO. 2291<br><br>**STIPULATION AND [PROPOSED]**<br>**PROTECTIVE ORDER**<br><br>Honorable Margaret M. Morrow, United States District Judge<br><br>Honorable Alicia G. Rosenberg, United States Magistrate Judge |

NOTE CHANGES MADE BY THE COURT

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

IT IS STIPULATED, AGREED, AND JOINTLY REQUESTED by Plaintiffs ("Plaintiffs") and Defendant ConAgra Foods, Inc. ("Defendant") (collectively, the "Parties"), by and through their respective counsel, that a protective order should be entered according to the following terms and provisions ("Protective Order") pursuant to Federal Rule of Civil Procedure 26(c):

## GOOD CAUSE STATEMENT

The prosecution and defense of these actions may require the discovery or disclosure of documents, information or other material claimed by one or more of the Parties or third parties to be non-public personal financial or other confidential information, information protected from disclosure by the privacy rights that attach to trade secrets, and/or information otherwise properly regarded by one or more of the Parties as private, sensitive, proprietary, financial, and/or confidential for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. This action may also involve other valuable research, development, commercial, and/or technical information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is also warranted.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is useful and justified in this matter. It is the intent of the Parties and the Court that information will not be designated as confidential for tactical reasons in this case and that nothing be so designated without a good faith belief that there is good cause why it should not be part of the public record of this case. Further, the scope and effect of this Protective Order is governed by the Local Rules and this Court's Standing Order and

procedures, and thus does not govern court proceedings in the trial in any of the Actions. This Protective Order is thus entered into for good cause shown.

### DEFINITIONS

1. "Matter" means the matters consolidated under the caption *In re: ConAgra Foods, Inc.*, currently pending in the Central District of California, Case No. 11-cv-05379-MMM (AGRx).

2. "Confidential Information" means information (a) which is produced to a Party to the Matter pursuant to any discovery method allowed under statute, rule, or case law; and (b) which is designated and marked as CONFIDENTIAL pursuant to Paragraphs 4 and 5 below. Confidential Information shall not include any information:

    (a) which is publicly available;

    (b) which is already in the possession of the Receiving Party (as defined below), provided that the source of the information was not bound by a contractual, legal, or fiduciary obligation of confidentiality; or

    (c) which the Receiving Party obtains from a source other than the Designating Party or Producing Party (as defined below), provided that the source of the information was not bound by a contractual, legal, or fiduciary obligation of confidentiality.

3. "Qualified Person" means anyone who agrees to be bound by the terms of this Protective Order and who also falls into one of the following categories:

    (a) Attorney of record for the Parties, or a member, associate, paralegal or employee of the firm where such attorney practices, or an employee of an independent photocopying or litigation support service utilized by such attorney in the Matter;

    (b) In-house counsel or designated legal personnel for the Parties;

   (c) Any other personnel working in the employment of the Parties or their attorneys of record in the Matter, to the extent disclosure is reasonably necessary in connection with the litigation or settlement of this Matter;



   (d) Any person indicated on the face of the document as having written or received such document during the course of his or her employment or consultancy, or a custodian or other person who otherwise possessed or knew the information;



   (e) Outside consultants, technical advisors, and expert witnesses (whether designated as trial witnesses or not), and together with their respective assistants and clerical staff, who are actively engaged in assisting the counsel described in Subparagraphs (a) and (b) in this Action, provided: (1) they are not currently employed by, or performing non-litigation consulting for, any manufacturer of any branded or private label cooking oil, where their employment

- 3 -

AGR

or consulting duties relate [the sales, marketing or formulation of] to cooking oils;[1] and (2) they have first been supplied with and have read a copy of this Protective Order and have executed an undertaking in the form attached as Exhibit 1 hereto;

**Plaintiffs' Proposal:**

(f) During their depositions, witnesses in the action to whom disclosure is reasonably necessary, provided (1) the Deposing Party requests that the witness sign the form attached as Exhibit 1 hereto; and (2) they will not be permitted to keep any Confidential information unless they sign an undertaking in the form attached as Exhibit 1 hereto, or otherwise agreed by the Designating Party or ordered by the court.

~~[struck text]~~

(g) Stenograph reporter involved in any deposition, hearing, trial or other proceeding in this Matter

(h) Officers of this Court and their supporting personnel or officers of any appellate court to which any appeal may be taken or in which review is sought;

~~[struck text]~~

(i) Mock trial participants provided they have executed an undertaking in the form attached as Exhibit 1 hereto, and are not permitted to retain any Confidential materials.

---

[1] The Receiving Party may seek the Designating Party's consent to disclose Confidential information to an outside consultant, technical advisor, or expert witness who does not satisfy the requirements of section 3(e)(1) ~~[struck]~~ Designating Party will not unreasonably withhold consent. If the parties cannot resolve their dispute informally, the Requesting Party may seek relief from the court.

AGR

-4-

(i) or (j)  Any mediator(s) or settlement officer(s) mutually agreed upon by the Parties and their supporting personnel.

**AGREEMENT**

4. A Party may designate as "Confidential" (the "Designating Party") those materials, whether in written, oral, electronic, graphic, audiovisual or any other form, which that Designating Party in good faith believes contains information entitled to confidential treatment under applicable law, including Fed. R. Civ. P. 26 and case law interpreting same.

5. Any party who produces Confidential Information (the "Producing Party") must mark materials produced or exchanged during discovery that are designated as "Confidential" by the Designating Party, by legibly marking the legend "CONFIDENTIAL" on each page of materials designated as Confidential and by marking the legend "CONFIDENTIAL" on non-paginated physical media (such as discs or drives) and by such other methods as agreed between the Parties as to electronic non-paginated material. By agreeing to this Protective Order, no party waives the right to challenge any other party's designation of any document as "Confidential."

<u>For testimony given in deposition</u>, the Party or non-party offering or sponsoring the testimony, or its Counsel, shall identify on the record, before the close of the deposition, all protected testimony, and further specify any portions of the testimony that qualify as "Confidential." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought. Portions of

- 5 -

the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Protective Order.

6. Confidential Information shall be used by a Party who receives the information (the "Receiving Party") solely for the purposes of this Matter, including discovery, pleadings, motions, briefs, potential settlement, and preparation for the trial or hearing in this Matter and on appeal, if any, and for no other purpose.

7. Confidential Information may be disclosed only to a Qualified Person unless otherwise expressly provided in this Protective Order, or otherwise agreed to in writing between the Designating Party and the Party wishing to disclose the Confidential Information.

8. Confidential Information may be disclosed to a Qualified Person if, in the good faith judgment of the disclosing person, the person receiving the Confidential Information has a reasonable need to access such information for the purpose of assisting any attorney of record in the Matter.

9. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Receiving Party may not file in the public record in this action any Confidential Information. All transcripts, depositions, exhibits, and other documents and things filed or received with the Court containing Confidential Information, or any pleading purporting to reproduce or paraphrase such information, shall be filed in compliance with Civil Local Rules 5.2 and 79-5, in sealed envelopes or other appropriate sealed containers on which shall be endorsed the caption of the Matter, with a description of the contents of such sealed envelope or container, and the legend "Confidential." Any party submitting any Confidential Information to the Court shall request that the Court maintain such Confidential Information under seal; provided, however, that the Designating Party shall bear the burden of defending such designation if challenged. If a request to file Confidential Information under seal is denied by the Court, then the Receiving Party

may file the information in the public record unless otherwise instructed by the Court.

10. Any person making, or causing to be made, copies of any Confidential Information shall make certain that each copy bears the legend "Confidential" on each page or on the non-paginated physical media (such as discs or drives) or by such other methods as agreed between the Parties as to electronic non-paginated material.

11. Each Party shall, at the election of the Receiving Party, destroy or return to the Producing Party all Confidential Information, including any copies thereof, and shall confirm in writing that all the Confidential Information, including copies thereof in the Receiving Party's possession, custody, or control, has been returned or destroyed within thirty (30) days after the case being resolved by final judgment, appeal, settlement, some combination thereof, or otherwise. However, the attorney of record and in-house counsel for the Parties (including the firm where such attorney practices) may retain Confidential Information contained within the attorney's business records relating to this Matter, provided the Confidential Information is maintained in a confidential manner.

12. Neither of the Parties, no Qualified Person, nor any other entity (other than the Designating Party or the attorneys identified in Paragraph 11 above), shall retain copies of the Confidential Information, including any copies thereof, or referenced thereto, after the time specified in Paragraph 11 herein or as otherwise provided by paragraph 11. Any exceptions to this Paragraph shall be in writing by a duly authorized representative of the Designating Party.

13. The inadvertent or unintentional disclosure by the Producing Party of Confidential Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a Designating Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto on the same or related

subject matter. Any such inadvertently or unintentionally disclosed Confidential Information not designated as such pursuant to Paragraph 4 and 5 shall be so designated by giving written notice to all Parties as soon as reasonably possible after the Producing Party becomes aware of the inadvertent or unintentional disclosures. Upon such notice, and upon receipt of substitute copies bearing the appropriate confidentiality legend, the Receiving Party shall destroy or return said documents and things and not retain copies thereof, and shall thereafter treat information contained in said documents and any summaries and notes thereof as Confidential Information.

14.  Any Party or non-party (the "Challenging Party") may challenge a designation of confidentiality at any time. In the event that any Party objects to the designation of any document or information as Confidential Information, the Challenging Party shall provide written notice of the objection to the Designating Party, specifying that the challenge is being made in accordance with this specific paragraph of the Protective Order and identifying the grounds for the objection as to each portion of the materials that are the subject of the objection. The Designating Party will have ten business days to respond in writing. The Parties shall confer directly (in voice-to-voice dialogue) in good faith in an effort to resolve the objection within ten days of the Designating Party's written response pursuant to the procedure set forth in Local Rule 37-1. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. If the dispute cannot be resolved, the Parties shall next follow the procedures set forth in Local Rule 37-2 for preparing the Joint Stipulation. With respect to timing of those procedures and without modifying Local Rule 37-2, the Designating Party shall personally deliver, e-mail or fax its portion of the Joint Stipulation to counsel for the Challenging Party within seven days of the conclusion

of the above meet and confer. The Challenging Party then has seven days from receipt to personally deliver, e-mail or fax its portion of the Joint Stipulation to the Designating Party. The Designating Party shall then serve the complete Joint Stipulation to the Challenging Party for signature no later than the end of the next business day after receipt of the Challenging Party's portion. The Challenging Party has one business day to sign the Joint Stipulation, and the Designating Party must file the executed Joint Stipulation within two business days after receipt. The Designating Party shall have the burden of proof on any such motion to establish the propriety of its confidentiality designation. If the Parties want to file the Joint Stipulation required by the Local Rule 37 under seal, the parties may file a stipulation to that effect or the party seeking to file the Joint Stipulation under seal may file an ex parte application making the appropriate request. The Parties must set forth good cause in the stipulation or ex parte application as to why the Joint Stipulation or portions thereof should be filed under seal. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Similarly, frivolous designations, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions. Until resolution by the court of any dispute regarding a confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

15. If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "Confidential," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

1       (b)    promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Confidential Information may be affected.

**Plaintiffs' Proposal:**

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce ~~any~~ *a witness to testify to* information designated in this action as "Confidential" before <u>the due date</u>, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

[lines 15–23 redacted]

*AGR*

16.    The terms of this Protective Order are applicable to information produced by a non-party in this action and designated *by the non-party* as "Confidential." Such information produced by non-parties in connection with this litigation is protected by the remedies and relief provided by this Protective Order. Nothing in these provisions should be construed as prohibiting a non-party from seeking additional

protections. In the event that a Party is required, by a valid discovery request, to produce a non-party's Confidential Information in its possession, custody, or control, and the Party is subject to an agreement with the non-party not to produce the non-party's confidential information, then the Party shall:

(a) promptly notify in writing the requesting Party and the non-party that some or all of the information requested is subject to a confidentiality agreement with a non-party;

(b) promptly provide the non-party with a copy of the Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested that the party believes is confidential; and

(c) make the information requested available for inspection by the non-party.

If the non-party fails to seek a protective order from the appropriate court within 14 days of receiving the notice and accompanying information, the Party may produce the non-party's confidential information responsive to the discovery request. If the non-party timely seeks a protective order, the Party shall not produce a witness to testify to any information in its possession or control before the due date of the request.[2] Absent a court order to the contrary, the non-party shall bear the burden and expense of seeking protection of its Confidential Information.



- 11 -
STIPULATION AND [PROPOSED] PROTECTIVE ORDER
CASE NO. CV 11-05379-MMM (AGRx)

1
2
3

4   17.   If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Confidential Information, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order, and (d) request such person or persons to execute the attached Exhibit 1.

18.   The Parties shall meet and confer no later than thirty (30) days prior to the trial date to determine appropriate procedures to propose to the Court for handling Confidential Information during any trial, in accord with all applicable local rules.

19.   This Order shall not apply to the Parties' trial, if one occurs, nor the handling of information during trial. Before disclosure at trial of materials or information designated "CONFIDENTIAL" any Party may seek further protections against public disclosure from the Court for good cause shown.

IT IS SO STIPULATED.

---

[2]   The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a non-party and to afford the non-party an opportunity to protect its confidentiality interests.

- 12 -
STIPULATION AND [PROPOSED] PROTECTIVE ORDER
CASE NO. CV 11-05379-MMM (AGRx)

| | | |
|---|---|---|
| 1 | DATED: JUNE 14, 2013 | DATED: JUNE 14, 2013 |
| 2 | **MILBERG LLP**<br>DAVID E. AZAR | **HOGAN LOVELLS US LLP**<br>ROBERT B. HAWK |

5       /s/ David E. Azar                           /s/ Robert S. Hawk
         DAVID E. AZAR                               ROBERT B. HAWK

One California Plaza                          525 University Avenue, 4th Floor
300 S. Grand Avenue, Suite 3900               Palo Alto, California 94301
Los Angeles, California 90071                 Telephone: (650) 463-4000
Telephone: (213) 617-1200                     Facsimile: (650) 463-4199
Facsimile: (213) 617-1975                     robert.hawk@hoganlovells.com
dazar@milberg.com


GRANT & EISENHOFER, P.A.                      HOGAN LOVELLS US LLP
ADAM J. LEVITT (pro hac vice)                 DOUGLAS M. SCHWAB
30 N. LaSalle Street, Suite 1200              BENJAMIN T. DIGGS
Chicago, Illinois 60602                       3 Embarcadero Ctr., 15th Floor
Telephone: (312) 214-0000                     San Francisco, California 94111
Facsimile: (312) 214-0001                     Telephone: (415) 374-2301
alevitt@gelaw.com                             Facsimile: (415) 374-2499
                                              douglas.schwab@hoganlovells.com
                                              benjamin.diggs@hoganlovells.com

Plaintiffs' *Interim Class Counsel*           *Attorneys for Defendant*


**WESTERMAN LAW CORP.**
JEFF S. WESTERMAN


        /s/ Jeff S. Westerman
         JEFF S. WESTERMAN

1925 Century Park East # 2100
Los Angeles, California 90067
Telephone: (310) 698-7450
Facsimile: (310) 201-9160
jwesterman@jswlegal.com

Case 2:11-cv-05379-MMM-AGR  Document 163  Filed 06/25/13  Page 15 of 17  Page ID
Case 2:11-cv-05379-MMM-AGR  Document 159-1  Filed 06/14/13  Page 25 of 31  Page ID
#:2460
#:2488

1  **WESTERMAN LAW CORP.**
   JEFF S. WESTERMAN (94559)
2  JORDANNA G. THIGPEN
   (232642)
3  1925 Century Park East # 2100
   Los Angeles, California  90067
4  Telephone: (310) 698-7450
   Facsimile:  (310) 201-9160
5  jwesterman@jswlegal.com
   jthigpen@jswlegal.com
6
7  Plaintiffs' Interim Class Counsel
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 14 -
STIPULATION AND [PROPOSED] PROTECTIVE ORDER
CASE NO. CV 11-05379-MMM (AGRx)

## ORDER

The parties having stipulated to the foregoing and good cause appearing, IT IS SO ORDERED.

Dated: June 25, 2013

*Alicia G. Rosenberg*
Honorable ~~Margaret M. Morrow~~
United States ~~District Court~~ Magistrate Judge

Case 2:11-cv-05379-MMM-AGR   Document 163   Filed 06/25/13   Page 17 of 17   Page ID
Case 2:11-cv-05379-MMM-AGR   Document 156-1   Filed 06/14/13   Page 27 of 31   Page ID
 #:2462
 #:2490

# EXHIBIT 1

*In re: ConAgra Foods, Inc.*
**Central District of California**
**Case No. 11-cv-05379-MMM**

**UNDERTAKING TO ABIDE BY PROTECTIVE ORDER**

I, _____ declare that my address is

_____.

My current employer is _____ and my occupation is

_____.

    1.    I have received a copy of the Protective Order in the above-captioned action. I have carefully read and understand the provisions of the Protective Order.

    2.    I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any CONFIDENTIAL INFORMATION that is disclosed to me.

    3.    Promptly upon termination of this action, I will return any CONFIDENTIAL materials that may come into my possession to the outside attorneys representing my employer or the attorneys who furnished those documents to me.

    4.    I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:

                                      _____
                                          Signature
                              Print Name: