Robert B. Hawk (Bar No. 118054)
Stacy R. Hovan (Bar No. 271485)
HOGAN LOVELLS US LLP
525 University Avenue, 4th Floor
Palo Alto, California  94301
Telephone:  + 1 (650) 463-4000
Facsimile:  + 1 (650) 463-4199
robert.hawk@hoganlovells.com
stacy.hovan@hoganlovells.com

Douglas M. Schwab (Bar No. 43083)
Benjamin T. Diggs (Bar No. 245904)
HOGAN LOVELLS US LLP
3 Embarcadero Ctr., 15th Floor
San Francisco, California 94111
Telephone:  + 1 (415) 374-2301
Facsimile:  + 1 (415) 374-2499
douglas.schwab@hoganlovells.com
benjamin.diggs@hoganlovells.com

Attorneys for Defendant
CONAGRA FOODS, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| *In re* ConAgra Foods, Inc. | Case No. CV 11-05379-MMM (AGRx) |
| | **_EX PARTE_ APPLICATION FOR ORDER STAYING PROCEEDINGS PENDING OUTCOME OF REFERRAL TO FOOD AND DRUG ADMINISTRATION; DECLARATION OF ROBERT B. HAWK IN SUPPORT** |
| | Honorable Margaret M. Morrow |

*EX PARTE* APPLICATION FOR STAY
CASE NO. CV 11-05379-MMM (AGRx)

**EX PARTE APPLICATION**

Defendant ConAgra Foods, Inc. (ConAgra) hereby applies *ex parte* to the Court for an order staying these proceedings.  Plaintiffs' Second Consolidated Amended Class Action Complaint (SCAC) alleges that ConAgra's Wesson Oil food products are not "100% Natural" because they are made from bioengineered plants, or what Plaintiffs refer to as GMOs.  SCAC ¶ 1.  ConAgra seeks a stay on the grounds that a response by the United States Food and Drug Administration (FDA) to the Northern District of California's recent referral, for an administrative determination of whether food products containing ingredients produced using bioengineered seed may be labeled "100% Natural," would likely be determinative of liability issues in this case and almost certainly would be highly probative on such issues.

By this *ex parte* application, ConAgra seeks to minimize potentially wasteful expenditures on legal fees, expert fees, and other costs by the parties, and further expenditures of Court resources, which could all be rendered unnecessary depending on the decision of the FDA, and to minimize the potential for inconsistent determinations among the FDA and the several different federal courts now considering claims relating to use of the term "natural" on foods including ingredients made from bioengineered plants.  Because a major purpose of this request is to minimize unnecessary expenditures, and in light of the fact that the first available hearing date on the Court's calendar is in late October, ConAgra seeks this relief via *ex parte* application, rather than a noticed motion with more extensive briefing and a hearing.

ConAgra initially proposed to Plaintiffs on July 15, 2013 that the parties jointly request a stay of this case in light of Judge Rogers' FDA referral.  Plaintiffs responded that same day indicating that they would oppose ConAgra's request for a stay.  ConAgra then proposed, on July 23, that the parties prepare a brief statement of their respective positions for the Court's consideration as part of a joint case

1   management statement.  The following Monday, July 29, ConAgra emailed

2   Plaintiffs' counsel requesting that if they intended to proceed in that manner, to

3   notify ConAgra so that the parties could exchange their statements promptly and

4   file the joint statement that same week.  Plaintiffs did not agree to this timing.

5   Because ongoing proceedings in the case are consuming substantial resources and

6   resulting in expenditures of significant legal fees each week, and in order to avoid

7   further delay in the resolution of the stay issue, ConAgra sent Plaintiffs a draft of

8   this application on August 2, 2013, stating that it would be filed four days later—to

9   allow Plaintiffs additional time to prepare their response beyond the 24 hours

10  provided by this Court's procedures.  ConAgra also orally notified Plaintiffs (*i.e.*,

11  confirmed the prior email notice) of this application on August 5, 2013, and

12  Plaintiffs confirmed that they would oppose.  Accordingly, this application is made

13  following notice of the application pursuant to Local Rule 7-19.1.

14

15  Dated:  August 6, 2013                      HOGAN LOVELLS US LLP

16                                      By:   /s/ Robert B. Hawk

17                                            Robert B. Hawk
                                              Attorneys for Defendant
18                                            CONAGRA FOODS, INC.

19

20

21

22

23

24

25

26

27

28

2

## **MEMORANDUM IN SUPPORT OF *EX PARTE* APPLICATION**

As the Court will recall, the essential claim by Plaintiffs in this MDL proceeding is that ConAgra has misleadingly labeled its Wesson Oil products as "100% Natural," when those products are made from bioengineered plants (*i.e*, corn, canola, and soybeans). *E.g.* SCAC ¶¶ 1, 11. Recently, that precise issue has been tendered to the FDA by an order of a U.S. District Court for the Northern District of California. Any FDA determination concerning whether and under what circumstances foods with bioengineered ingredients may be labeled "natural" would obviously be critical in determining the outcome of this case. Accordingly, ConAgra respectfully requests a stay of these proceedings while the FDA has an opportunity to consider the referenced inquiry by the Northern District of California Court and to determine whether to respond (and if so, what response will be made) to the Court's inquiry.

On July 11, 2013, Judge Yvonne Gonzalez Rogers of the Northern District of California referred to the FDA for administrative determination—pursuant to 21 C.F.R. § 10.25(c)—the question of "whether and under what circumstances food products containing ingredients produced using bioengineered seed may or may not be labeled 'Natural' or 'All Natural' or '100% Natural.'" [1] *Cox v. Gruma*, 12-cv-06502-YGR, Dkt. 68, Order Granting Motion To Dismiss In Part And For Referral To The United States Food And Drug Administration (N.D. Cal. Jul. 11, 2013)

---

[1] Section 10.25(c) states as follows:

An administrative proceeding may be initiated in the following three ways:
. . .
(c) The Commissioner will institute a proceeding to determine whether to issue, amend, or revoke a regulation or order, or take or refrain from taking any other form of administrative action whenever any court, on its own initiative, holds in abeyance or refers any matter to the agency for an administrative determination and the Commissioner concludes that an administrative determination is feasible within agency priorities and resources.

3

1    ("*Cox* Referral Order"), at p. 3.  Judge Rogers observed that the *Cox* complaint

2    identified "a gaping hole in the current regulatory landscape for 'natural' claims

3    and GMOs" concerning use of the term "natural" in the absence of specific labeling

4    requirements for bioengineered foods.  *Id.* at p. 3.  Judge Rogers concluded that the

5    applicable federal statutes gave the FDA authority to determine whether foods

6    containing bioengineered ingredients may be labeled "all natural," and accordingly

7    referred the question to the FDA, staying that action for six months subject to

8    further stay "upon a showing of good cause, including an indication from the FDA

9    that it intends to resolve the issue.  *Id.* at 3-4.

10        Not surprisingly, other federal courts with natural/GMO claims pending have

11   taken note of Judge Rogers' reference of the natural/GMO issue to the FDA and/or

12   have themselves referred the same issue to the FDA—resulting in stay orders in

13   those cases.  Specifically, on July 18, 2013, a federal Magistrate Judge for the

14   District of Colorado recommended that *Van Atta v. General Mills, Inc.*, No. 12-cv-

15   02815-MSK-MJW, be stayed "pending action by the FDA with respect to the

16   referral made by Judge Rogers in *Cox v. Gruma*."  *See* Dkt. 51 Recommendation

17   On Defendant's Motion To Dismiss First Amended Class Action Complaint (D.

18   Colo. Jul. 17, 2013), at p.7.  One week later, on July 25, 2013, Judge Jeffrey S.

19   White of the Northern District of California likewise referred "to the FDA the

20   question of whether and under what circumstances food products containing

21   ingredients produced using bioengineered ingredients may or may not be labeled as

22   'Natural,' 'All Natural,' or '100% Natural.'"  *Barnes v. Campbell Soup Co.*, 12-cv-

23   05185-JSW, Dkt. 55, Order Granting In Part And Denying In Part Defendant's

24   Motion To Dismiss Second Amended Class Action Complaint And Staying Matter

25   (N.D. Cal. Jul. 25, 2013), at p. 16.  Judge White also issued a six month stay in that

26   case.  *Id.*

27        In meet and confer discussions between the parties to this case, Plaintiffs'

28   counsel has asserted that this Court's 2011 order on ConAgra's initial Motion to

4

1    Dismiss in this case, in which the Court declined to dismiss or stay this action based

2    on primary jurisdiction principles, should be dispositive of the present motion to

3    stay.  Plaintiffs miss the mark, however, in asserting that the issues raised by this

4    motion have already been decided by this Court.  The situation has changed

5    markedly since the Court ruled close to two years ago, and the present motion to

6    stay raises issues (and seeks relief) independent of what was considered in

7    connection with the prior motion to dismiss.  This motion is based on new

8    developments—both factual and legal—that postdate the Court's prior ruling.

9    　　　Critically, we note that the Court's 2011 ruling was made when there was

10   "no indication that the FDA intends to provide guidance on use of the term 'natural'

11   in the immediate future."  Nov. 23, 2011 Order Granting Defendant's Motion to

12   Dismiss (Dkt. No. 54) at p. 14.  The fact that the FDA has now been asked

13   specifically by two federal judges to consider issuing a response on the

14   GMO/natural issue is a new material fact, and one that occurred long after this

15   Court's 2011 decision.  In addition, the FDA has recently taken relevant actions on

16   its own initiative.  On April 8, 2013, the FDA revised its website by adding content

17   to address "Foods Derived from Genetically Engineered Plants."  The agency noted

18   that "FDA has recently received inquiries about the labeling of foods with

19   ingredients derived from genetically engineered plants" and that the agency is

20   currently considering "citizen petitions regarding genetically engineered foods,

21   including the labeling of such foods."

22   http://www.fda.gov/Food/FoodScienceResearch/Biotechnology/ucm346858.htm.

23   These recent developments evidence that this motion arises under far different

24   circumstances than those existing in 2011.

25   　　　Given the circumstances now existing, including recent stay rulings by three

26   different federal judges referring the GMO/natural issue to the FDA or noting an

27

28

*EX PARTE* APPLICATION FOR STAY
CASE NO. CV 11-05379-MMM (AGRX)

already existing reference order, a stay of this action would be in the interest of justice:[2]

- By deferring to a possible FDA determination, a stay will promote efficient resolution of the GMO/natural labeling issue by an administrative agency with highly relevant expertise and experience.
- It will thereby conserve Court resources and avoid duplicating the FDA's efforts in this area.
- It will reduce the likelihood of inconsistent determinations made by the FDA and/or by the multiple federal courts and juries that may consider this issue in a number of GMO/natural cases presently pending.  As Plaintiffs' own complaint acknowledges in the context of arguing for class certification, individualized determinations "create[] a potential for inconsistent or contradictory judgments, and increase[] the delay and expense to all parties and the court system."  SCAC ¶ 63.
- A stay will avoid potentially unnecessary and wasteful—and very substantial—ongoing expenditures by the parties on attorney's fees, expert fees and other litigation costs in preparing this case for trial.
- A stay will not prejudice Plaintiffs:  no trial date or other trial-related deadlines have been set in the case; no deadline even has been set for Plaintiffs to file their Motion for Class Certification; discovery is still in its early stages, with only one deposition having been taken to date.

Because it will promote efficiency and the interests of justice, and there will be no prejudice to Plaintiffs, ConAgra respectfully requests that this Court enter a six-month stay of this action, pending action by FDA in response to the *Cox* Referral Order, subject to renewal for good cause shown.

---

[2] The Court has the inherent power, of course, to control disposition of causes on its calendar, including the discretionary power to issue stays.  *See CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

6

1    Dated:  August 6, 2013                    HOGAN LOVELLS US LLP

2

3                                        By:   /s/ Robert B. Hawk
                                               Robert B. Hawk
4                                              Attorneys for Defendant
                                               CONAGRA FOODS, INC.
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                         7

**DECLARATION OF ROBERT B. HAWK IN SUPPORT**

I, Robert B. Hawk, hereby declare as follows:

1.     I am an attorney licensed to practice in the State of California.  I am a partner at the law firm of Hogan Lovells US LLP, counsel for defendant ConAgra Foods, Inc. ("ConAgra") in this action.  I have personal knowledge of the facts set forth herein and, if called upon to do so, I could and would testify competently thereto.

2.     On July 15, 2013, I emailed Plaintiffs' counsel to suggest that the parties jointly request a stay of this action in light of the FDA referral made by Judge Rogers in the *Gruma* case.  Ariana J. Tadler, on behalf of Milberg LLP and Grant & Eisenhofer P.A., acting as interim class counsel, responded that Plaintiffs were not willing to stipulate and would oppose any request for a stay.

3.     On July 23, 2013, during a meet and confer call with Plaintiffs' counsel, I proposed that, as an alternative to Defendant moving the Court for a stay, the parties prepare a brief statement of their respective positions for the Court's consideration as part of a joint case management statement that had long been under discussion between the parties.  Plaintiffs' counsel indicated that they would consider that approach.

4.     Having heard nothing further from Plaintiffs by July 29, 2013, my colleague, Stacy Hovan, emailed Plaintiffs' counsel requesting that if they intended to proceed with my suggestion of raising the issue in the case management statement, to notify us so that the parties could exchange their statements on Wednesday and file the joint statement by that Friday.  On July 30, 2013, I emailed Ms. Tadler and asked for a response to Ms. Hovan's email.  On July 31, 2013, Adam J. Levitt emailed me stating that Plaintiffs were willing to address the issue if ConAgra raised the issue in a joint statement—but made no response to Ms. Hovan's request for a commitment on timing.  Concluding that the parties were not going to reach an agreement on timing of a submission to the Court, I replied to Mr.

8

1  Levitt's email, indicating that ConAgra would proceed to raise the issue directly

2  with the Court.

3       5.    On August 2, 2013, I sent Plaintiffs' counsel a draft of this application,

4  indicating that I was doing so as a courtesy to provide them more time to prepare

5  their response than the 24 hours provided for by this Court's procedures.

6       6.    On August 5, 2013, during a meet and confer call with Plaintiffs'

7  counsel, I orally notified Plaintiffs of the application. Ms. Tadler confirmed that

8  Plaintiffs would oppose the application.

9      I declare under penalty of perjury under the laws of the State of California

10  that the foregoing is true and correct and that this Declaration was executed on

11  August 6, 2013 at Palo Alto, California.

12

13                        /s/  Robert B. Hawk
                          Robert B. Hawk

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

*EX PARTE* APPLICATION FOR STAY
CASE NO. CV 11-05379-MMM (AGRX)