<u>Plaintiffs' Appendix 1: Predominant Questions Susceptible to Class Wide Proof for Each
State Law Claim Asserted</u>

This chart demonstrates that the qualitatively predominant question underlying each of
Plaintiffs' legal claims is whether ConAgra's marketing claim that Wesson Oils are "100%
Natural" is false, unfair, deceptive, and/or misleading.  This chart further demonstrates that, for
the consumer protection and express warranty claims alleged, there is no danger of an
individualized issue overwhelming the qualitatively predominant question because proof of
individualized reliance is unnecessary under the facts here, where all class members were
uniformly and consistently exposed to the challenged claim on the label of every bottle of
Wesson Oil sold during the Class Period.

| CLAIM | PREDOMINANT CLASSWIDE QUESTION | |
|---|---|---|
| **Consumer Protection/Unfair Trade Practices** | **Consumer protection cases are appropriate for class adjudication.[1]** | |
| | **California –**<br><br>California Unfair Competition Law, Cal. Bus. & Prof Code §§ 17200, *et seq.*; California Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.*; and California False Advertising Law, | *In re First Alliance Mortgage Co*., 471 F.3d 977, 990 (9th Cir. 2006) ("[T]his court has followed an approach that favors class treatment of fraud claims stemming from a "common course of conduct." *See Blackie v. Barrack*, 524 F.2d 891, 902 (9th Cir. 1975) ('Confronted with a class of purchasers allegedly defrauded over a period of time by similar misrepresentations, courts have taken the common sense approach that the class is united by a common interest in determining whether a defendant's course of conduct is in its broad outlines actionable, which is not defeated by slight differences in class members' |

[1] *See also Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625 (1997) ("Predominance is a test
readily met in certain cases alleging consumer or securities fraud or violations of the antitrust
laws."); 7AA Charles Alan Wright *et al.*, *Federal Practice and Procedure* § 1782 (3d ed. 2013)
("Most consumer class actions arise out of the allegedly wrongful business practices of one or a
group of defendants.  In these situations, the question whether defendant engaged in an improper
course of conduct typically will be the same for all class members and, as a result, common
questions will predominate, thereby satisfying the first prerequisite of subdivision (b)(3).  *For
example, in a class action against an allegedly deceptive advertiser, the questions whether
defendant's advertising is deceptive and whether the plaintiff class is likely to be damaged by
defendant's conduct are common and may be found to predominate over the individual issues in
the case*.") (footnotes omitted, emphasis added).  *Cf. Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct.
2541, 2551 (2011) (class members' claims "must depend on a common contention ... .  That
common contention, moreover, must be of such a nature that it is capable of classwide resolution
– which means that determination of its truth or falsity will resolve an issue that is central to the
validity of each one of the claims in one stroke.").

| CLAIM | PREDOMINANT CLASSWIDE QUESTION |
|---|---|
| Cal. Bus. & Prof. Code §§ 17500, *et seq.* | positions').") *Tait v. BSH Home Appliances Corp.*, 289 F.R.D. 466, 474 (C.D. Cal. 2012) ("Claims arising under consumer protection statutes are well-suited for class certification."), *app. den'd*, No. 13-80000, 2013 WL 1395690 (9th Cir. Apr. 1, 2013) *cert. den'd*, 134 S. Ct. 1273 (2014) |
| **Colorado –** Colorado Consumer Protection Act, Colo. Rev. Stat. §§ 6-1-101, *et seq.* | *Maez v. Springs Auto. Grp., LLC*, 268 F.R.D. 391, 396 (D. Colo. 2010) ("Claims arising out of standard documents present a classic case for treatment as a class action.") |
| **Florida –** Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. Ann. §§ 501.201, *et seq.* | *Fitzpatrick v. Gen. Mills, Inc.*, 263 F.R.D. 687, 701 (S.D. Fla. 2010) (finding predominance where "[t]he [Florida Deceptive and Unfair Trade Practices Act] claim rises or falls based predominantly on issues for which classwide proof …; an answer to the paramount question of whether Yo–Plus works as advertised will directly and substantially impact every class member's liability case and entitlement to relief under the [Act]."), *reasoning expressly adopted but vacated on other grounds*, 635 F.3d 1279, 1282-83 (11th Cir. 2011) |
| **Illinois –** Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.* | *Arenson v. Whitehall Convalescent & Nursing Home, Inc.*, 164 F.R.D. 659, 664 (N.D. Ill. 1996) ("Claims arising out of standard documents present a classic case for treatment as a class action.") (internal quotation marks omitted) *P.J.'s Concrete Pumping Serv. v. Nextel W. Corp.*, 345 Ill. App. 3d 992, 1003 (Ill. App. Ct. 2004) ("[I]t is proper to allow a class action where a defendant is alleged to have acted wrongfully in the same basic manner towards an entire class. *Clark v. TAP Pharmaceutical Products, Inc.*, 343 Ill. App. 3d 538, 548, 798 N.E.2d 123, 278 Ill. Dec. 276 (2003). The purported class representative must establish that a |

| CLAIM | PREDOMINANT CLASSWIDE QUESTION |
|-------|-------------------------------|
| | successful adjudication of its individual claims will establish a right of recovery or resolve a central issue on behalf of the class members. *Avery v. State Farm Mut. Automobile Ins. Co.*, 321 Ill. App. 3d 269, 280, 746 N.E.2d 1242, 254 Ill. Dec. 194 (2001), *appeal allowed*, 201 Ill. 2d 560, 786 N.E.2d 180, 271 Ill. Dec. 922 (2002). … The primary factual issue in this case is a uniform billing practice that allegedly violated the [Illinois] Consumer Fraud [and Deceptive Business Practices] Act in the same manner as to all class members. The propriety of such a uniform practice is amenable to being resolved in a class action.") |
| **Nebraska –** <br><br> Nebraska Consumer Protection Act, Neb. Rev. Stat. §§ 59-160l,et seq. <br><br> (Asserted for purposes of appeal) | *Evans v. Am. Credit Sys., Inc.*, 222 F.R.D. 388, 396 (D. Neb. 2004) ("[R]esolution of the [consumer] plaintiffs' claims, at least as to the liability of the defendants to each individual plaintiff, through a class action rather than through hundreds of individual suits seeking restitution of claims for each of the letters, is the superior approach for the class and each of the subclasses.") |
| **New Jersey –** <br><br> New Jersey Consumer Fraud Act, N.J. Stat. Ann. §§ 56:8-1, *et seq.* | *Ebin v. Kangadis Food, Inc.*, 13 Civ. 2311 (JSR), 2014 U.S. Dist. LEXIS 25838, at *17 (S.D.N.Y. Feb. 24, 2014) (class action; for purposes of the New Jersey Consumer Fraud Act, "every class member saw the same representation that Capatriti was '100% Pure Olive Oil' because the statement appeared in large letters on the front, back, left, right, and top of the tin. … The same generalized evidence will be used to establish whether Capatriti's label is false, and if so, whether it was likely to mislead a reasonable consumer acting under the circumstances.") <br><br> *Elias v. Ungar's Food Prods., Inc.*, 252 F.R.D. 233, 249-51 (D.N.J. 2008) (holding that "[i]n short, the plaintiffs identif[ied] a small core of misrepresentations ... made to all, or most, of the class members, and the representations are likely to have made a difference in the decision to purchase a product that was different |

PLAINTIFFS' APPENDIX 1: PREDOMINANT QUESTIONS RE: MOTION FOR CLASS CERTIFICATION
CASE NO. CV 11-05379-MMM (AGRx)**ERROR! REFERENCE SOURCE NOT FOUND.**

3

| CLAIM | PREDOMINANT CLASSWIDE QUESTION |
|---|---|
| | from what was promised. These facts will be established via common proof and will not present individual issues.  Thus, the predominance requirement for the plaintiffs' [New Jersey Consumer Fraud Act and New Jersey breach of warranty] claim[s are] satisfied.") (internal citations and quotation marks omitted)<br><br>*Varacallo v. Mass. Mut. Life Ins. Co.*, 332 N.J. Super. 31, 45, 752 A.2d 807, 815 (N.J. App. Div. 2000) ("The principle is that class actions should be liberally allowed where consumers are attempting to redress a common grievance under circumstances that would make individual actions uneconomical to pursue.")<br><br>*In re Cadillac V8-6-4 Class Action*, 461 A.2d 736, 747 (N.J. 1983) ("[T]he class action rule should be construed liberally in a case involving allegations of consumer fraud.")<br><br>*Mosser v. FD Bank, N.A. (In re Checking Account Overdraft Litig.)*, 281 F.R.D. 667, 681 (S.D. Fla. 2012) (class action; "[T]he uniformity of [defendant bank's] representations to members of the class, through the account agreement, and the focus on its conduct, also renders the claims under the … New Jersey … consumer protection statute[ ] appropriate for certification.") |
| **New York –**<br><br>New York Deceptive Acts and Practices Act, N.Y. Gen. Bus. Law § 349 | *Ebin v. Kangadis Food, Inc.*, 13 Civ. 2311 (JSR), 2014 U.S. Dist. LEXIS 25838, at *17 (S.D.N.Y. Feb. 24, 2014) (class action; for purposes of the New York General Business Law § 349, "every class member saw the same representation that Capatriti was '100% Pure Olive Oil' because the statement appeared in large letters on the front, back, left, right, and top of the tin. …  The same generalized evidence will be used to establish whether Capatriti's label is false, and if so, whether it was likely to mislead a reasonable consumer acting under the circumstances.")<br><br>*Ersler v. Toshiba Am., Inc.*, No. CV-07-2304(SMG), 2009 WL 454354 (E.D.N.Y. Feb. 24, 2009) ("[T]his is |

| CLAIM | PREDOMINANT CLASSWIDE QUESTION |
|---|---|
| | a consumer fraud case and thus the type of action in which '[p]redominance is a test readily met.'") (alteration in original)<br><br>*Genden v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 114 F.R.D. 48, 52 (S.D.N.Y.1987) ("[I]f the liability issue is common to the class, common questions are held to predominate over individual questions.") (citation and internal quotation marks omitted)<br><br>*Mosser v. FD Bank, N.A. (In re Checking Account Overdraft Litig.)*, 281 F.R.D. 667, 681 (S.D. Fla. 2012) (class action; "[T]he uniformity of [defendant bank's] representations to members of the class, through the account agreement, and the focus on its conduct, also renders the claims under the … New York … consumer protection statute[ ] appropriate for certification.") |
| **Ohio –**<br><br>Ohio Consumer Sales Practices Act, Ohio Rev. Code Ann. §§ 1345.0l, *et seq.* | *Cope v. Metro. Life Ins. Co.*, 696 N.E.2d 1001, 1004 (Ohio 1998) ("If a fraud was accomplished on a common basis, there is no valid reason why those affected should be foreclosed from proving it on that basis.") (citations omitted) |
| **Oregon –**<br><br>Oregon Unlawful Trade Practices Act, Or. Rev. Stat. Ann. §§ 646.605, *et seq.* | *Pearson v. Philip Morris, Inc.*, 257 Or. App. 106, 166, 306 P.3d 665, 699 (2013) (*en banc*) (reversing denial of certification of Oregon Unlawful Trade Practices Act case where "the entire liability portion of the claim can be litigated through common evidence.  Because those common issues are vastly more significant to the litigation than the remaining individual issues, common issues predominate."), *rev. allowed*, 354 Or. 699, 319 P.3d 696 (Jan. 16, 2014) |
| **South Dakota –**<br><br>South Dakota Deceptive Trade Practices and Consumer | *Thurman v. CUNA Mut. Ins. Soc'y*, 2013 S.D. 63, 836 N.W.2d 611, 620 (2013) (reversing denial of certification of consumer class, explaining that "'[t]he common questions need not be dispositive of the entire action.  In other words, "predominate" should not be automatically equated with "determinative." |

| CLAIM | PREDOMINANT CLASSWIDE QUESTION | |
|---|---|---|
| | Protection Law, S.D. Codified Laws §§ 37-24-1, *et seq.* | Therefore, when one or more of the central issues in the action are common to the class and can be said to predominate, the action may be considered proper under Rule 23(b)(3) even though other important matters will have to be tried separately, such as damages or some affirmative defenses peculiar to some individual class members.'") (*quoting* 7AA Wright & Miller's Fed. Prac. & Proc. Civ. § 1778 (3d ed.) (footnotes omitted)); *see also Thurman*, 836 N.W.2d at 618 (quoting *Beck v. City of Rapid City*, 2002 S.D. 104, ¶ 12, 650 N.W.2d 520, 525 (S.D. 2002)) ("In general, class certification 'is favored by courts in questionable cases.'") |
| | **Texas –**<br><br>Texas Deceptive Trade Practices—Consumer Protection Act, Tex. Bus. & Com. Code Ann. §§ 17.41, *et seq.* | *Henry Schein v. Stromboe*, 102 S.W.3d 675, 693-94 (Tex. 2002) (recognizing potential for class certification of Texas Deceptive Trade Practices Act claims) |
| **Consumer Protection/Unfair Trade Practices** | **Whether Defendant's conduct was objectively false, unfair, deceptive and/or misleading.** | |
| | **California –**<br><br>California Unfair Competition Law, Cal. Bus. & Prof Code §§ 17200, *et seq.*; California Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.*; and California False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et* | *In re Tobacco II Cases*, 93 Cal. Rptr. 3d 559, 207 P.3d 20, 39-40 (Cal. 2009) (for purposes of California Unfair Competition Law, "A misrepresentation is judged to be material if a reasonable man would attach importance to its existence or nonexistence in determining his choice of action in the transaction in question and as such materiality is generally a question of fact unless the fact misrepresented is so obviously unimportant that the jury could not reasonably find that a reasonable man would have been influenced by it.") (internal citations and quotation marks omitted)<br><br>*Forcellati v. Hyland's, Inc.*, CV 12-1983-GHK (MRWx), 2014 U.S. Dist. LEXIS 50600, at *35 (C.D. Cal. Apr. 9, 2014) (class action; "[T]hat a large number of factors may have gone into each consumer's |

PLAINTIFFS' APPENDIX 1:  PREDOMINANT QUESTIONS RE: MOTION FOR CLASS CERTIFICATION
CASE NO. CV 11-05379-MMM (AGRx)**ERROR! REFERENCE SOURCE NOT FOUND.**

6

| CLAIM | PREDOMINANT CLASSWIDE QUESTION | |
|---|---|---|
| | *seq.* | decision to purchase Defendants' products is immaterial here given the objective materiality of the alleged misrepresentations. *See, e.g., Stearns v. Ticketmaster*, 655 F.3d 1013, 1020 (9th Cir. 2011); *Mass. Mut. Life Ins. Co. v. Superior Court*, 97 Cal. App. 4th 1282, 1292, 119 Cal. Rptr. 2d 190 (2002). … [T]he particular circumstances under which each individual purchase was made cannot 'transform the common question' of whether the alleged misrepresentations were objectively material 'into a multitude of individual ones.' *Mass. Mut. Life Ins.*, 97 Cal. App. 4th at 1292.") <br><br> *Colgan v. Leatherman Tool Group, Inc.*, 38 Cal. Rptr. 3d 36, 48, 135 Cal. App. 4th 663, 682 (Cal. Ct. App. 2006) (to establish false advertising under California False Advertising Law, "a plaintiff need only show that members of the public are likely to be deceived" under a "reasonable consumer standard") (internal quotation marks and citations omitted) <br><br> *Elias v. Hewlett-Packard Co.*, 903 F. Supp. 2d 843, 845 (N.D. Cal. 2012) (putative class action; "The standard for all three statutes [*i.e.*, California's Consumers Legal Remedies Act, False Advertising Law, and fraudulent prong of the Unfair Competition Law] is the 'reasonable consumer' test, which requires a plaintiff to show that members of the public are likely to be deceived by the business practice or advertising at issue.") |
| | **Colorado –** <br><br> Colorado Consumer Protection Act, Colo. Rev. Stat. §§ 6-1-101, *et seq.* | *Alpine Bank v. Hubbell*, 506 F. Supp. 2d 388, 410 (D. Colo. 2007) (providing that a "deceptive trade practice" can be established by showing that the act had the "capacity or tendency to deceive a reasonable consumer"), *aff'd*, 550 F.3d 1274 (10th Cir. 2008) *opinion vacated and superseded on reh'g*, 555 F.3d 1097 (10th Cir. 2009), *aff'd*, 555 F.3d 1097 (10th Cir. 2009) <br><br> *Showpiece Homes Corp. v. Assur. Co. of Am.*, 38 P.3d 47, 53 (Colo. 2001) ("[i]n determining whether conduct falls within the purview of the [Colorado Consumer |

| CLAIM | PREDOMINANT CLASSWIDE QUESTION |
|---|---|
| | Protection Act], it should ordinarily be assumed that the [Act] applies to the conduct.  That assumption is appropriate because of the strong and sweeping remedial purposes of the [Act].") |
| **Florida –**<br><br>Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. Ann. §§ 501.201, *et seq.* | *Office of the Attorney Gen. v. Wyndham Int'l, Inc.*, 869 So. 2d 592, 598 (Fla. Dist. Ct. App. 2004) ("When addressing a deceptive or unfair trade practice claim, the issue is not whether the plaintiff actually relied on the alleged practice, but whether the practice was likely to deceive a consumer acting reasonably in the same circumstances ... . [U]nlike fraud, a party asserting a deceptive trade practice claim need not show actual reliance on the representation or omission at issue.") (citation omitted)<br><br>*Davis v. Powertel, Inc.*, 776 So. 2d 971, 974 (Fla. Dist. Ct. App. 2000) (class action; "a deceptive practice is one that is 'likely to mislead' consumers") (citations omitted) |
| **Illinois –**<br><br>Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.* | *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill. 2d 100, 180 (2005) (elements of the claim are:  (1) a deceptive act or practice by the defendant, (2) the *defendant's intent* that the plaintiff rely on the deception, (3) the occurrence of the deception in the course of conduct involving trade or commerce, and (4) actual damage to the plaintiff, (5) proximately caused by the deception)<br><br>*White v. DaimlerChrysler Corp.*, 368 Ill. App. 3d 278, 283 (Ill. App. Ct. 2006) ("plaintiff's reliance is not an element of statutory consumer fraud")<br><br>*Connick v. Suzuki Motor Co., Ltd.*, 174 Ill. 2d 482 (1996) (proximate cause resulting in injury can be shown where plaintiffs purchased after the defendant made fraudulent statements and no intervening cause broke the chain of causation) |
| **New Jersey –**<br><br>New Jersey | *Barry v. Arrow Pontiac, Inc.*, 100 N.J. 57, 69, 494 A.2d 804, 810 (N.J. Sup. Ct. 1985) (standard for determining whether advertisement is deceptive or misleading is |

PLAINTIFFS' APPENDIX 1:  PREDOMINANT QUESTIONS RE: MOTION FOR CLASS CERTIFICATION
CASE NO. CV 11-05379-MMM (AGRx)**ERROR! REFERENCE SOURCE NOT FOUND.**

8

| CLAIM | PREDOMINANT CLASSWIDE QUESTION |
|---|---|
| Consumer Fraud Act, N.J. Stat. Ann. §§ 56:8-1, *et seq.* | "whether the ad itself is misleading to the average consumer, not whether it can later be explained to the more knowledgeable, inquisitive consumer") |
| **New York** – <br><br> New York Deceptive Acts and Practices Act, N.Y. Gen. Bus. Law § 349 | *Ackerman v. Coca-Cola Co.*, No. CV-09-0395 (JG)(RML), 2010 WL 2925955, at *15 (E.D.N.Y. July 21, 2010) (class action; "each claim [*i.e.*, deceptive acts or practices and false advertising in violation of New York General Business Law sections 349 and 350, respectively,] includes the requirement that a reasonable consumer could have been misled by defendants' conduct") <br><br> *Kuklachev v. Gelfman*, 600 F. Supp. 2d 437, 476 (E.D.N.Y. 2009) ("To prevail in a cause of action under General Business Law §§ 349 and 350, the plaintiff must prove that the defendant made misrepresentations or omissions that were likely to mislead a reasonable consumer in the plaintiff's circumstances … .") <br><br> *Ebin v. Kangadis Food, Inc.*, 13 Civ. 2311 (JSR), 2014 U.S. Dist. LEXIS 25838, at *17 (S.D.N.Y. Feb. 24, 2014) (class action; for purposes of the New York General Business Law § 349 and the New Jersey Consumer Fraud Act, "every class member saw the same representation that Capatriti was '100% Pure Olive Oil' because the statement appeared in large letters on the front, back, left, right, and top of the tin. …  The same generalized evidence will be used to establish whether Capatriti's label is false, and if so, whether it was likely to mislead a reasonable consumer acting under the circumstances.") |
| **Ohio** – <br><br> Ohio Consumer Sales Practices Act, Ohio Rev. Code Ann. §§ 1345.0l, *et seq.* | *Shumaker v. Hamilton Chevrolet, Inc.*, 184 Ohio App. 3d 326, 335, 920 N.E.2d 1023, 1031 (Ohio Ct. App. 2009) ("A deceptive act has the likelihood of inducing a state of mind in the consumer that is not in accord with the facts.  Courts shall apply a reasonableness standard in determining whether an act amounts to deceptive, unconscionable, or unfair conduct.") |

PLAINTIFFS' APPENDIX 1:  PREDOMINANT QUESTIONS RE: MOTION FOR CLASS CERTIFICATION
CASE NO. CV 11-05379-MMM (AGRx)**ERROR! REFERENCE SOURCE NOT FOUND.**

9

| CLAIM | PREDOMINANT CLASSWIDE QUESTION | |
|---|---|---|
| | | (internal quotation marks omitted) |
| | **Oregon** – Oregon Unlawful Trade Practices Act, Or. Rev. Stat. Ann. §§ 646.605, *et seq.* | *Pearson v. Philip Morris, Inc.*, 257 Or. App. 106, 116 (Or. Ct. App. 2013) (class action; "[A] person who, in the course of the person's business, makes a false assertion about the characteristics of goods – either by misstating a fact or by failing to disclose a fact – commits an unlawful trade practice under [Section] 646.608(1)(e))" of the Oregon Unlawful Trade Practices Act), *rev. granted*, 354 Or. 699, 319 P.3d 696, 2014 Or. LEXIS 3 (Or. Jan. 16, 2014) |
| | **South Dakota** – South Dakota Deceptive Trade Practices and Consumer Protection Law, S.D. Codified Laws §§ 37-24-1, *et seq.* | *Brookings Mun. Utils., Inc. v. Amoco Chem. Co.*, 103 F. Supp. 2d 1169, 1178 (D.S.D. 2000) (Section 37-24-31 "provide[s] a cause of action for damages to any person who claims to have been adversely affected by any act or practice declared to be deceptive under § 37-24-6, for the recovery of actual damages suffered as a result of the act or practice. Under § 37-24-6, it is a deceptive act or practice to 'knowingly and intentionally act, use or employ any deceptive act or practice, fraud, false pretense, false promises or misrepresentation or to conceal, suppress, or omit any material fact in connection with the sale or advertisement of any merchandise, regardless of whether any person has in fact been mislead [*sic*], deceived or damaged thereby.'") |
| | **Texas** – Texas Deceptive Trade Practices—Consumer Protection Act, Tex. Bus. & Com. Code Ann. §§ 17.41, *et seq.* | *Spradling v. Williams*, 566 S.W.2d 561, 562-64 (Tex. 1978) (approving instruction defining deceptive trade practices as "Any false, misleading or deceptive acts or practices in the conduct of any trade or commerce. You are instructed that the term "false, misleading, or deceptive acts or practices" means an act or series of acts which has the capacity or tendency to deceive an average or ordinary person, even though that person may have been ignorant, unthinking, or credulous.") |
| **Consumer Protection/Unfair Trade Practices** | **Various consumer protection statutes either do not require a showing of reliance, or permit an inference of class-wide reliance where class members have been uniformly exposed to the challenged representation.** | |

| CLAIM | PREDOMINANT CLASSWIDE QUESTION | |
|---|---|---|
| | **California –**<br><br>California Unfair Competition Law, Cal. Bus. & Prof Code §§ 17200, *et seq.*; California Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.*; and California False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.* | *Red v. Kraft Foods, Inc.*, CV 10-1028-GW(AGRx), 2012 U.S. Dist. LEXIS 186948, at *22-23 (C.D. Cal. Apr. 12, 2012) ("With regards to the [Unfair Competition Law] and [False Advertising Law] claims, … plaintiffs under these statutes need not prove that each individual class member relied upon the allegedly fraudulent misrepresentations.  Instead the California Supreme Court has held that 'it is necessary only to show that members of the public are likely to be deceived.'  *In re Tobacco II Cases*, 46 Cal.4th 298, 312, 93 Cal. Rptr. 3d 559, 207 P.3d 20 (2009); *Stearns v. Ticketmaster Corp.* 655 F.3d 1013, 1020-01 (9th Cir. 2011).…  An alleged misrepresentation is material … 'if a reasonable man would attach importance to its existence or nonexistence in determining his choice of action in the transaction in question, and as such materiality is generally a question of fact unless the fact misrepresented is so obviously unimportant that the jury could not reasonably find that a reasonable man would have been influenced by it.'  … *Stearns*, 655 F.3d [at] 1022.  Thus, if Plaintiffs can show that the alleged misrepresentations were material, then they need not show individualized reliance to prevail in their [Consumers Legal Remedies Act] claims.")<br><br>*Forcellati v. Hyland's, Inc.*, CV 12-1983-GHK (MRWx), 2014 U.S. Dist. LEXIS 50600, at *28-29 (C.D. Cal. Apr. 9, 2014) ("For purposes of class certification, the [Unfair Competition Law, False Advertising Law, and Consumers Legal Remedies Act] are materially indistinguishable. *See Delarosa [v. Boiron, Inc.*, 275 F.R.D. 595,] 589 n. 3 [(C.D. Cal. 2011);] *Bruno v. Quten Research Inst., LLC*, 280 F.R.D. 524, 534 (C.D. Cal. 2011).  Each statute allows Plaintiffs to establish the required elements of reliance, causation, and damages by proving that Defendants made what a reasonable person would consider a material misrepresentation.  *Bruno*, 280 F.R.D. at 534; *see also In re Tobacco II Cases*, 46 Cal. 4th 298, 312, 93 Cal. Rptr. 3d 559, 207 P.3d 20 (2009); *In re Steroid Hormone Prod. Cases*, 181 Cal. App. 4th 145, 157, 104 Cal. Rptr. 3d 329 (2010).  As |

PLAINTIFFS' APPENDIX 1:  PREDOMINANT QUESTIONS RE: MOTION FOR CLASS CERTIFICATION
CASE NO. CV 11-05379-MMM (AGRx)**ERROR! REFERENCE SOURCE NOT FOUND.**

11

| CLAIM | PREDOMINANT CLASSWIDE QUESTION |
|---|---|
| | such, whether or not Defendants' claims are misleading is an objective, classwide inquiry for purposes of the [[Unfair Competition Law, False Advertising Law, and Consumers Legal Remedies Act].")<br><br>*Khoday v. Symantec Corp.*, Civ. No. 11-180 (JRT/TNL), 2014 U.S. Dist. LEXIS 43315, at *76-78 (D. Minn. Mar. 31, 2014) ("Where exposure to a misrepresentation is uniform amongst class members, however, California courts have presumed reliance on the part of purchasers who encounter the misrepresentation, and have certified classes finding that individual issues of reliance would not predominate. *See Konik v. Time Warner Cable*, Civ. No. 07-763, 2010 U.S. Dist. LEXIS 136923, 2010 WL 8471923, at *8 (C.D. Cal. Nov. 24, 2010) (finding that reliance could be presumed based on uniform exposure to misrepresentations where the materials at issue were sent to all subscribers); *In re Steroid Hormone Prod. Cases*, 104 Cal. Rptr. 3d at 337-39; *Chavez*, 268 F.R.D. at 376-77 (applying a presumption of reliance where 'the allegedly false statement, worded in several variations, [was] made on every Blue Sky container'). … Here, Plaintiffs allege a combination of omissions and affirmative misrepresentations that collectively misled consumers into believing that they were required to purchase download insurance at the point of sale if they wished to be able to redownload their Norton software after the original sixty-day download period expired, when, in fact, numerous alternative routes existed that allowed consumers to redownload their products for free.  The Court concludes that this course of conduct falls within the line of cases for which a presumption of reliance is appropriate because class members were uniformly misled.") |
| **Colorado –**<br><br>Colorado Consumer Protection Act, Colo. Rev. Stat. §§ | *Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142, 148 (Colo. 2003) ("a plaintiff may satisfy the deceptive trade practices requirement of section 6-1-105(1)(e) [of the Colorado Consumer Protection Act] by establishing either a misrepresentation or that the false representation had |

| CLAIM | PREDOMINANT CLASSWIDE QUESTION |
|---|---|
| 6-1-101, *et seq.* | the capacity or tendency to deceive, *even if it did not*") (emphasis added)<br><br>*Hall v. Walter*, 969 P.2d 224 (Colo. 1998) (finding causation established even though injured party did not rely on deceptive statements)<br><br>*May Dep't Stores Co. v. State ex rel. Woodard*, 863 P.2d 967, 973 (Colo. 1993) (*en banc*) ("the [Colorado Consumer Protection Act] does not require proof of actual injury") |
| **Florida –**<br><br>Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201 *et seq.* | *Rollins, Inc. v. Butland*, 951 So. 2d 860, 883 (Fla. Dist. Ct. App. 2006) (class action; "[a] party asserting a deceptive trade practice claim need not show actual reliance on the representation or omission at issue.") (quoting *Davis v. Powertel, Inc.*, 776 So. 2d 971, 973 (Fla. Dist. Ct. App. 2000)<br><br>*Powertel*, 776 So. 2d at 973 (individual differences on issue of reliance did not preclude class litigation of Florida Deceptive and Unfair Trade Practices Act claim because reliance is not an element of such claim)<br><br>*Latman v. Costa Cruise Lines, N.V.*, 758 So. 2d 699 (Fla. Dist. Ct. App. 2000) (members of class proceeding under Florida Deceptive and Unfair Trade Practices Act need not prove individual reliance on alleged representation) |
| **Illinois –**<br><br>Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.* | *Zekman v. Direct Am. Marketers*, 182 Ill. 2d 359, 373 (1998) (class action; "plaintiff need not establish reliance" under Illinois Consumer Fraud and Deceptive Business Practices Act; proximate cause must be shown)<br><br>*Arenson v. Whitehall Convalescent & Nursing Home, Inc.*, 164 F.R.D. 659, 666 (N.D. Ill. 1996) (class action; "reliance need not be individually shown for … Illinois Consumer Fraud [and Deceptive Business Practices] Act….") |
| **New Jersey –** | *Elias v. Ungar's Food Prods., Inc.*, 252 F.R.D. 233, 238 (D.N.J. 2008) ("Defendants assert that each |

| CLAIM | PREDOMINANT CLASSWIDE QUESTION | |
|---|---|---|
| | New Jersey Consumer Fraud Act, N.J. Stat. Ann. §§ 56:8-1, *et seq.* | plaintiff must prove causation under the [New Jersey Consumer Fraud Act] on an individualized basis and that Judge Shwartz skirted the issue of causation by erroneously relying on the 'presumption of causation' principle established in *Varacallo v. Mass. Mut. Life Ins. Co.*, 332 N.J. Super. 31, 752 A.2d 807 (App.Div. 2000). … Plaintiffs allege that the packaging of defendants' products, which were marketed as 'healthy' foods, significantly misstated fat and caloric content.  Because, as Judge Shwartz noted, the statements to each purchaser are finite and readily identifiable, the risk of individual issues predominating class issues is small.  Defendants' product is marketed to a specific type of consumer that will likely rely on the presentation of the product as healthy, and plaintiffs contend that they purchased products that they would not have purchased had they known the truth about them.  (Am. Compl. P 31.)  The true burden here for the plaintiffs is to make a showing that the statements found on the packaging were misrepresentations, not to prove causation as to each individual class member.  Thus, Judge Shwartz did not err in determining that *Varacallo*  applies.")

*Fink v. Ricoh Corp.*, 365 N.J. Super. 520, 544, 839 A.2d 942, 958 (N.J. Super. Ct. Law Div. 2003) ("[R]eliance need not be proven under the [New Jersey Consumer Fraud Act, but] plaintiffs must … demonstrate that each class member read one or more of the advertisements upon which plaintiffs rely and that one or more of the false advertising and material factual concealments which they allege were contained therein constituted a proximate cause of 'an ascertainable loss' of money or property.")

*Hannan v. Weichert S. Jersey, Inc.*, No. A-5525-05T5, 2007 N.J. Super. Unpub. LEXIS 1238, at *27-31 (N.J. App. Div. May 22, 2007) (class action; analyzing precedent and concluding that "uniform representations" or "misrepresentations … contained in written and uniform materials presented to each prospective purchaser" established "presumption or inference of reliance" for purposes of class claims |

| CLAIM | PREDOMINANT CLASSWIDE QUESTION |
|-------|-------------------------------|
| | under New Jersey Consumer Fraud Act) |
| **New York –** New York Deceptive Acts and Practices Act, N.Y. Gen. Bus. Law § 349 | *Pelman v. McDonald's Corp.*, 396 F. Supp. 2d 439, 445 (S.D.N.Y. 2005) ("[R]eliance is not a necessary element of a [N.Y. Gen. Bus. Law] § 349 [New York Deceptive Acts and Practices Act] claim.") *Taylor v. Am. Bankers Ins. Group, Inc.*, 267 A.D.2d 178 (N.Y. App. Div. 1999) ("[T]here was ample justification for the motion court's finding that the solicitations in question did not differ materially. Accordingly, given the nature and uniformity of defendants' offers of coverage, any matters relating to individual reliance and causation are relatively insignificant, if not irrelevant, and, as such, do not preclude class certification.") (citing *Pruitt v Rockefeller Ctr. Props.*, 167 A.D.2d 14, 22 (N.Y. App. Div. 1st Dept. 1991)) |
| **Ohio –** Ohio Consumer Sales Practices Act, Ohio Rev. Code Ann. §§ 1345.0l, *et seq.* | *Stanich v. Travelers Indem. Co.*, 249 F.R.D. 506, 521 (N.D. Ohio 2008) (class action; fraud claim; "Because Plaintiffs allege a duty to disclose arising from omissions in standardized, form documents, especially the insurance application, they allege a set of uniform disclosures that are not materially varied. As permitted under state (Ohio) and federal law, a fact-finder could reasonably infer that the class members' purchase of the insurance after completing the insurance application constitutes proof of reliance (on the disclosures in the application) that is common to all class members. Common questions, therefore, predominate with regard to Plaintiffs' fraud claim, and the proposed class is not barred by the requirements imposed by Rule 23(b)(3).") *Washington v. Spitzer Mgmt. Inc.*, Cuyahoga App. No. 81612, 2003-Ohio-1735, at ¶ 35, 2003 WL 1759617, at *6 (Ct. App. 2003) (class action; "If a fraud was accomplished on a common basis, there is no valid reason why those affected should be foreclosed from proving it on that basis. In such cases, reliance may be sufficiently established by inference or presumption. Thus, appellants' argument that individualized proof |

| CLAIM | PREDOMINANT CLASSWIDE QUESTION | |
|---|---|---|
| | | of reliance is necessary is without merit.") (internal citations and quotation marks omitted) |
| | **Oregon –**<br><br>Oregon Unlawful Trade Practices Act, Or. Rev. Stat. Ann. §§ 646.605, *et seq.* | *Pearson v. Philip Morris, Inc.*, 257 Or. App. 106, 140, 306 P.3d 665, 686 (Or. Ct. App. 2013) (*en banc*) (class action; "reliance is not necessarily an element of a[n Unlawful Trade Practices Act] claim [and] . . . may be proved class-wide based on circumstantial evidence; inference of reliance arises under the Act where the "same misrepresentation was made without material variation" to the class members and where the misrepresentation is such that "the class members logically would have had a common understanding of the misrepresentation, and naturally would have relied on it to the same degree and in the same way") (citing *State ex rel. Redden v. Discount Fabrics*, 289 Or. 375, 389, 615 P.2d 1034, 1038-39 (1980)), *rev. granted*, 2014 Or. LEXIS 3 (Or. Jan. 16, 2014) |
| | **South Dakota –**<br><br>South Dakota Deceptive Trade Practices and Consumer Protection Law, S.D. Codified Laws §§ 37-24-1, *et seq.* | *Although reliance must be shown, Plaintiffs' research has yielded no binding authority stating that reliance may not be proved on a classwide basis* |
| | **Texas –**<br><br>Texas Deceptive Trade Practices—Consumer Protection Act, Tex. Bus. & Com. Code Ann. §§ 17.41, *et seq.* | *Henry Schein v. Stromboe*, 102 S.W.3d 675, 693-94 (Tex. 2002) ("[C]lass-wide proof [of reliance] is possible when class-wide evidence exists. … If a plaintiff could prove reliance in an individual action with the same evidence offered to show class-wide reliance, then the issue is one of law and fact common to the class[, provided] plaintiffs have demonstrated that they can meet their burden of proof in such a way that common issues predominate over individual ones.") |
| **Breach of Express** | **Whether (1) Defendant's assertion that Wesson Oils were "100% Natural" was an affirmation of fact or promise or description of Wesson** | |

| CLAIM | PREDOMINANT CLASSWIDE QUESTION | |
|---|---|---|
| Warranty | Oils and, if so, (2) that express warranty was breached.[2] | |
| | **California –**<br><br>Cal. Com. Code § 2313 | *Keegan v. Am. Honda Motor Co., Inc.*, 838 F. Supp. 2d 929, 949 (C.D. Cal. 2012) (class action; "To prevail on a breach of express warranty claim, a plaintiff must prove that the seller:  (1) made an affirmation of fact or promise or provided a description of its goods; (2) the promise or description formed part of the basis of the bargain; (3) the express warranty was breached; and (4) the breach caused injury to the plaintiff.") (internal quotation marks and citations omitted) |
| | **Colorado –**<br><br>Colo. Rev. Stat. § 4-2-313 | *Am. Safety Equip. Corp v. Winkler*, 640 P.2d 216, 221 (Colo. 1982) ("An express warranty action involves elements of proof different from those required in a strict liability action for product misrepresentation. Specifically, section 4-2-313 provides that a seller creates express warranties by '(a)ny affirmation of fact or promise' or by '(a)ny description of the goods.'") |
| | **Indiana –**<br><br>Ind. Code Ann. § 26-1-2-313 | *Perry v. Gulf Stream Coach, Inc.*, 814 N.E.2d 634, 645 (Ind. Ct. App. 2004) ("Indiana Code Section 26-1-2-313 defines an express warranty, in part, as 'any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.'") |
| | **Nebraska –**<br><br>Neb. Rev. Stat. § 2-313 | *Hillcrest Country Club v. N.D. Judds Co.*, 236 Neb. 233, 241 (1990) ("According to § 2-313, an express warranty is created by any description of the goods which is made part of the basis of the bargain, or by any affirmation of fact or promise relating to the goods |

---

[2] *See also Butler v. Sears, Roebuck & Co.*, 702 F.3d 359, 362 (7th Cir. 2012) (reviewing certification of warranty claims under six state laws and concluding, "[a] class action is the more efficient procedure for determining liability and damages in a case such as this involving a defect that may have imposed costs on tens of thousands of consumers, yet not a cost to any one of them large enough to justify the expense of an individual suit"), *vacated and remanded for further consid. in light of Comcast Corp. v. Behrend*, 569 U.S. __, 133 S. Ct. 1426, 185 L.Ed.2d 515 (2013), *by Sears, Roebuck & Co. v. Butler*, 133 S. Ct. 2768, 186 L. Ed. 2d 215 (2013), *judgment reinstated by* 727 F.3d 796 (2013).

| CLAIM | PREDOMINANT CLASSWIDE QUESTION | |
|---|---|---|
| | | that is made by the seller to the buyer and which becomes part of the basis of the bargain.") |
| | **New Jersey –**<br><br>N.J. Stat. Ann. § 12A:2-313 | *Fidelity and Guar. Ins. Underwriters, Inc. v. Omega Flex, Inc.*, 936 F. Supp. 2d 441, 451 (D.N.J. 2013) ("As both state and federal courts in New Jersey have recognized, in order to state a claim for breach of an express warranty under N.J. Stat. Ann. § 12A:2–313, a plaintiff must properly allege:  (1) that defendant made an affirmation of fact, promise or description about the product;  (2) that this affirmation, promise or description became part of the basis of the bargain for the product; and (3) that the product ultimately did not conform to the affirmation, promise or description.")<br><br>*Ebin v. Kangadis Food, Inc.*, 13 Civ. 2311 (JSR), 2014 U.S. Dist. LEXIS 25838, at \*19-20 (S.D.N.Y. Feb. 24, 2014) (for purposes of express warranty under New Jersey law, "every tin sold to class members had a material, express promise in large letters on the front, back, left, right, and top of the tin that the contents inside were 100% Pure Olive Oil.   The same generalized evidence will be used to establish whether Capatriti's label is false, and if so, whether it was likely to mislead a reasonable consumer acting under the circumstances.")<br><br>*Elias v. Ungar's Food Prods., Inc.*, 252 F.R.D. 233, 239 (D.N.J. 2008) ("Plaintiffs simply do not have to prove reliance in the manner stated by defendants. 'As a rule, no proof of the buyer's reliance on the warranty is necessary other than that the seller's statements were of a kind which naturally would induce the purchase.   The warranty need not be the sole inducement.'   *Bregman Screen & Lumber Co. v. Bechefsky*, 16 N.J. Super. 35, 41, 83 A.2d 804 (App.Div. 1951).   The Court can find no error with Judge Shwartz's determination that individual issues would not dominate this inquiry.") |
| | **New York –**<br><br>N.Y. U.C.C. Law § | ***Jury Instruction***<br><br>N.Y. PJI 2:140 Manufacturer's Liability for Breach of |

| CLAIM | PREDOMINANT CLASSWIDE QUESTION | |
|---|---|---|
| | 2-313 | Express Warranty:<br><br>A manufacturer which in (advertising, labeling) its product represents the quality to the public in such a way as to induce purchase or use, thereby makes an express warranty that it will conform to the representation. If the product does not conform to the representation, the warranty is breached.<br><br>Plaintiff claims that in its (advertisement, label) defendant represented that its *[state product]* was *[state representation]* and that the *[state product]* did not conform to the representation in that *[state how failed to conform]*. … If you find that the representation was made and the *[state product]* did not conform, you will find that defendant breached an express warranty.<br><br>*Arthur Glick Leasing, Inc. v. William J. Petzold, Inc.*, 51 A.D.3d 1114, 1116 (N.Y. App. Div. 3d Dep't 2008) ("[A]n express warranty may include specific representations made by a manufacturer in its sales brochures or advertisements regarding a product upon which a purchaser relies … .") (citing *Randy Knitwear v Am. Cyanamid Co.*, 11 N.Y.2d 5, 14, 181 N.E.2d 399 (1962) |
| | **Oregon –**<br><br>Or. Rev. Stat. Ann. § 72.3130 | *CHMM, LLC v. Freeman Marine Equip., Inc.*, 3:12-CV-01484-ST, 2013 WL 3025137, at *3 (D. Or. June 14, 2013) ("The elements of a cause of action for breach of warranty are: (1) a warranty; (2) breach of that warranty; (3) notice to the warrantor of the breach; and (4) damages proximately caused by the breach.") (internal quotation marks and citations omitted) |
| | **South Dakota –**<br><br>S.D. Codified Laws § 57 A-2-313 | *Schmaltz v. Nissen*, 431 N.W.2d 657, 660 (S.D. 1988) ("Pursuant to [South Dakota Codified Laws] 57A-2-313: (1) Express warranties by the seller are created as follows:  Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the |

| CLAIM | PREDOMINANT CLASSWIDE QUESTION |
|---|---|
| | affirmation or promise.") |
| | **Individual reliance either is *not* required for breach of express warranty or can be shown on a class-wide basis.** |
| **California –**<br><br>Cal. Com. Code § 2313 | *Rosales v. FitFlop USA, LLC*, 882 F. Supp. 2d 1168, 1178 (S.D. Cal. 2012) (class action; "Product advertisements, brochures, or packaging can serve to create part of an express warranty. While this does not require that plaintiff relied on the individual advertisements, it does require that plaintiff was actually exposed to the advertising.") |
| **Colorado –**<br><br>Colo. Rev. Stat., § 4–2–313 | *Lutz Farms v. Asgrow Seed Co.*, 948 F.2d 638, 645 (10th Cir. 1991) (citing Official Cmt. 3 to Colo. Rev. Stat. § 4–2–313(1) and authorities from other jurisdictions in affirming trial court's submission of express warranty claim to jury despite lack of evidence of reliance by buyer) |
| **Indiana –**<br><br>Ind. Code Ann. § 26-1-2-313 | *Essex Group, Inc. v. Nill*, 594 N.E.2d 503, 506-07 (Ind. Ct. App. 1992) ("Generally, a party may allege an action for breach of contract by pleading: 1) the existence of a contract; 2) the breach thereof by the defendants; and 3) damages. … [Plaintiff] correctly points out that reliance is not an element of a breach of warranty claim.")<br><br>*Shordan v. Kyler*, 87 Ind. 38, 1882 WL 6505 (1882) (buyer may recover for breach of express warranty in sale of goods, though he was not induced by the warranty to make the purchase, and did not rely thereon) |
| **Nebraska –**<br><br>Neb. Rev. Stat. § 2-313 | *Although reliance must be shown, Plaintiffs' research has revealed no binding authority providing that reliance cannot be shown on a class-wide basis* |
| **New Jersey –**<br><br>N.J. Stat. Ann. § 12A:2-313 | *Arons v. Rite Aid Corp.*, No. BER-L-4641-03, 2005 WL 975462, at *23 (N.J. Super. Ct. Law Div. Mar. 23, 2005) (class action; "Under New Jersey express warranty law it appears that particular reliance need not be shown and the warranty issue will be a factual |

| CLAIM | PREDOMINANT CLASSWIDE QUESTION |
|---|---|
| | one.") |
| | N.J. Stat. Ann. § 12A:2-313, cmt. 3 (West 2014) ("In actual practice affirmations of fact made by the seller about the goods during a bargain are regarded as part of the description of those goods; hence no particular reliance on such statements need be shown in order to weave them into the fabric of the agreement.") |
| | *Ebin v. Kangadis Food, Inc.*, 13 Civ. 2311 (JSR), 2014 U.S. Dist. LEXIS 25838, at *19-20 (S.D.N.Y. Feb. 24, 2014) (class action; rejecting defendant's argument that proximate causation and damages defeat predominance on express and implied warranty claims under New Jersey law; "[B]ecause 100% Pure Olive Oil is the name of the product itself (and appears on all five sides of the tin), class members necessarily had to rely on it when shopping.  Furthermore, where 'the representations are in written and uniform materials presented to each prospective plaintiff, there is a presumption of causation [...].' *Elias v. Ungar's Food Products, Inc.*, 252 F.R.D. 233, 249 (D.N.J. 2008). Plaintiffs further assert, and the Court again agrees, that the common actual injury consisted of the payment of the price of olive oil for a product that was pomace oil and the associated receipt of an inferior product different from that which the consumers purchased.") |
| **New York –**<br><br>N.Y. U.C.C. Law § 2-313 | *CBS, Inc. v. Ziff-Davis Pub. Co.*, 75 N.Y.2d 496, 503 (1990) (reliance requires "no more than reliance on the express warranty as being a part of the bargain between the parties"; plaintiffs need not show they believed the truth of the representation but only that they "believed that the assurances of fact made in the warranty would be fulfilled")<br><br>*To the extent reliance remains an element of the claim, Plaintiffs' research has revealed no binding authority providing that reliance cannot be shown on a class-wide basis* |

PLAINTIFFS' APPENDIX 1:  PREDOMINANT QUESTIONS RE: MOTION FOR CLASS CERTIFICATION
CASE NO. CV 11-05379-MMM (AGRx)**ERROR! REFERENCE SOURCE NOT FOUND.**

21

| CLAIM | PREDOMINANT CLASSWIDE QUESTION | |
|---|---|---|
| | **Oregon –**<br><br>Or. Rev. Stat. § 72.3130 | *Strawn v. Farmers Ins. Co. of Or.*, 350 Or. 336, 357-59, 258 P.3d 1199, 1212 (class action; holding "classwide reliance can be inferred from evidence common to the class" when misrepresentation is uniform and material), *adhered to on reconsid.*, 350 Or. 521, 256 P.3d 100 (2011)<br><br>*Newman v. Tualatin Devel. Co., Inc.*, 287 Or. 47, 54, 597 P.2d 800, 804 (1979) (acknowledging that express warranty claim may be appropriate for class action adjudication and that reliance may not always require individual determination; denying certification solely because express warranty (in sales brochure) was "such a small part of the item purchased" and "the representation [at issue wa]s interspersed with many other descriptive statements")<br><br>*Pearson v. Philip Morris, Inc.*, 257 Or. App. 106, 158 (Or. Ct. App. 2013) (noting that Oregon Supreme Court recognized that reliance is "susceptible to class-wide proof") (quoting *Newman*, 287 Or. at 54, 597 P.2d at 804) *rev. allowed*, 354 Or. 699, 319 P.3d 696 (Jan. 16, 2014) |
| | **South Dakota –**<br><br>S.D. Codified Laws § 57A-2-313 | *Although reliance must be shown, Plaintiffs' research has revealed no binding authority providing that reliance cannot be shown on a class-wide basis* |
| **Breach of Implied Warranty** | **Whether Defendants' false and misleading assertion that Wesson Oils are "100% Natural" breached an implied warranty of merchantability.** | |
| | **California –**<br><br>Cal. Com. Code § 2314 | Cal. Com. Code § 2314 (2)(f)<br>    (2) Goods to be merchantable must be at least such as …<br>        (f) conform to the promise or affirmations of fact made on the container or label if any." Cal. Com. Code 2314(f); *see also* U.C.C. § 2-314 Official Cmt. 10 ("Paragraph (f) applies, on the other hand, wherever there is a label or container on which representations are made, even though |

| CLAIM | | PREDOMINANT CLASSWIDE QUESTION |
|---|---|---|
| | | the original contract, either by express terms or usage of trade, may not have required either the labelling or the representation. This follows from the general obligation of good faith which requires that a buyer should not be placed in the position of reselling or using goods delivered under false representations appearing on the package or container.") |
| | | *Rideout v. Similasan Corp.*, No. 12cv0376-BTM-WMC, 2013 U.S. Dist. LEXIS 69369, at *15-16 (S.D. Cal. May 14, 2013) ("The Court holds that Plaintiffs have stated a cause of action for breach of the implied warranty of merchantability, as they have alleged that Defendants' products did not conform to the promises or affirmations of fact made on the container or label. *Accord In re Ferrero Litig.*, 794 F. Supp. 2d 1107, 1118 (S.D. Cal. 2011) (declining to dismiss plaintiffs' claim for breach of implied warranty of merchantability where plaintiffs alleged that goods did not conform with the promises or affirmations of fact made on the container or label).") |
| | **Colorado** – Colo. Rev. Stat. § 4-2-314 | Colo. Rev. Stat. § 4-2-314, cmt. 10 ("In an action based on breach of warranty, it is of course necessary to show not only the existence of the warranty but the fact that the warranty was broken and that the breach of the warranty was the proximate cause of the loss sustained.") |
| | | *Edwards v. ZeniMax Media Inc.*, Civil Action No. 12-cv-00411-WYD-KLM, 2013 U.S. Dist. LEXIS 139223, at *31 (D. Colo. Sept. 27, 2013) ("[I]n addition to being 'fit for the ordinary purpose for which such good is used', the Colorado statute regarding implied warranty requires that the product 'conform to the promises or affirmations of fact made on the container or label.'") (citing *Francis v. Mead Johnson & Co.*, No. 10-cv-00701-JLK, 2010 U.S. Dist. LEXIS 137630, 2010 WL 5313540, at *5 (D. Colo. Dec. 17, 2010) (citing Colo. Rev. Stat. § 4-2- |

| CLAIM | PREDOMINANT CLASSWIDE QUESTION | |
|---|---|---|
| | | 314(2)(c), (f))) |

*Francis*, No. 10-cv-00701-JLK, 2010 U.S. Dist. LEXIS 137630, 2010 WL 5313540, at *7 (ruling that although product at issue, baby formula, was "probably fit for its ordinary purpose" – to provide a baby with a healthy substitute for breast milk – "the question of implied warranty in this case more accurately turns on whether the promises or affirmations on the product's label conform with the product itself'" and deeming statement that product at issue was "the only infant formula shown in independent clinical studies to improve baby's brain and eye development" to be an affirmation of fact on the label)

| | **Indiana –**<br><br>Ind. Code Ann. § 26-1-2-314 | *U.S. Automatic Sprinkler Co. v. Reliable Automatic Sprinkler Co.*, 719 F. Supp. 2d 1020, 1027 (S.D. Ind. 2010) ("In order to prevail in a cause of action based on breach of warranty, the plaintiff must provide "'evidence showing not only the existence of the warranty but that the warranty was broken and that the breach of warranty was the proximate cause of the loss sustained.'") (quoting *Fantz v. Cantrell*, 711 N.E.2d 856, 860 (Ind. Ct. App. 1999))<br><br>*Anderson v. Gulf Stream Coach, Inc.*, 662 F.3d 775, 784-85 (7th Cir. 2011) (implied warranty of merchantability is a warranty that goods shall be "merchantable," i.e., fit for the ordinary purposes for which such goods are used, but "[i]t also means that the goods conform to promises or affirmations of fact made on the container or label, if any.") (citing Ind. Code § 26-1-2-314) |
| | **Nebraska –**<br><br>Neb. Rev. Stat. § 2-314 | *Divis v. Clarklift of Neb., Inc.*, 256 Neb. 384, 393, 590 N.W.2d 696, 702 (1999) ("To maintain a warranty action, several factors must be proved: (1) … the defendant made a warranty, express or implied, under §§ 2-313, 2-314, or 2-315; (2) … the goods did not comply with the warranty, i.e., the goods were defective at the time of the sale; (3) … the injury was caused, proximately and in fact, by the defective |

| CLAIM | PREDOMINANT CLASSWIDE QUESTION |
|---|---|
| | nature of the goods; and (4) … damages.") |
| **New Jersey –**<br><br>N.J. Stat. Ann. § 12A:2-314 | *Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 601, n.8 (3rd Cir. 2012) ("To state claim for breach of the implied warranty of merchantability ..., a plaintiff must allege (1) that a merchant sold goods, (2) which were not 'merchantable' at the time of sale, (3) injury and damages to the plaintiff or its property, (4) which were was caused proximately and in fact by the defective nature of the goods, and (5) notice to the seller of injury.") (citing *In re Ford Motor Co. E–350 Van Prods. Liab. Litig.*, 2008 WL 4126264, at *19 (D.N.J. Sept. 2, 2008)<br><br>*Ebin v. Kangadis Food, Inc.*, 13 Civ. 2311 (JSR), 2014 U.S. Dist. LEXIS 25838, at *19-20 (S.D.N.Y. Feb. 24, 2014) (class action; "With regard to the breach of implied warranty of merchantability, goods that are deemed merchantable must 'pass without objection in the trade under the contract description ... [be] fit for the ordinary purposes for which such goods are used; and ... conform to the promises or affirmations of fact made on the container or label.'  N.J. Stat. Ann. § 12A:2-314.  Again, the same evidence will be used to determine whether this implied warranty was breached in selling the Capatriti product.") |
| **South Dakota –**<br><br>S.D. Codified Laws § 57A-2-314 | *Kendall v. Bausch & Lomb, Inc.*, Civ. 05-5066-KES, 2009 U.S. Dist. LEXIS 52195, at *31-32 (D.S.D. June 17, 2009) ("… '[T]he warranty of merchantability generally promises that "the goods will conform to the ordinary standards and are of average grade, quality, and value of like goods which are generally sold in the stream of commerce."'") (quoting *Rynders v. E.I. Du Pont, De Nemours & Co.*, 21 F.3d 835, 841 (8th Cir. 1994) |
| **Individual reliance is *not* required for breach of implied warranty or can be shown on a class-wide basis.** | |
| **California –**<br><br>Cal. Com. Code § | *Rideout v. Similasan Corp.*, No. 12cv0376-BTM-WMC, 2013 U.S. Dist. LEXIS 69369, at *15-16 (S.D. Cal. May 14, 2013) ("The Court holds that Plaintiffs |

| CLAIM | PREDOMINANT CLASSWIDE QUESTION | |
|---|---|---|
| | 2314 | have stated a cause of action for breach of the implied warranty of merchantability, *as they have alleged that Defendants' products did not conform to the promises or affirmations of fact made on the container or label.* *Accord In re Ferrero Litig.*, 794 F. Supp. 2d 1107, 1118 (S.D. Cal. 2011) (declining to dismiss plaintiffs' claim for breach of implied warranty of merchantability where plaintiffs alleged that goods did not conform with the promises or affirmations of fact made on the container or label).") (emphasis added) |
| | Colorado –<br><br>Colo. Rev. Stat. § 4-2-314 | ***Jury Instruction***<br><br>Colo. Jury Instr., Civil 14:10 -- Breach of Implied Warranty of Merchantability -- Elements of Liability<br><br>For the plaintiff, (name), to recover from the defendant, (name), on (his) (her) (its) claim of breach of implied warranty of merchantability, you must find all of the following have been proved by a preponderance of the evidence:<br><br>1 The defendant sold the (insert description of article);<br><br>2 The plaintiff is a person who was reasonably expected to use, consume or be affected by the product;<br><br>3 The defendant was a merchant with respect to the type of product involved;<br><br>4 The (description of article) was not of merchantable quality at the time of sale;<br><br>5 This breach of warranty caused the plaintiff (injuries) (damages) (losses); and<br><br>6 Within a reasonable time after the plaintiff discovered or should have discovered the alleged breach of warranty, the plaintiff notified the defendant of such breach.<br><br>*Allen v. Am. Honda Motor Co.*, 264 F.R.D. 412, 418, |

| CLAIM | PREDOMINANT CLASSWIDE QUESTION | |
|---|---|---|
| | | 437 (N.D. Ill. 2009) (class action; certifying class of residents of various states, including Colorado, whose sole claims were for breach of implied warranty of merchantability, with no consideration of reliance as to those claims), *vacated on other grounds and remanded*, 600 F.3d 813 (7th Cir. 2010) |
| | **Indiana** – <br><br> Ind. Code Ann. § 26-1-2-314 | *U.S. Automatic Sprinkler Co. v. Reliable Automatic Sprinkler Co*., 719 F. Supp. 2d 1020, 1027 (S.D. Ind. 2010) (reciting elements of Indiana breach of warranty claim as "evidence showing not only the existence of the warranty but that the warranty was broken and that the breach of warranty was the proximate cause of the loss sustained," but not citing reliance as an element) |
| | **Nebraska** – <br><br> Neb. Rev. Stat. § 2-314 | *El Fredo Pizza, Inc. v. Roto-Flex Oven Co.*, 199 Neb. 697, 702, 261 N.W.2d 358, 362 (1978) ("In order for goods to be merchantable under section 2-314, they must be at least such as are fit for the ordinary purposes for which such goods are used. Under this implied warranty, no reliance upon the seller need be shown.") |
| | **New Jersey** – <br><br> N.J. Stat. Ann. § 12A:2-314 | *Allen v. Am. Honda Motor Co.*, 264 F.R.D. 412, 418, 437 (N.D. Ill. 2009) (certifying class for implied warranty of merchantability including New Jersey residents), *vacated on other grounds, Am. Honda Motor Co. v. Allen*, 600 F.3d 813 (7th Cir. 2010) <br><br> *Ebin v. Kangadis Food, Inc.*, 13 Civ. 2311 (JSR), 2014 U.S. Dist. LEXIS 25838, at *19-20 (S.D.N.Y. Feb. 24, 2014) (class action; rejecting defendant's argument that proximate causation and damages defeat predominance on express and implied warranty claims under New Jersey law; "[B]ecause 100% Pure Olive Oil is the name of the product itself (and appears on all five sides of the tin), class members necessarily had to rely on it when shopping.  Furthermore, where 'the representations are in written and uniform materials presented to each prospective plaintiff, there is a presumption of causation […].' *Elias v. Ungar's Food Products, Inc.*, 252 F.R.D. 233, 249 (D.N.J. 2008). Plaintiffs further assert, and the Court again agrees, |

| CLAIM | PREDOMINANT CLASSWIDE QUESTION | |
|---|---|---|
| | | that the common actual injury consisted of the payment of the price of olive oil for a product that was pomace oil and the associated receipt of an inferior product different from that which the consumers purchased.") |
| | **South Dakota –** S.D. Codified Laws § 57A-2-314 | *Diamond Surface v. State Cement Plant Comm'n*, 1998 SD 97, ¶¶ 33, 45 (1998) (noting that goods are merchantable for purposes of implied warranty of merchantability if they "'[p]ass without objection in the trade under the contract description,'" and limiting discussion of "reliance" to separate claim of breach of implied warranty of fitness for particular purpose) (quoting S.D. Codified Laws § 57A-2-314) |
| **Unjust Enrichment** | **Whether ConAgra's assertion that Wesson Oils are "100% Natural" false, such that it would be unfair for ConAgra to benefit at Plaintiffs' expense.** | |
| | **Colorado** | *Salzman v. Bachrach*, 996 P.2d 1263, 1265-66 (Colo. 2000) ("In Colorado, a plaintiff seeking recovery for unjust enrichment must prove: (1) at plaintiff's expense (2) defendant received a benefit (3) under circumstances that would make it unjust for defendant to retain the benefit without paying.") *Jackson v. Unocal Corp.*, 262 P.3d 874, 890 (Colo. 2011) (*en banc*) (affirming certification of class that included claims for unjust enrichment) *Francis v. Mead Johnson & Co.*, No. 1:10-CV-00701-JLK, 2010 WL 3733023 (D. Colo. Sept. 16, 2010) (denying motion to strike class allegations in case that included unjust enrichment claims, because defendant had not established that it would be "*impossible* to certify" case as a class action) (internal quotation marks omitted; emphasis in original) |
| | **Florida** | *Scantland v. Jeffry Knight, Inc.*, No. 8:09-cv-1985-T-17TBM, 2011 WL 4530006, at *5 (M.D. Fla. Sept. 29, 2011) (class action; "A claim for unjust enrichment based on a contract implied in law includes the following … 1) the plaintiff has conferred a benefit on |

| CLAIM | PREDOMINANT CLASSWIDE QUESTION |
|---|---|
| | the defendant; 2) the defendant has knowledge of the benefit; 3) the defendant has accepted or retained the benefit conferred; and 4) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying fair value for it.") <br><br> *James D. Hinson Elec. Contr. Co. v. BellSouth Telecomms.*, Inc., 275 F.R.D. 638, 647 (M.D. Fla. 2011) ("[C]ommon questions can predominate in unjust enrichment claims where 'the defendant's conduct is the same as to all members of the putative class.' [*County of Monroe, Fla. v. Priceline.com, Inc.*,] 265 F.R.D. 659, 671 (S.D. Fla. 2010). … [W]hen the defendant's conduct is the same, 'it is difficult to conceive of any significant equitable differences between class members.' *Id.* Courts thus have upheld the certification of unjust enrichment claims in certain situations. *See id.* (citing cases within the Eleventh Circuit); *Arvida/JMB Partners v. Council of Villages, Inc.*, 733 So. 2d 1026, 1031 (Fla. 4th DCA 1999).") |
| **Illinois** | *Chiappe-Kay v. Barthel*, No. 2-12-0975, 2013 IL App (2d) 120975-U, ¶ 26, 2014 WL 2641416, at *5 (Ill. App. Ct. June 7, 2013) ("To state a claim for unjust enrichment, 'a plaintiff must allege that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience.'") (citing *Gagnon v. Schickel*, 2012 IL App (1st) 120645, ¶ 25) <br><br> *Nicholson v. UTI Worldwide, Inc.*, No. 3:09-cv-722-JPG-DGW, 2011 U.S. Dist. LEXIS 49890, at *21-22 (S.D. Ill. May 10, 2011) ("[T]his case presents common questions of law and fact regarding the implementation of UTi's time-clock rounding, 'ready to work' and lunchtime work policies and whether those policies resulted in its forklift operators working before their shifts and during lunch breaks without being paid properly for that work time. It will also clearly involve individual issues regarding damages to be awarded to each class member if the class prevails. |

| CLAIM | PREDOMINANT CLASSWIDE QUESTION |
|---|---|
| | However, the common issues predominate over the damages issues and are good candidates for unitary adjudication.  The predominant question in this case revolves around whether UTi had or did not have uniform policies of requiring or allowing work without pay.")

*Clark v. TAP Pharm. Prods., Inc.*, 343 Ill. App. 3d 538, 550 (Ill. App. Ct. 2003) ("The plaintiffs [assert] that to establish their claim, they will address the common question of whether the defendants fraudulently inflated the cost of Lupron and determine the defendants' profit from their illegal conduct, which would be unrelated to individual class members but divided among the class members based upon their out-of-pocket losses. … We agree with the plaintiffs' reasoning and conclude that common issues, regarding both the plaintiffs' consumer fraud claim and the plaintiff[s'] unjust enrichment claim, predominate over the issues that affect only individual members.") |
| **Indiana** | *Bayh v. Sonnenburg,* 573 N.E.2d 398, 408 (Ind. 1991) (class action; "To prevail on a claim of unjust enrichment, a plaintiff must establish that a measurable benefit has been conferred on the defendant under such circumstances that the defendant's retention of the benefit without payment would be unjust.")

*ConAgra, Inc v. Farrington*, 635 N.E.2d 1137, 1143 (Ind. Ct. App. 1994) (class action; affirming certification of class of Indiana residents whose claims included unjust enrichment related to allegations of ConAgra's alleged miscalculation of the grade of soybeans by plaintiff seller; "sufficient evidence supporting the trial court's finding that injury and damages were common to the class and were predominant.") |
| **Nebraska** | *In re M & M Mktg., L.L.C.*, Bankr. No. BK09-81458-TJM, Adv. No. A11-8096-TJM, 2013 WL 152526, at *3 (Bankr. D. Neb. Jan. 15, 2013) ("The plaintiff must show that (1) the defendant received money, (2) the |

| CLAIM | PREDOMINANT CLASSWIDE QUESTION |
|---|---|
| | defendant retained possession of the money, and (3) the defendant in justice and fairness ought to pay the money to the plaintiff.")<br><br>*Cortez v. Neb. Beef, Inc.*, 266 F.R.D. 275, 280, 281 (D. Neb. 2010) (certifying class on state law claims including unjust enrichment) |
| New York | *Mandarin Trading Ltd. v. Wildenstein*, 16 NY3d 173, 182, 994 N.E.2d 1104 (2011) ("The essential inquiry in any action for unjust enrichment … is whether it is against equity and good conscience to permit the defendant to retain what is sought to be recovered. A plaintiff must show that (1) the other party was enriched, (2) at that party's expense, and (3) that 'it is against equity and good conscience to permit [the other party] to retain what is sought to be recovered.") (internal quotation marks and citations omitted)<br><br>*Seekamp v. It's Huge, Inc.*, 1:09-CV-00018 (LEK/DRH), 2012 U.S. Dist. LEXIS 33295, at *41 (N.D.N.Y Mar. 13, 2012) (class action; ruling that common questions of law and fact predominated because it did not appear that individual issues would be unique to each plaintiff; "The predominant issue for the unjust enrichment claim is whether Defendants were enriched at the class' expense by selling them the [vehicle discounts] for $295.00 each, and then failing to perform the guarantees enumerated in the [discounts]."), *reconsid. den'd*, 2013 U.S. Dist. LEXIS 80970 (N.D.N.Y, June 10, 2013) |
| Ohio | *Pointe at Gateway Condo. Owner's Assn., Inc. v. Schmelzer*, 2013-Ohio-3615, ¶ 61, 2013 WL 4510576, a *10 (Ohio Ct. App. 2013) ("A claim of unjust enrichment requires: (1) a benefit conferred by a Plaintiff upon a Defendant; (2) knowledge by the Defendant of the benefit; and (3) retention of the benefit by the Defendant under circumstances where it would be unjust to do so without payment.") (quoting *Miller v. Keybank Natl. Assn.*, 8th App. Dist., 2006-Ohio-1725, ¶ 43 (Ohio Ct. App. 2006), *discret. app.* |

| CLAIM | PREDOMINANT CLASSWIDE QUESTION |
|---|---|
| | *not allowed*, 2006-Ohio-4288 (2006))<br><br>*Lucio v. Safe Auto Ins. Co.*, 183 Ohio App. 3d 849, 863 (Ohio Ct. App. 2009) (class action; affirming "[c]ertification of the unjust enrichment claim" under Ohio law and noting that the trial court "examined in great detail … whether common elements predominated.") |
| **Oregon** | *Winters v. County of Clatsop*, 210 Or. App. 417, 421, 150 P.3d 1104, 1106 (Or. Ct. App. 2007) ("[T]o establish unjust enrichment, a plaintiff must establish that (1) the plaintiff conferred a benefit on the defendant; (2) the defendant was aware that it had received a benefit; and (3) under the circumstances, it would be unjust for the defendant to retain the benefit without paying for it.")<br><br>*Phelps v. 3PD, Inc.*, 261 F.R.D. 548, 563 (D. Or. 2009) (class action; "[T]he evidence will be common because of defendant's uniform treatment of [the class members].   All of the [class members'] contracts will be adjudged in the same fashion on this issue.   Thus, common issues predominate in the unjust enrichment/quantum meruit claim.") |
| **South Dakota** | *N. Valley Commc'ns, LLC v. Qwest Commc'ns Corp.*, 659 F. Supp. 2d 1062, 1070 (D.S.D. 2009) ("[U]nder South Dakota law, '[u]njust enrichment occurs "when one confers a benefit upon another who accepts or acquiesces in that benefit, making it inequitable to retain that benefit without paying.'"") (quoting *Hofeldt v. Mehling*, 658 N.W.2d 783, 788 (S.D. 2003))<br><br>*United Wis. Servs. v. Abbott Labs. (In re Terazosin Hydrochloride Antitrust Litig.)*, 220 F.R.D. 672, 695, 697 n.40, 702 (S.D. Fla. 2004) (class action; "Upon examination of the … unjust enrichment claims of the proposed classes [including South Dakota class], and based on an analysis as to whether the resolution of class-wide issues will have a substantial impact on each class member's underlying case, the Court concludes that common questions of law and fact |

| CLAIM | PREDOMINANT CLASSWIDE QUESTION | |
|---|---|---|
| | | predominate over individuals issues. Therefore, the requirements of Rule 23(b)(3)'s predominance test have been met.") |
| | **Texas** | *ADT Sec. Servs. v. Hawa*, No. 09-04-536 CV, 2005 Tex. App. LEXIS 9163, at *14-15 (Tex. Ct. App. Beaumont Nov. 3, 2005) ("'A party may recover under the unjust enrichment theory when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage.' *Heldenfels Bros., Inc. v. City of Corpus Christi*, 832 S.W.2d 39, 41, 35 Tex. Sup. Ct. J. 802 (Tex. 1992). A claim for unjust enrichment may arise when the 'person sought to be charged [has] wrongfully secured a benefit or [has] passively received one which it would [be] unconscionable to retain.' *City of Corpus Christi v. S.S. Smith & Sons Masonry, Inc.*, 736 S.W.2d 247, 250 (Tex. App. - Corpus Christi 1987, writ denied)." (alterations in *ADT Sec. Servs.*) <br><br> *Mims v. Stewart Title Guar. Co.*, 590 F.3d 298, 308 (5th Cir. 2009) ("district court did not abuse its discretion by certifying the class as to the state law claims" that included unjust enrichment under Texas law) <br><br> *In re Great S. Life Ins. Co. Sales Prac. Litig.*, 192 F.R.D. 212, 221 (N.D. Tex. 2000) ("[T]he Court finds that questions of law and fact predominate and certifies this cause of action [*i.e.*, unjust enrichment] at this time.") |