**GRANT & EISENHOFER P.A.**
ADAM J. LEVITT (pro hac vice)
EDMUND S. ARONOWITZ (pro hac vice)
30 North LaSalle Street, Suite 1200
Chicago, Illinois 60602
Telephone: (312) 214-0000
Facsimile: (312) 214-0001
alevitt@gelaw.com
earonowitz@gelaw.com

**MILBERG LLP**
DAVID E. AZAR (SBN 218319)
One California Plaza
300 South Grand Avenue, Suite 3900
Los Angeles, California 90071
Telephone: (213) 617-1200
Facsimile: (213) 617-1975
dazar@milberg.com

Plaintiffs' Interim Class Counsel

[Additional Counsel on Signature Page]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| IN RE CONAGRA FOODS, INC. | Case No. CV 11-05379-MMM (AGRx), MDL NO. 2291 |
| | CLASS ACTION |
| | **PLAINTIFFS' OPPOSITION TO CONAGRA FOODS, INC.'S *EX PARTE* APPLICATION TO STAY** |
| | Hon. Margaret M. Morrow |

Plaintiffs, by their undersigned counsel, respectfully submit this memorandum in opposition to Defendant ConAgra Foods, Inc.'s ("Defendant" or "ConAgra") *Ex Parte* Application to Stay (Dkt. No. 433 ("Def. Mem.")).

For the second time in little more than a year,[1] ConAgra is demanding that this Court bring this litigation to a dead stop -- *ostensibly* because of purportedly relevant developments in other, unrelated cases, but, *in reality*, because of its fear that the tide of this litigation is turning against it.  In support of its second shutdown attempt, ConAgra speculates that the appeal of *Jones v. ConAgra Foods, Inc.*, No. 14-16327 (9th Cir. filed July 15, 2014), a case in no way connected with this litigation other than ConAgra also being the defendant there, will (i) "likely" be consolidated with appeals of other, unrelated cases that (ii) have not yet but are "likely" to be filed, and will (iii) "likely" address and resolve a bevy of vaguely defined issues that have arisen this year in myriad other food-label cases.  Def. Mem. at 1-2.  Based on this string of speculative contingencies, and the fact that "most of" the other unrelated cases "were cited by at least one of the parties as authority" at some point in *this* case, ConAgra suggests that the Court impose an indefinite stay pending the resolution of the *Jones* appeal.  *See* Def. Mem. at 2-3.[2]

ConAgra's broad claim that *Jones* will resolve important (largely

---

[1] See Footnote 4, below
[2] Indeed, ConAgra's entire argument is based on its erroneous contention that all cases relating to the allegedly false "100% Natural" labeling of various food products are identical and that the outcomes of those cases must be identical as well.  ConAgra's argument is akin to contending that flooding cases and drowning cases are identical because both involve water.  Once that false presumption is laid bare, ConAgra's arguments – and, thus, its entire motion – necessarily fail.

unspecified) issues before the Court is unsubstantiated.  ConAgra's sudden bid for a stay appears to be motivated by a wish to avoid the imminent entry of orders in *this litigation that do not favor ConAgra.  Indeed, the Jones appeal was filed over five months ago*.  If ConAgra believed the *Jones* would be determinative, it could have brought this motion over the summer.  ConAgra did not file this motion to stay in August or anytime while it thought the Court would deny the motion for certification, as it did in July.  Yet, following this Court's preliminary indication that it is inclined to grant the bulk of Plaintiffs' amended class certification motion,[3] and only after waiting until the eve of the scheduled December 30, 2014, hearing on Plaintiffs' Motion to Compel, does ConAgra bring an *ex parte* motion urging this Court to stay all proceedings in order to await the outcome of the *Jones* appeal and other rulings.

An Order staying this case pending resolution of the *Jones* appeal (or any orders on the several other cases ConAgra cites) is inappropriate and would delay proceedings to an unwarranted and unknowable degree.

*Instead of a stay*, simply *adjusting* the schedule in this case, based on the posture and realities of the present matter, is a far less drastic remedy that would enable the parties to avoid any prejudice or hardship pending the outcome of the

---

[3] The hearing on Plaintiffs' pending Motion to Compel Document Production from Defendant ConAgra Foods, Inc. Relating to ConAgra's Late Production of Documents is set for December 30, 2014. Dkt. No. 426.  On November 24, 2014, the Court took under advisement the Motion for Class Certification, after a preliminary order largely favorable to Plaintiffs. Dkt. No. 424.

appeal of *Jones* or any other potential case whose outcome might prove relevant. Such a remedy would also be appropriate following the Court's entry of the rulings on the pending motions.  The Court should therefore deny ConAgra's motion to stay.

A.    **ConAgra Abuses the *Ex Parte* Mechanism**

For the second time in this litigation,[4] ConAgra brings an *ex parte* motion to stay while providing no valid reason for invoking emergency review, let alone the stay.  As this Court has previously observed, "*ex parte* applications contravene the structure and spirit of the Federal Rules of Civil Procedure and the Local Rules of this court" and "impose an unnecessary administrative burden on the court and an unnecessary adversarial burden on opposing counsel who are required to make a hurried response under pressure, usually for no good reason."    *Morales v. Prolease PEO, LLC*, No. 11-CV-10389, 2011 WL 6740329, *1 (C.D. Cal. Dec. 22, 2011).

In light of these considerations, "opportunities for legitimate *ex parte* applications are extremely limited"; indeed, "the use of such a procedure should be limited to instances in which:  (1) there is the threat of immediate or irreparable injury; (2) there is a danger that notice to the other party may result in the destruction of evidence or the party's flight; or (3) the party seeks a routine

---

[4] This Court previously denied ConAgra's "Ex Parte Application for Order Staying Proceedings Pending Outcome of Referral to Food and Drug Administration." Dkt. Nos. 171, 173.

procedural order that cannot be obtained through a regularly noticed motion." *Id.*

ConAgra cites none of these factors, and none is present here.  ConAgra simply claims to have proceeded *ex parte* because it "likely" cannot obtain a hearing date that ConAgra – which anticipates unfavorable orders on two pending motions – would consider "timely."  (Def. Mem. at 1).  That justification might merit an expedited briefing and hearing schedule on a motion to stay, but does not justify seeking ex parte relief for the stay itself, and forcing Plaintiffs to respond within on 24 hours.  Having failed to seek a briefing schedule from the Court prior to bringing this motion *ex parte*, ConAgra succeeds only in imposing unnecessary and unjustified burdens on the Court and Plaintiffs.  For this reason alone, the Court should deny the motion.

**B.**    **Reasonable Adjustment of the Discovery and Case Management Schedule Will Avoid Hardship or Prejudice to the Parties**

Assuming that the Court has any interest in the issues addressed by ConAgra, certain modest adjustments could instead be made to the discovery and case management schedule – a point addressed by the Court at the conclusion of the recent class certification motion hearing.  An amended schedule will avoid prejudice resulting from the pendency of other case rulings (i.e. a Rule 23(f) filing by one or more of the parties in this litigation), while ensuring efficiencies that would be lost if the litigation were allowed to lapse during the lengthy time frame needed for Ninth Circuit appeals.  For example, there is no reason to pause the

resolution of Plaintiffs' fully briefed motion to compel set for December 30, 2014, and, if granted in any part, to allow the Magistrate to order that production begin. The same applies for the pending deposition on the same day of a ConAgra employee.

Additionally, as to ConAgra's argument about its anticipated Rule 23(f) petition practice, Plaintiffs have been willing to discuss with ConAgra a joint proposal based on the needs and realities of this case.  Such an adjustment to the schedule would ensure efficient and continued active litigation of *this* matter based on the realities and posture of *this* case – rather than upon events that may occur in other, unrelated cases.  Because ConAgra's motion is improper and, at best, premature,[5] the Court should deny it.

## 2.     The Relevant Factors Weigh Against Imposing a Stay

Conceding there is no basis for granting a stay under Rule 23(f) (*see* Def. Mem. at 7 fn.1), ConAgra appeals to the inherent power of the Court to control its docket, relying on precedent the Court cited in its Order denying ConAgra's previous *ex parte* stay motion.  *See id.* at 5 (citing *Mediterranean Enters., Inc. v.*

---

[5] As ConAgra states, its application for the stay "does not present a basis for a stay pursuant to Rule 23(f)," because the Court's ruling on the motion for certification is pending.  Def. Mem. at 7 n.1.  However, even upon entry of the Court's ruling on the class certification motion and in the event of a Rule 23(f) motion by either party, a stay would not be automatic.  *See* Fed. R. Civ. P. 23(f).  Moreover, as to ConAgra's alternative argument that the Court should issue its ruling on certification, but otherwise stay the case pending a ruling on Jones and the other potential appeals, a stay would be unwarranted since ConAgra has failed to show that the limited questions on appeal in *Jones* would be decisive here.  Instead, modification of the discovery and case management schedule would, at least as the facts now stand, serve the same ends.

*Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983); *Levya v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863-64 (9th Cir. 1979)); *see also* Order Denying Defendant's *Ex parte* Application for an Order Staying Action Pending Outcome of Referral to Food and Drug Administration, Aug. 12, 2013, Dkt. No. 173, at 3.

As ConAgra concedes, three factors inform the Court's consideration of motions to stay that are based upon judicially inherent power:  (1) the possible damage that may result from granting the stay; (2) the hardship or inequity a party may suffer in the absence of a stay, and (3) "'the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.'"  Def. Mem. at 5 (quoting *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005)).  The Court may also consider "the stage in litigation, whether substantial discovery has already taken place, and whether the matter has been set for trial." *Epistar Corp. v. Philips Lumileds Lighting Co., LLC*, No. C 07-5194 CW, 2008 U.S. Dist. LEXIS 119891, *7 (N.D. Cal. Apr. 2, 2008) (citation omitted).  The party seeking a stay bears the burden of proving the stay is warranted.  *Clinton v. Jones*, 520 U.S. 681, 708 (1997).  "'[I]f there is even a fair possibility that the stay ... will work damage to someone else," the party seeking the stay "must make out a clear case of hardship or inequity."  *Lockyer*, 398 F.3d at 1112 (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936) (ellipses in *Lockyer*)).

Here, ConAgra gives no weight whatsoever to the first factor:  the damage

- 7 -

that the requested stay may cause.  This damage includes the effects on discovery in terms of potential loss of evidence, lost memories, lost time, and other procedural inefficiencies, when litigation is suddenly ground to a halt.  *See Cartmill v. Sea World, Inc.*, No. 10CV00361 DMS (POR), 2010 U.S. Dist. LEXIS 11776, at *6 (S.D. Cal. Nov. 5, 2010) (denying stay based, in part, on fact that indefinite duration occasioned "risk of evidence being lost or witnesses forgetting relevant facts or relocating outside of the Court's jurisdiction").Rather, ConAgra simply asserts that "[t]he case has been pending for several years, through no fault of ConAgra's,"[6] and that because the *Jones* appeal will be "briefed in February" an indefinite stay cannot occasion possible damage.  The reality, however, is that if the *Jones* appeal is granted, years will elapse before resolution.  Further, given the discovery disputes, the parties would be better suited if they could have the Magistrate Judge resolve various outstanding issues once the Court issues its class certification ruling (which will frame the rest of merits discovery), and continue discovery, and but do so in a way to accommodate the issues discussed above. Accordingly, this factor goes against ConAgra's request for an indefinite stay.

As to the second factor, "'[b]eing required to defend a suit, without more, does not constitute a "clear case of hardship or inequity"'" to support entry of a stay.  *Stanley v. Novartis Pharms. Corp.*, No. CV 11-03191 MMM (OPx), 2012

---

[6] ConAgra's apparent denial of responsibility for the pace of the litigation is belied by the conduct of ConAgra and its various counsel, as reflected throughout the record in this case.

- 8 -

U.S. Dist. LEXIS 61713, *10 (C.D. Cal. Apr. 13, 2012) (quoting *Lockyer*, 398 F.3d at 1112).   Here, ConAgra's claim of "hardship" in the absence of a stay pending a possible ruling on the *Jones* appeal (and resolution of issues in the several other cases ConAgra cites) is belied by the facts:  ConAgra seeks to avoid its discovery obligations, the entry of a likely-unfavorable ruling on class certification, and bringing this case to trial, knowing that a stay will result in loss of case momentum.   ConAgra's vague claim that absent an indefinite stay the parties will "expend considerable resources preparing this discovery and briefing, all of which will be based on the law as it now stands" is always the situation, and insufficient given that ConAgra cannot show that the resolution of *any* particular issue on appeal in *Jones* would result in a binding ruling on an issue that this Court is likely to resolve in the interim.

As to the third factor, the interest of the orderly course of justice, such will not be aided by the sudden cessation of litigation here to await indefinite outcomes in unrelated matters.  As to this factor, ConAgra, again, incorrectly claims that the issues on appeal in *Jones* and other cases are relevant here, as is addressed in the next sections.

**2.      Issues on Appeal in *Jones* Are Neither Dispositive Nor Relevant**

Any resolution by the Ninth Circuit of the issues on appeal in *Jones* will not enable this Court to resolve issues that are, or are likely to be, before the Court in this case.  While ConAgra represents that *Jones* involves three different product

lines (*see* Def. Mem. at 3), in fact the *appeal* on which ConAgra's motion is based

is, according to plaintiff-appellant's brief, "limited to *one* plaintiff and *one* product

line – Plaintiff Jones and Hunt's canned tomato products" – and is further limited

to claims under California statutes, an unjust enrichment theory, and the

Magnuson-Moss Act.[7]  The first question presented by the appellant is whether the

district court erroneously imposed an "ascertainability" requirement, based on the

district court's finding that some of the products sold to the members of the

putative class did not include the allegedly misrepresentative labels, and class

members were unlikely to "remember" whether they had bought the actionable or

non-actionable products.  *Jones* (9th Cir.), Doc. No. 21, at 16.  Here, ConAgra

does not claim that members of the proposed class purchased Wesson Oils whose

labels omitted the "natural" claims; thus, resolution of whether the district court's

certification ruling properly considered the effects of non-actionable labels in

*Jones* will not inform the Court in the present case.

> The only other potentially relevant bases on which ConAgra claims a delay

to resolve *Jones* is appropriate (*see* Def. Mem. at 3) is the fact that the district court

in *Jones* rejected "price premium" and "regression" models.  However, the

appellate court's rulings, if any, on whether the district court properly rejected

these models will have little or no bearing on this case, because the primary basis

---

[7]  Emphasis added.  The case was dismissed as to Plaintiff Christine Sturges a
month ago, following her motion to dismiss.  *Jones v. ConAgra Foods, Inc.*, 14-
16327 (9th Cir.), Doc. No. 19.

of the *Jones* appeal is whether the district court improperly applied *Comcast* to "rewrite the remedies available under state substantive laws," *i.e.*, the "restitution" remedies available under the California statutes (Unfair Competition Law and False Advertising Law). *Jones* (9th Cir.), Doc. No. 21, at 35-36 (citing *Comcast v. Behrend*, 133 S. Ct. 1426 (2013)).  It may also be a very fact specific evaluation and ruling based on the models presented in that matter, and thus have limited applicability to the analyses of this Court.

> ### 3.    Resolution of Other Cases ConAgra Cites Will Not Aid the Court in Resolving the Issues Before It

In addition to staying the case pending the appeal of the unrelated *Jones* case, ConAgra speculates as to the "likely" appeals of the unrelated rulings in *Brazil v. Dole Packaged Foods, LLC*, No. 5:12-cv-01831-LHK, and *Werdebaugh v. Blue Diamond Growers*, No. 5:12-cv-02724, 2014 WL 2191901.    Thus, ConAgra apparently suggests that any stay entered by the Court should also encompass the resolution of those cases as well as other food-related cases to which ConAgra has pointed.  Def. Mem. at 3-5.  ConAgra's position is meritless, particularly, again, where the less drastic remedy of adjusting the discovery and case-management schedule is available.

Speculating as to what, if any, issues will be on appeal in these and the other cases ConAgra cites may prove fruitless (*Jones* being but one example in which litigants declined to seek appeal of significant rulings in the underlying decision).

Nevertheless, in *Brazil*, summary judgment was granted on the basis that a sole plaintiff's testimony "without more," was insufficient to survive a motion for summary judgment – an issue that is not anticipated to be before the Court. *Brazil*, No. 5:12-cv-01831-LHK, 2014 WL 6901867, at *5-6. In *Werdebaugh*, the court decertified the damages class on the basis of the particular hedonic regression model there, and Plaintiffs submit that this Court has already reviewed the one submitted in this case, and will make its decisions based on the specifics presented here. For similar reasons, *Lanovaz v. Twinings North America, Inc.*, No. 5:12-cv-2646, 2014 WL 1652338 (N.D. Cal. Apr. 24, 2014), addressing a regression damages model specific to that case, is inapposite.

ConAgra's own description of *Bruton v. Gerber Products Co.*, No. 5:12-cv002412, 2014 WL 2860995 (N.D. Cal. June 23, 2014), reveals that the case is also inapposite, for reasons similar to those with respect to *Jones*. *See* Def. Mem. at 4. The facts do not show that "only a subset of flavors" (or types of Wesson Oils) were "sold with multiple labels" wherein some of the products were not actionable. *See id.* Nor has ConAgra claimed that some of the Wesson Oils purchased by members of the proposed classes were not labeled "natural." In any event, ConAgra offers no basis for concluding that the specific issues to which they point in their motion will be resurrected and resolved by the Court of Appeals in *Jones*.

In sum, it is not reasonable for this Court and Plaintiffs to be asked to delve

- 12 -

into the details of these other matters on an expedited basis, and speculate about what issues may or may be raised or addressed on appeal, in a request for an indefinite stay of the action.  Instead, the focus should be on the needs of this case, and Plaintiffs remaining willing to confer, and then present a joint proposal after considering the Court's ruling on the pending motion for certification.

Accordingly, Plaintiffs respectfully request that the Court deny ConAgra's motion for an indefinite stay.

Respectfully submitted,

_____

DATED:  December 18, 2014          **GRANT & EISENHOFER P.A.**
                                   ADAM J. LEVITT


                                       */s/ Adam J. Levitt*
                                   ADAM J. LEVITT
                                   30 North LaSalle Street, Suite 1200
                                   Chicago, Illinois 60602
                                   Telephone:   (312) 214-0000
                                   Facsimile:   (312) 214-0001
                                   alevitt@gelaw.com

- 13 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**GRANT & EISENHOFER P.A.**
EDMUND ARONOWITZ (pro hac vice)
30 North LaSalle Street, Suite 1200
Chicago, Illinois 60602
Telephone:  (312) 214-0000
Facsimile:   (312) 214-0001
earonowitz@gelaw.com

**GRANT & EISENHOFER P.A.**
MARY S. THOMAS (SBN 175110)
123 Justison Street, 7th Floor
Wilmington, Delaware 19317
Telephone:  (302) 622-7000
Facsimile:   (302) 622-7100
mthomas@gelaw.com

**MILBERG LLP**
DAVID E. AZAR
One California Plaza
300 South Grand Avenue, Suite 3900
Los Angeles, California 90071
Telephone:  (213) 617-1200
Facsimile:   (213) 617-1975
dazar@milberg.com

**MILBERG LLP**
ARIANA J. TADLER (pro hac vice)
HENRY J. KELSTON (pro hac vice)
One Pennsylvania Plaza
New York, New York  11030
Telephone:  (212) 594-5300
Facsimile:   (212) 868-1229
atadler@milberg.com
hkelston@milberg.com

***Plaintiffs' Interim Class Counsel***

- 14 -