# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| IN RE CONAGRA FOODS, INC. | Case No.: CV 11-05379-CJC(AGRx) <br><br> MDL No. 2291 |
| ROBERT BRISEÑO, et al., individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br> v. <br> CONAGRA FOODS, INC., <br><br> Defendants. | ORDER DIRECTING NOTICE TO CLASS MEMBERS |

In this Action, Class Representatives, in their individual capacities and on behalf of all others similarly situated (the "Classes"), assert claims against Defendant Conagra Brands, Inc.  Defendant has denied each of the claims asserted against it in this Action

and denies any and all liability. Class Representatives maintain that the claims have merit. The Court previously certified damages classes under Rule 23(b)(3) of the Federal Rules of Civil Procedure for California, Colorado, Florida, Illinois, Indiana, Nebraska, New York, Ohio, Oregon, South Dakota, and Texas.

This Court has now been presented with an Unopposed Motion for Order Directing Notice to Class Members, filed on March 12, 2019. The Settlement Agreement was negotiated and consented to on behalf of the Parties, and it would resolve the claims against Defendant arising out of the Action. Notice of the proposed settlement has been served on the appropriate federal and state officials pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

Having considered the terms of the Settlement Agreement in light of the issues presented by the pleadings, the record in this case, the complexity of the proceedings, and the absence of any evidence of collusion between Class Representatives and Defendant, and being preliminarily satisfied that the Settlement Agreement is fair, reasonable, and consistent with applicable laws, and being satisfied that the proposed Notice Plan is adequate and sufficiently informative as to the terms and effect of the proposed settlement, IT IS ORDERED THAT:

1. This Court has jurisdiction over the subject matter of the Action pursuant to 28 U.S.C. § 1332(d). This Court also has jurisdiction over all Parties to the Action, including all members of the Classes, as defined below.

2. This Order is justified by the Parties' showing that the Court will likely be able to approve the proposed settlement as fair, reasonable, and adequate under Rule 23(e)(2), subject to further consideration at the Fairness Hearing. Class Representatives and Defendant are authorized and directed to take all actions that may be required prior to

final approval by this Court of the proposed settlement and compromises set forth in the Settlement Agreement.

3. By the Court's Order Granting in Part and Denying in Part Plaintiffs' Amended Motion for Class Certification (Dkt. 545), eleven statewide classes were certified under Federal Rule of Civil Procedure 23(b)(3) to pursue the following claims:

(a) <u>California</u>: (1) violations of the California Unfair Competition Law, California Business & Professions Code §§ 17200, *et seq.* ("UCL"), California Consumer Legal Remedies Act, California Civil Code §§ 1750, *et seq.* ("CLRA"), and California Business & Professions Code §§ 17500, *et seq.* ("FAL"); and (2) breach of express warranty (California Commercial Code § 2313);

(b) <u>Colorado</u>: (1) violation of the Colorado Consumer Protection Act, Colorado Revised Statutes §§ 6-1-101, *et seq.* ("CCPA"); (2) breach of express warranty (Colorado Revised Statutes § 4-2-313); and (3) breach of implied warranty (Colorado Revised Statutes § 4-2-314);

(c) <u>Florida</u>: (1) violation of the Florida Deceptive and Unfair Trade Practices Act, Florida Statutes Annotated §§ 501.201, *et seq.* ("FDUTPA")

(d) <u>Illinois</u>: (1) violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 Illinois Compiled Statutes §§ 505/1, *et seq.* ("ICFA") and (2) unjust enrichment;

(e) <u>Indiana</u>: (1) unjust enrichment and (2) breach of implied warranty (Indiana Code § 26-1-2-314);

(f) <u>Nebraska</u>: (1) unjust enrichment and (2) breach of implied warranty (Nebraska Revised Statutes § 2-314);

    (g)    <u>New York</u>: (1) violation of the New York Consumer Protection Act, New York General Business Law §§ 349, *et seq.* ("GBL"); and (2) breach of express warranty (N.Y. U.C.C. Law § 2-313);

    (h)    <u>Ohio</u>: (1) violation of the Ohio Consumer Sales Practices Act, Ohio Revised Code §§ 1345.01, *et seq.* ("OCSPA");

    (i)    <u>Oregon</u>: (1) violation of the Oregon Unfair Trade Practices Act, Oregon Revised Statutes §§ 646.605, *et seq.* ("OUTPA"); and (2) unjust enrichment;

    (j)    <u>South Dakota</u>: (1) violation of the South Dakota Deceptive Trade Practices and Consumer Protection Law, South Dakota Codified Laws §§ 37 24 1, *et seq.* ("SDDTPL"); and (2) unjust enrichment;

    (k)    <u>Texas</u>: (1) violation of the Texas Deceptive Trade Practices - Consumer Protection Act, Texas Business & Commerce Code §§ 17.41, *et seq.* ("TDTPA").

4. The following Classes certified under Federal Rule of Civil Procedure 23(b)(3), which were limited by the applicable statute of limitations periods established by the laws of the eleven states, will be notified of this proposed settlement and their rights under it:

    (a)    <u>California Class</u>: all natural persons who resided in the State of California and purchased Wesson Oil Products in California, for personal, non-commercial use, between June 28, 2007 and July 1, 2017 ("California Class Period");

    (b)    <u>Colorado Class</u>: all natural persons who resided in the State of Colorado and purchased Wesson Oil Products in Colorado, for personal, non-commercial use, between January 12, 2009 and July 1, 2017 ("Colorado Class Period");

(c) <u>Florida Class</u>: all natural persons who resided in the State of Florida and purchased Wesson Oil Products in Florida, for personal, non-commercial use, between January 12, 2008 and July 1, 2017 ("Florida Class Period");

(d) <u>Illinois Class</u>: all natural persons who resided in the State of Illinois and purchased Wesson Oil Products in Illinois, for personal, non-commercial use, between January 12, 2007 and July 1, 2017 ("Illinois Class Period");

(e) <u>Indiana Class</u>: all natural persons who resided in the State of Indiana and purchased Wesson Oil Products in Indiana, for personal, non-commercial use, between January 12, 2006 and July 1, 2017 ("Indiana Class Period");

(f) <u>Nebraska Class</u>: all natural persons who resided in the State of Nebraska and purchased Wesson Oil Products in Nebraska, for personal, non-commercial use, between January 12, 2008 and July 1, 2017 ("Nebraska Class Period");

(g) <u>New York Class</u>: all natural persons who resided in the State of New York and purchased Wesson Oil Products in New York, for personal, non-commercial use, between January 12, 2008 and July 1, 2017 ("New York Class Period");

(h) <u>Ohio Class</u>: all natural persons who resided in the State of Ohio and purchased Wesson Oil Products in Ohio, for personal, non-commercial use, between January 12, 2010 and July 1, 2017 ("Ohio Class Period");

(i) <u>Oregon Class</u>: all natural persons who resided in the State of Oregon and purchased Wesson Oil Products in Oregon, for personal, non-commercial use, between January 12, 2006 and July 1, 2017 ("Oregon Class Period");

(j) <u>South Dakota Class</u>: all natural persons who resided in the State of South Dakota and purchased Wesson Oil Products in South Dakota, for personal, non-commercial use, between January 12, 2006 and July 1, 2017 ("South Dakota Class Period"); and

(k) <u>Texas Class</u>: all natural persons who resided in the State of Texas and purchased Wesson Oil Products in Texas, for personal, non-commercial use, between January 12, 2010 and July 1, 2017 ("Texas Class Period").

5. Excluded from the Classes are (a) governmental entities; (b) Conagra Foods, Inc., and its affiliates, subsidiaries, employees, current and former officers, directors, agents, and representatives; (c) the members of the Court and its staff; and (d) Opt-Outs.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court appoints the following persons as Class Representatives:

(a) Robert Briseño and Michele Andrade for the California Class;
(b) Jill Crouch for the Colorado Class;
(c) Julie Palmer for the Florida Class;
(d) Pauline Michael for the Illinois Class;
(e) Cheri Shafstall for the Indiana Class;
(f) Dee Hooper-Kercheval for the Nebraska Class;
(g) Kelly McFadden and Necla Musat for the New York Class;
(h) Maureen Towey for the Ohio Class;
(i) Erika Heins for the Oregon Class;
(j) Rona Johnston for the South Dakota Class; and
(k) Anita Willman for the Texas Class.

7. Having considered the factors set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedure, the Court appoints DiCello Levitt Gutzler LLC and Milberg Tadler Phillips Grossman LLP as Class Counsel.

8. **Schedule and Deadlines.** The Court hereby approves the following schedule:

| ACTION | TIMING |
| --- | --- |
| First Publication of Class Notice | 10 days after issuance of the Order Directing Notice |
| Settlement Website Established | One day before First Publication of Class Notice |
| Opt-Out Deadline | 114 days after First Publication of Class Notice |
| Claims Deadline | 130 days after First Publication of Class Notice |
| Motion for Final Approval and Fee and Expense Application Deadline | 2 weeks before Objection Filing Deadline |
| Supplemental Filing in Support of Final Approval Deadline | 33 days after Claims Deadline |
| Objection Filing Deadline | 114 days after First Publication of Class Notice |
| Request to Appear at Hearing Filing Deadline | 114 days after First Publication of Class Notice |
| Objection Response Deadline | 2 weeks after Objection Filing Deadline |
| Final Approval Hearing | October 7, 2019 |
| Gross Settlement Proceeds Paid into Escrow Account | 20 days after Final Effective Date |

9. A Fairness Hearing shall be held at 1:30 p.m. on Monday, October 7, 2019, for the purpose of determining whether the proposed settlement and compromise set forth in the Settlement Agreement shall be approved finally by the Court and whether final judgment dismissing the Action with respect to Defendant is appropriate. This hearing

will be held at the United States District Court for the Central District of California, 350 W. 1st Street, Courtroom 7C, Los Angeles, CA 90012.  At the Fairness Hearing, the Court will consider and determine:

(a) whether the proposed settlement is fair, reasonable, and adequate to Class Members and should be approved by the Court;

(b) whether the Classes satisfy the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and 23(b)(3) for purposes of the proposed settlement;

(c) whether the Court should enjoin Defendant according to the specific terms in the Settlement Agreement;

(d) whether final judgment should be entered, dismissing the Action as to Defendant, on the merits and with prejudice, and to determine whether the release by Class Members of the Released Claims, as set forth in the Settlement Agreement, should be provided;

(e) whether the Court should approve Class Counsel's application for an award of attorneys' fees, expenses, and costs;

(f) whether the Court should approve any motion for service awards for the Class Representatives; and

(g) such other matters as the Court may deem appropriate.

10. JND Legal Administration is appointed as the Settlement Administrator and the Notice Plan set forth in the Declaration of Jennifer M. Keough, attached as Exhibit A-4 to the Settlement Agreement, is approved.

11. The Publication Notice attached as Exhibit A-1 to the Settlement Agreement and the Posted Notice attached as Exhibit A-2 to the Settlement Agreement are approved. Dissemination of the Class Notice as set forth in the Notice Plan satisfies the

requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and any other applicable laws, and constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto. The Publication Notice and Posted Notice will be published in accordance with the terms of the Notice Plan set forth in the Settlement Agreement. Non-substantive changes may be made to the Publication Notice and Posted Notice by agreement of Class Representatives and Defendant without further order of this Court.

12.  No later than one day before First Publication of Class Notice, the Settlement Administrator shall establish and maintain a toll-free number and the Settlement Website, on which relevant pleadings, settlement documents, any applicable deadlines, and the Posted Notice shall be posted in order to provide information to the Classes of the proposed Settlement.

13.  The Settlement Administrator shall cause the Publication Notice to be published as provided in the Notice Plan.

14.  Fourteen (14) days in advance of the Objection Date, Class Counsel shall file their Motion for Final Approval of the Settlement, and their application for attorneys' fees and expenses, and service awards to Class Representatives. Defendant shall file any response to any motions filed under this paragraph within 14 days.

15.  If the Settlement Agreement is not approved by the Court substantially in accordance with its terms, or does not become subject to a Final Approval Order following such approval, or the Final Effective Dates does not occur, then the Action, for all purposes, shall revert to its status as of the date before the execution of the Settlement Agreement.

16. In order to be entitled to participate in the Gross Settlement Proceeds, each Class Member shall take the following actions and be subject to the following conditions:

(a) A properly executed Claim Form, substantially in the form attached as Exhibit A-1 to the Settlement Agreement, must be submitted to the Settlement Administrator, postmarked on or before the Claims Deadline. Such deadline may be further extended by Court Order. Each Claim Form shall be deemed to have been submitted when postmarked (if properly addressed and mailed by first class mail, postage prepaid) provided it is actually received by the Settlement Administrator before payment of the Gross Settlement Proceeds. Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received by the Settlement Administrator.

(b) The Claim Form submitted by each Class Member must satisfy the following conditions: (i) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) where required, it must be accompanied by adequate supporting documentation for residency and the transactions reported; and (iii) it must be complete and contain no material deletions or modifications and must be submitted under penalty of perjury.

(c) As part of the Claim Form, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted and shall (subject to effectuation of the Settlement) release all Released Claims as provided in the Settlement Agreement.

17. Any Class Member who does not submit a Claim Form in the manner stated in this Order shall be deemed to have waived his or her right to share in the Settlement Proceeds and shall forever be barred from sharing in the Gross Settlement Proceeds. Any such Class Member, however, in all other respects shall be subject to and bound by all of the terms of the Settlement, including the terms of the Settlement Agreement, the Final Approval Order, and the releases provided for by the Settlement Agreement and the Final Approval Order unless such Class Member has submitted a request to be excluded in the manner required by this Order.

18. **Opting Out of the Settlement.**

(a) Each Class Member may elect to opt out of the Settlement. Any Class Member who wishes to opt out of the Settlement must do so, in writing, by mailing a request for exclusion to the Settlement Administrator signed by the Class Member (the "Opt-Out Request"). Any such request must be sent to the Settlement Administrator and postmarked by the Opt-Out Deadline.

(b) The Opt-Out Request must:

(1) bear the handwritten signature of the Class Member seeking to opt out;

(2) set out the Class Member's full legal name, valid mailing address, and functioning telephone number;

(3) state that the Class Member has reviewed and understood the Class Notice and chooses to be excluded from the Settlement; and

(4) provide the name of and contact information for the Class Member's attorney, if represented.

(c) No person or entity may opt out on behalf of another Class Member.

(d) All requests to opt out that fail to satisfy the requirements of this paragraph, as well as any additional requirements that the Court may impose, shall be void. No class-wide, mass opt-outs, or opt-outs signed by attorneys are permitted under this Agreement.

(e) Any Class Member who does not properly and timely submit a request to opt out as required in this Agreement shall be deemed to have waived all rights to opt out and shall be deemed a Class Member for all purposes under this Agreement.

18. **Objecting to the Settlement.**

(a) Any Class Member who does not timely and properly opt out of the Settlement may object to the fairness, reasonableness, or adequacy of the proposed Settlement under Federal Rule of Civil Procedure 23. Each Class Member who wishes to object must do so, in writing, by filing a written objection with the Clerk of the Court and mailing it to Class Counsel and to counsel for Conagra at the addresses set forth below:

| **Clerk of the Court:**<br>Office of the Clerk<br>United States District Court for the Central District of California<br>350 W. 1st Street, Suite 4311<br>Los Angeles, CA 90012 | **Class Counsel:**<br>Ariana J. Tadler<br>Milberg Tadler Phillips Grossman LLP<br>One Penn Plaza, Suite 1920<br>New York, NY 10119 |
|---|---|
| **Counsel for Conagra:**<br>Angela M. Spivey<br>Alston & Bird<br>One Atlantic Center<br>1201 W Peachtree Street, NE<br>Atlanta, GA 30309-1404 | **Class Counsel:**<br>Adam J. Levitt<br>DiCello Levitt Gutzler LLC<br>Ten North Dearborn Street,<br>Eleventh Floor<br>Chicago, IL 60602 |

     (b)    Any such objection must be postmarked by the Objection Deadline for filing objections and under these procedures. Any such objection must (a) attach copies in advance of any materials that the objector intends to submit to the Court or present at the Fairness Hearing; (b) be personally signed by the Class Member and, if represented by counsel, by his or her counsel; (c) include information or documents sufficient to show that the objector is a Class Member; and (d) clearly state in detail (i) the legal and factual ground(s) for the objection, (ii) the Class Member's name, mailing address, email address, and telephone number, (iii) whether it applies only to the objector, to a specific subset of the class, or to the entire class, (iv) if represented by counsel, such counsel's name, email address, mailing address, and telephone number, (v) any request to present argument to the Court at the Fairness Hearing, (vi) previous objections that the Class Member has filed in class action settlements in the past five years and the results of those objections (including any settlements that were reached concerning his or her objection), and (vii) previous objections that the objecting Class Member's counsel has filed either in a representative capacity or on their own behalf in the past five years (including any settlements that were reached concerning those objections).

     (c)    Any objection that fails to satisfy the requirements of this paragraph, or that is not properly and timely submitted, shall be deemed void and waived unless otherwise ordered by the Court. The Court shall make the final determination if any objection complies with the requirements of this paragraph. Any Party may respond to any objection by the date as ordered by the Court.

20.	The procedures and requirements for filing objections in connection with the Fairness Hearing are intended to ensure the efficient administration of justice and the orderly presentation of any Class Member's objection to the Settlement, in accordance with the due process rights of all Class Members.

21.	**Requests to Appear at Fairness Hearing.** Any Class Member who wishes to appear and be heard in person or by counsel at the Fairness Hearing must make such request by notifying the Court and the Parties' respective counsel at the addresses set forth above, subject to the discretion of the Court.  Any such request must be filed with the Clerk of the Court and postmarked by the deadline for filing requests to appear.  The request must state the name, address, and telephone number of the Class Member, as well as the name, address, and telephone number of the person that shall appear on his or her behalf.  Any request for appearance that fails to satisfy these requirements, or that has otherwise not been properly or timely submitted, shall be deemed ineffective and a waiver of such Class Member's rights to appear and to comment on the Settlement at the Fairness Hearing.  Only the Parties, Class Members, or their counsel may request to appear and be heard at the Fairness Hearing.  Persons or entities that opt out may not request to appear and be heard at the Fairness Hearing.

22.	Attendance at the Fairness Hearing is not necessary.  Class Members do not need to appear at the Fairness Hearing or take any other action to indicate their approval.

23.	Pending the Fairness Hearing, all proceedings in the Action are stayed and, pursuant to the All Writs Act, 28 U.S.C. § 1651, and the Anti-Injunction Act, 28 U.S.C. § 2283, the prosecution of any pending or subsequently filed litigation by Class Members arising out of or relating to the Released Claims is prohibited.  Proceedings in the Court arising out of and relating to the Settlement Agreement, and any other proceeding

necessary to effectuate the Settlement Agreement in any other action are excepted from this stay.

24. The Court may adjourn the Fairness Hearing without any further notice other than an announcement of the adjournment at the scheduled time of the Fairness Hearing or at the scheduled time of any adjournment of the Fairness Hearing. The Court may consider modifications of the Settlement Agreement (with the consent of the Parties to the Settlement Agreement) without further notice to the Classes.

25. The Court reserves the right to approve the Settlement with or without modification and with or without further notice of any kind. The Court further reserves the right to enter its Final Approval Order approving the Settlement and dismissing the Complaint against Defendant on the merits and with prejudice regardless of whether it has approved or awarded attorneys' fees and expenses or service awards to Class Representatives.

26. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the proposed settlement.

DATED:   April 4, 2019

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE