# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE CONAGRA FOODS, INC.** | Case No. CV 11-05379-CJC (AGRx) |
| **ROBERT BRISEÑO, et al., individually and on behalf of all others similarly situated,** | MDL No. 2291 |
| Plaintiffs, | |
| v. | **FINAL JUDGMENT AND DISMISSAL WITH PREJUDICE** |
| **CONAGRA FOODS, INC,** | |
| Defendants. | |

Pursuant to Federal Rules of Civil Procedure 54 and 58, and in accordance with the October 8, 2019 Order Granting Final Approval of Class Action Settlement [Dkt. 695, referred to as "Order Granting Final Approval"], **the Court ORDERS, ADJUDGES, AND DECREES the following:**

1. This matter came before the Court to determine whether to finally approve the Settlement with Defendant Conagra Brands, Inc. (formerly Conagra Foods, Inc.) as set forth in the Settlement Agreement dated March 12, 2019 [Dkt. 652, Ex. 1 (Settlement Agreement)] relating to the Action.

2. Accordingly, the Court directs the entry of Judgment which shall constitute a final adjudication of this case in accordance with the terms of the Settlement Agreement.

3. The Court has jurisdiction over the subject matter of the Action and over all parties to the Settlement Agreement, including all members of the Classes.

4. The Court has granted final approval and confirmed that the Settlement set forth in the Settlement Agreement is, in all respects, fair, reasonable, and adequate to the Classes pursuant to Fed. R. Civ. P. 23. [Dkt. 695]. After careful consideration of all papers filed in this proceeding, including evidence from counsel regarding attorneys' fees, $978,671 in unreimbursed expenses, and over 20,320 hours of time and effort by Class Counsel [Dkts. 650-52, 660-63] benefitting the Classes and resulting in the Settlement Agreement, the Court is fully informed and determined that the Settlement Agreement should be and was approved in the Order Granting Final Approval. [Dkt. 695].

5. Pursuant to Fed. R. Civ. P. 23(g), David E. Azar of Milberg Phillips Grossman LLP; Ariana J. Tadler and A. J. de Bartolomeo of Tadler Law LLP; and Adam J. Levitt and Amy E. Keller of DiCello Levitt Gutzler LLC have been appointed

as counsel for the Class. Class Counsel and their respective firms have fairly and competently represented the interests of the Classes.

6. Willis A. Johnson timely submitted a letter dated May 22, 2019, stating he wanted to opt out and be excluded from the Settlement Agreement. (Dkt. 661-2, Exhibit I). He, therefore, is excluded from this Final Judgment. No other opt-outs were timely received and therefore all other Class Members are subject to this Final Judgment and dismissal with prejudice, regardless of whether a Class Member submitted a Claim Form.

7. This Court hereby dismisses the Action with prejudice, with each party to bear its own costs and attorneys' fees except as otherwise described in the Settlement Agreement and the Order Granting Final Approval.

8. All Released Claims as defined in Section 2 and set forth in Section 7 of the Settlement Agreement ("Releases And Reservations And Covenants Not To Sue") are dismissed with prejudice and forever discharged.

9. In entering this Final Judgment, the Court specifically refers to and invokes the Full Faith and Credit Clause of the United States Constitution and the doctrine of comity, and requests that any court in any other jurisdiction reviewing, construing, or applying this Final Judgment implement and enforce its terms in their entirety.

10. Without affecting the finality of this Final Judgment in any way, the Court retains continuing jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

11. There is no just reason for delay in the entry of this Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54 (b) of the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

DATED: December 10, 2019

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE