MILBERG PHILLIPS GROSSMAN LLP
David E. Azar (SBN218319)
11766 Wilshire Boulevard, Suite 500
Los Angeles, CA  90025
Telephone:  213-617-1200
Email:  dazar@milberg.com

TADLER LAW LLP
Ariana J. Tadler (*pro hac vice*)
A.J. de Bartolomeo (SBN 136502)
One Pennsylvania Plaza
New York, NY  10119
Telephone:  929-207-3639
Email:  atadler@tadlerlaw.com
         ajd@tadlerlaw.com

DICELLO LEVITT GUTZLER LLC
Adam J. Levitt (*pro hac vice*)
Amy E. Keller (*pro hac vice*)
Ten North Dearborn Street, Eleventh Floor
Chicago, IL  60602
Telephone:  312-214-7900
Email:  alevitt@dicellolevitt.com
         akeller@dicellolevit.com

*Class Counsel*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE CONAGRA FOODS, INC.**<br><br>**ROBERT BRISEÑO, et al., individually and on behalf of all others similarly situated,**<br><br>        **Plaintiffs,**<br><br>    **v.**<br><br>**CONAGRA FOODS, INC,**<br><br>        **Defendant.** | Case No. CV 11-05379-CJC (AGRx)<br><br>MDL No. 2291<br><br><br>**CLASS COUNSEL'S RESPONSE AND OPPOSITION TO OBJECTOR'S MOTION FOR SANCTIONS**<br><br>**Date:  January 6, 2020**<br><br>**Judge: Hon. Cormac J. Carney** |

1

2

## SUMMARY OF THE ARGUMENT

3      The Court has already granted final approval of the settlement, and the lone

4  objector to the settlement has already filed his notice of appeal.  *See* ECFs 695, 697,

5  709.  The Court's role in ensuring that the settlement presented is fair, adequate, and

6  reasonable has been satisfied.  There is nothing more for the Court to do at this point.

7      Rather than move forward with the appeal, the objector waited 66 days until after

8  he could have filed his Rule 11 motion to bring the issue up with this Court, needlessly

9  expending judicial resources on an untimely and meritless sanctions motion.  The

10  dispute?  The objector takes issue with Class Counsel's argument that he should have

11  disclosed an ongoing business relationship with his counsel if his objection could result

12  in potentially making the Class worse off.  According to the objector, this argument is

13  sanctionable.

14      There are several reasons why the Court should deny the Rule 11 motion.  First,

15  it is untimely.  Rule 11 motions seeking attorney's fees cannot be served *after* the

16  district court has decided the merits of the underlying dispute giving rise to the filing

17  in question.  This is because once a district court has decided the underlying dispute,

18  the motion for fees cannot serve Rule 11's purpose of judicial economy.  Here, the

19  Court has considered and ruled on the parties' briefing on approval of the settlement,

20  in which the allegedly offensive arguments were made.  The motion must be denied as

21  untimely; to do otherwise would subvert the purposes and intent of the Rule.

22      Second, even if the Court is inclined to consider the objector's motion as timely,

23  the Court should deny it for failure to meet the requisite burdens of proof, under any of

24  the standards of sanctioning authority.[1]  The imposition of sanctions is reserved for the

25  most extreme conduct where an attorney acts in bad faith, for improper purposes (such

26

27  [1]      Henderson appears to bring the motion for sanctions under a panoply of authority: Federal Rule of Civil Procedure 11, 28 U.S.C. §1927, C.D. California,

28  Local Rule 83-7, or the Inherent Powers of the Court.

- 1 -

1   as harassment), or advances frivolous arguments.  The alleged (and mischaracterized)

2   misconduct here does not rise to the level of sanctionable conduct contemplated by the

3   Rules.

4   <u>**ARGUMENT AND AUTHORITIES**</u>

5   The Court should find the objector's motion is untimely and deny it. To hold

6   otherwise would contravene the purpose of Fed. R. Civ. P. 11 and well-settled Ninth

7   Circuit law. The Court should also deny the objector's motion on the merits and under

8   28 U.S.C. § 1927, because the filing about which the objector complains is not

9   sanctionable.

10   **A.    The Underlying Dispute: Objector Failed to Disclose a Conflict That Could Potentially Hurt the Class; Class Counsel Found It Necessary to Inform the Court**

12   The objector is moving for sanctions because the parties disagree.  Class Counsel

13   believes any time a litigant (be it class counsel or an objector) advocates a position that

14   is intended to affect class members' right as a whole, potential conflicts need to be

15   exposed.[2]  *See* ECF 672 at 5-7.  The objector argues that this would be tantamount to

16   applying the criteria for class representatives to objectors. *See* ECF 703 at 7-8.  As the

17   Court-appointed fiduciaries, Class Counsel had good reason to make the argument and

18   take issue with the objector's and his counsel's failure to disclose the conflict to the

19   _____

20   [2]    This is especially true if that position would make the class *worse off*, and potentially benefit the objector and his counsel. *See* ECF 670 at 1 ("Notably,

21   however, the Objector does not object to the amount of monetary compensation available to the Class and makes no claim that the Class would benefit from the

22   Settlement being set aside. Indeed, as this Court noted in its Order Granting Preliminary Approval of Class Action Settlement. . . '[t]his monetary compensation is

23   approximately 36% higher than what class members could obtain at trial, which is approximately 10.2 cents per unit, according to Plaintiffs' own expert.' Nonetheless,

24   the Objector seeks an extreme and unreasonable remedy: rejection of the entire settlement.")  As has been demonstrated, the Class would most certainly get less at

25   trial if the settlement were rejected.  Disclosing this conflict is especially important if there were a potential for objector's counsel to move for fees and potentially benefit

26   from the Class getting less.  Indeed, objector's counsel has moved for attorneys' fees from other class action settlements in which it has objected. *See, e.g., Eubank v.*

27   *Pella Corp.*, No. 06-cv-04481, Motion for Attorneys' Fees, ECF 683 (N.D. Ill. May 21, 2018).

28

Court after nearly eight years of litigation resulted in the class members getting *more* in settlement than they could have gotten at trial. By his motion, the objector appears to believe that such conflicts should not have to be disclosed. But this difference in opinion does not warrant sanctions. *Am. Nat. Bank & Tr. Co. of Chicago v. Equitable Life Assur. Soc. of U.S.*, 406 F.3d 867, 878 (7th Cir. 2005) ("Simply having a good-faith difference of opinion is not sanctionable conduct."); *Pain Center of SE Indiana, LLC v. Origin Healthcare Sol'ns LLC*, 2015 WL 5775455, *3 (S.D. Ind. Sept. 30, 2015) (finding that a "reasonable difference in opinion does not warrant sanctions"). The Court ultimately approved the proposed settlement, notwithstanding the objection.[3]

## B. The Objector's Motion for Sanctions Should be Denied as Untimely as a Matter of Law

Rule 11 is intended to deter baseless filings and imposes a duty of "reasonable inquiry" so that anything filed with the Court is "well grounded in fact, legally tenable, and not interposed for any improper purpose." *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 393 (1990); *Islamic Shura Council of Southern Cal. v. Federal Bureau of Investigation*, 757 F.3d 870, 872 (9th Cir. 2014) (*per curiam*) (reversing sanctions because Rule 11 motion was untimely filed).

Fee sanctions compensate a party for the costs of enforcing the rule when the party taking the challenged position has refused to withdraw or correct it. *Islamic Shura,* 757 F.3d at 873. The purpose of a Rule 11 motion for sanctions cannot be served after the district court has decided the merits of the underlying dispute giving rise to the questionable filing. *Id.* "This is because once the court has decided the

---

[3] Indeed, the objector's Rule 11 motion is yet one more bite at the apple even *after* final approval—this is demonstrated by the very language used in his motion: recycling criticisms of the now Court-approved settlement. *See, e.g.,* ECF 703 at 1 (noting that the fee request in this settlement is "hugely disproportionate to the relief to the class," even though that rationale for objecting had been rejected by the final approval order). Additional references to "abusive discovery" and efforts to "harass the objector with legally irrelevant discovery" (*id.* at 8) are also curious, given that no such discovery ultimately occurred given the objector's counsel's demand for "reciprocal" discovery. ECF 678-1 ¶¶ 9-10.

1  underlying dispute, the motion for fees cannot serve Rule 11's purpose of judicial

2  economy." *Id.* (citing to Advisory Committee's Notes to the 1993 Amendments to Rule

3  11, which note that a party may not serve a motion for Rule 11 sanctions after "judicial

4  rejection of the offending contention."); 5A Charles Alan Wright & Arthur R. Miller,

5  Federal Practice and Procedure § 1337.2 (3d ed.) (noting that one purpose of Rule 11

6  is to "encourage[e] the withdrawal of papers that violate the rule without involving the

7  district court, thereby avoiding sanction proceedings whenever possible and

8  streamlining the litigation process").   Were the Court to seriously consider the

9  objector's request and order sanctions against Class Counsel, it would subvert Rule

10  11's purpose to streamline litigation.

11       Additional relevant authority shows that the objector is wrong.   *See, e.g.*

12  *Sarieddine v. Alien Visions E-Juice, Inc.*, 2019 WL 4316245, *6 (C.D. Cal. June 14,

13  2019) (denying Rule 11 sanctions because motion was untimely, and not served

14  separately from any other motion); *Consumer Financial Protection Bureau v. Howard*,

15  2018 WL 4846920, *3 (C.D. Cal. March 22, 2018) (denying sanctions under Rule 11

16  *and* 28 U.S.C. § 1927 as untimely); *Natural–Immunogenics Corp. v. Newport Trial*

17  *Group*, No. SACV15-02034 JVS (JCGx), 2016 WL 11520757, *1 (C.D. Cal. June 6,

18  2016) (denying sanctions under Rule 11 because motion was untimely filed after the

19  district court had already decided the merits of the underlying dispute giving rise to the

20  challenged filing); *Resh v. Hetzner*, 2014 WL 12601046, *3 (C.D. Cal. Dec. 16, 2014)

21  (denying Rule 11 sanctions because untimely filed); *Barber v. Miller*, 146 F.3d 707,

22  711 (9th Cir. 1998) (reversing Rule 11 sanctions where motion was served and filed

23  after the challenged pleading had already been dismissed thereby depriving plaintiff of

24  the opportunity to withdraw the pleading and escape sanctions under safe harbor

25  protection).

26       Here, the objector's Rule 11 motion was filed and served on November 25—

27  which is well after the Court's October 8, 2019 Order Granting Final Approval (ECF

28

- 4 -

No. 695), which completely resolved the underlying dispute.[4]   The motion for sanctions, even if it had merit, is untimely.[5]

## C.   Class Counsel's Argument, That Potential Conflicts Should Be Disclosed to the Court, Is Not Sanctionable

Should the Court somehow determine that the objector's motion is timely under Ninth Circuit precedent, the Court should, in any event, deny it.  The objector has not shown this Court that Class Counsel acted in bad faith, with improper purpose, in willful disobedience to a Court order, or that they advanced any frivolous arguments. Sanctions are reserved for cases with extreme and inappropriate conduct that would be unbecoming of an attorney.  But that is not the case here.  Class Counsel believed that

---

[4]      When Class Counsel provided the Ninth Circuit with a copy of the final judgment in this matter to ensure that the record was complete (and out of an abundance of caution to ensure that no collateral appeals could occur), Mr. Frank filed an Amended Notice of Appeal (which is on the docket in this matter at ECF 709).  Mr. Frank makes a number of inaccurate, *ad hominem* attacks against Class Counsel which do not require a response in this brief (including that Class Counsel "unnecessarily multiply proceedings" in order to harass the objector and his counsel, *id.* at 1, even while the objector has filed the instant Rule 11 motion).  Importantly, however, Mr. Frank acknowledges that the objector's appeal is to ECFs 695, 697 "and all opinions and orders that merged therein."  *Id.*

[5]      The objector previously sent Plaintiffs a service copy of the Rule 11 motion on August 30, 2019.  *See* ECF 703-1 ¶¶ 2-3.  Accordingly,  the objector could have filed his Rule 11 motion as early as September 20, 2019.  The objector sought permission from the Court *ex parte* to waive the Rule 11(c)(2) requirement for 21 days' notice under the safe harbor provision.  ECF 678.  Plaintiffs did not oppose the request, as they did not want to delay the final approval hearing any further.  ECF 679 at 2 ("Plaintiffs made clear that they . . .would not oppose an *ex parte* application by Mr. Frank to shorten the safe harbor period so that briefing on his Rule 11[motion] could be completed in time for the Court to hear the motion at the same time of the fairness hearing").  The Court denied the *ex parte* application on September 5, 2019.  ECF 683.

Rather than file his Rule 11 motion on September 20, however, the objector waited until the Monday before Thanksgiving, which would have required Plaintiffs to file their opposition brief on December 9, 2019.  ECF 703.  Plaintiffs are uncertain as to why the objector waited so long to file the Rule 11 motion, but note that before the parties stipulated to change the deadlines (ECF 705, 706), Plaintiffs' opposition would have been due two business days after their response to Mr. Frank's objection in another pending matter in which Class Counsel here are also involved: *In re Equifax Inc. Customer Data Security Breach Litig.*, No. 17-md-2800-TWT (N.D. Ga.).  And the previously-scheduled hearing on the Rule 11 motion would have been two business days after the final fairness hearing in that case.

the objector and his counsel should have disclosed their ongoing business relationship when making the objection—particularly since the objector's demanded relief (upending the settlement) would affect all class members' interests. Ensuring that parties make full disclosures to a Court is not frivolous—it ensures that the Court has all of the information it needs to make a ruling.

The Objector asks the Court to invoke Federal Rule 11, 28 U.S.C. § 1927, Local Rule 83-7, or its inherent powers to sanction Class Counsel. *See* ECF 702. These sources of sanctioning authority target vexatious and bad-faith conduct and, for the most part, overlap in their requirements:

- **Federal Rule 11:** The Court must conduct a two-prong inquiry to determine (1) whether the pleading is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it. *Holgate,* 425 F.3d at 676; *Bernstein,* 2013 WL 12250961 at *1-2 (denying Rule 11 sanctions because there was no evidence counsel acted in bad faith or for an improper purpose, or that claims were frivolous).

- **28 U.S.C. § 1927**: Permits an attorney to be held personally liable for attorneys' fees reasonably incurred by the opposing party where the attorney "multiplie[d] the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. § 1927 prohibits only "unnecessary filings and tactics once a lawsuit has begun." *In re Keegan Mgmt. Co., Securities Litigation,* 78 F.3d 431, 435 (9th Cir. 1996). To be sanctioned under § 1927, the party who engaged in the sanctionable conduct must have done so in "bad faith." *Indiezone, Inc. v. Rooke*, No. 14-16895, 2017 WL 6379129, at *2 (9th Cir. Dec. 14, 2017).

- **L.R. 83-7**, **Sanctions - Violation of Rule**: The violation of or failure to conform to any of these Local Rules may subject the offending party or counsel to: (a) monetary sanctions, if the Court finds that the conduct was willful, grossly negligent, or reckless; (b) the imposition of costs and attorneys' fees to opposing counsel, if the Court finds that the conduct rises to the level of bad faith and/or a willful disobedience of a court order;

and/or (c) for any of the conduct specified in (a) and (b) above, such other sanctions as the Court may deem appropriate under the circumstances.

- **Inherent Powers:** District Courts have "the inherent authority to impose sanctions for bad faith, which includes a broad range of willful improper conduct." *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-46 (1991)).

In this Circuit, the power to sanction is used judiciously and only warranted in extreme circumstances with evidence of egregious conduct. *See Bartholemew v. Pasadena Tournament of Roses*, 453 Fed.Appx. 745 (9th Cir. 2011). Before ordering sanctions under the sanctioning authorities, a court must make a finding of "bad faith." *See bullets supra.*

"Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *Operating Engineers Pension Trust v. A-C Co.,* 859 F.2d 1336, 1345 (9th Cir. 1988); *Rocawear Licensing LLC v. Pacetter Apparel Group*, 2007 WL 5289738, *1 (C.D. Cal. Oct. 1, 2007) (denying sanctions because court did not find pleading was filed without a reasonable factual basis or for improper purpose such as personal or economic harassment). Likewise, where a district court sanctions an attorney pursuant to its inherent powers, some showing of bad faith is required. *See Fink v. Gomez*, 239 F.3d 989, 992-93 (9th Cir. 2001).

Similarly, sanctions pursuant to 28 U.S.C. §1927 must be supported by a finding of bad faith. *See Blixseth v. Yellowstone Mountain Club, LLC,* 796 F.3d 1004, 1007 (9th Cir. 2015). A district court may find such bad faith "when an attorney has acted recklessly if there is something more," such as frivolousness, harassment, or an improper purpose. *Fink,* 239 F.3d at 993-94. "[A] finding that the attorney recklessly or intentionally misled the court" or "a finding that the attorney[ ] recklessly raised a frivolous argument which resulted in the multiplication of the proceedings" amounts to the requisite level of bad faith. *Franco v. Dow Chem. Co. (In re Girardi)*, 611 F.3d

1  1027, 1061 (9th Cir. 2010) (citations omitted). Local Rule 83-7 also requires a finding

2  of "bad faith" or "willful disobedience" of a court order.[6]

3       Rule 11 must *not* be construed so as to conflict with the primary duty of any

4  attorney to zealously represent a client.  *Rocawear Licensing*, 2007 WL 5289738, *1.

5  Courts must also "avoid using the wisdom of hindsight and should test the signer's

6  conduct by inquiring what was reasonable to believe at the time the pleading . . . was

7  submitted." *Operating Engineers.,* 859 F.2d at 1344 (citing *Hudson v. Moore Business*

8  *Forms, Inc.*, 827 F.2d 450, 453-55 (9th Cir. 1987)).

9       The Ninth Circuit has identified two situations in which a district court may

10  appropriately impose Rule 11 sanctions: (1) "where a litigant makes a 'frivolous filing,'

11  that is, where he files a pleading or other paper which no competent attorney would

12  believe was well grounded in fact and warranted by law; and (2) where a litigant files

13  a pleading or paper for an 'improper purpose,' such as personal or economic

14  harassment."  *Greenberg v. Sala*, 822 F.2d 882, 885 (9th Cir. 1987) (internal citations

15  omitted); *Rocawear Licensing*, 2007 WL 5289738, *1 (accord).  Under Rule 11(b)(2),

16  an attorney is subject to sanctions "when he presents to the court 'claims, defenses, and

17  other legal contentions . . . [not] warranted by existing law or by a nonfrivolous

18  argument for the extension, modification, or reversal of existing law or the

19  establishment of new law[.]'" *Holgate v. Baldwin*, 425 F.3d 671, 675-76 (9th Cir. 2005)

20  (quoting Fed. R. Civ. P. 11(b)(2)); *Executive Consult. Svcs. Inc. v. Bernstein*, 2013 WL

21  12250961, *1-2 (C.D. Cal. March 6, 2013).  That is not the case here.

22

23

24

25

---

26  [6]   Class Counsel complied with all Local Rules in their opposition to the objection.
They requested that the Court "strike or overrule" the objection only in the conclusion
27  of the brief—which did not convert the opposition to a motion, but only invited the
Court to act upon its own authority if the Court found it necessary.

28

## 1. Counsel Advanced Legally and Factually Reasonable Arguments in Defense of the Settlement

Under Federal Rule 11, the Court must conduct a two-prong inquiry to determine (1) whether the pleading is legally or factually baseless from an objective perspective, and (2) if the attorney has conducted a reasonable and competent inquiry before signing and filing it. *Holgate*, 425 F.3d at 676; *Bernstein*, 2013 WL 12250961 at *1-2 (denying Rule 11 sanctions because there was no evidence counsel acted in bad faith or for an improper purpose, or that claims were frivolous).

Applying this analysis here, the Court should hold that Class Counsel *did not submit* any legally or factually baseless arguments, but, rather, should conclude that Plaintiffs' arguments were reasonable. Indeed, Class Counsel had a legal obligation to zealously argue on behalf of certified classes when they responded to the objection to the settlement. They had a legitimate legal and factual basis for informing the Court of a potential conflict of interest involving the objector and his counsel.[7] The objector has failed to show—nor can he—that Class Counsel acted in bad faith or with an improper purpose in making the arguments made to the Court. Ultimately, the Court did not rule on the conflict one way or another. It ruled on the merits of the objection, itself. ECF No. 695 (Order Granting Final Approval of Settlement).

---

[7] The objector raises other allegedly "false statements" in his motion, that—when analyzed in the context of the briefs in which they were made—demonstrate that, outside of the Rule 11 motion vacuum, the statements are not sanctionable. *See* ECF 703 at 10-13. For example, the objector argues that he does not want to reduce class compensation—only "redistribute[]" Class Counsel's fees to the class members. ECF 703 at 10. But Conagra's counsel has already rejected redistributing the relief in the way that the objector stated. *See* Exhibit A, Settlement Hearing Transcript 28:4-20 ("Conagra never said, 'Here's $8 million. You guys figure out how you want to divvy it up.' That's just not the way this happened, and that would not be anything Conagra would ever entertain here. We don't want to incentivize plaintiffs to file what we believe to be frivolous lawsuits against us. And if we gave them ten times the purchase price of any product, we're setting a precedent that would be very detrimental in incentivizing frivolous labeling claims. So this was not a situation where we said, 'Here's $8 million. Go figure out what you want to do with it.' This was negotiated painstakingly for each bucket, I would say, as we called it, during the settlement negotiation process."). If the settlement were upended, the class members would not get more. The objector knows that, yet repeats the same, rejected argument.

- 9 -

1    The fact that the Court did not address Class Counsel's argument or strike the

2    objection does not make it a frivolous argument, or one brought in bad faith or for

3    improper purpose. *See*, *e.g.*, *Bernstein*, 2013 WL 12250961, at \*1 (finding that the

4    "failure to state a claim alone is not sufficient to warrant Rule 11 sanctions; if it were,

5    every successful motion to dismiss would warrant the imposition of sanctions.").

6    This Court also clearly recognizes that sanctions are not to be so easily imposed.[8]

7    On numerous occasions, this Court has considered and denied sanctions even where

8    the party's argument was not successful because there was no bad faith, no improper

9    purpose, and the arguments were not frivolous. *See, e.g., Nutrivita Labs. v. VBS*

10   *Distrib. Inc.*, 160 F. Supp. 3d 1184, 11 (C.D. Cal. Jan. 27, 2016) (denying sanctions

11   because no reason to believe the lawsuit was frivolous or the filings were improper);

12   *Griswold Controls, LLC v. Continental Ins. Co.*, 2015 WL 12670485, \*2 (C.D. Cal.

13   Oct. 7, 2015) (denying requests for sanctions filed by both parties, even though

14   defendant advanced meritless accusations and came closer to violating Rule 11 than

15   the plaintiff did because their sanctions motion was an "uncivil exercise in hyperbole");

16   *Azam v. Brown*, 2015 WL 13661650, at \*4 (C.D. Cal. July 31, 2015) (denying sanctions

17   even though arguments held not meritorious because the record did not show counsel

18   lacked a factual basis for her arguments, or that she acted to harass, cause unnecessary

19   delay, or needlessly increase the cost of litigation); *Masimo Corp. v. Mindray*, 2013

20   WL 12138718, at \*1 (C.D. Cal. Dec. 4, 2013) (denying sanctions because Rule 11

21   should not be used as an end run around other procedures to test the legal sufficiency

22   or efficacy of plaintiff's pleadings); *Bernstein*, 2013 WL 12250961 \* 1-2 (denying

23

24   [8]    The objector cites to a number of cases—interpreting and relying upon the
25   previous version of Rule 11—which *required* the court to issue sanctions in the event
     of a violation. *See Lancellotti v. Fay*, 909 F.2d 15, 19 (1st Cir. 1990) (cited on page
     6); *Ultracashmere House, Ltd. v. Nordstrom, Inc.*, 123 F.R.D. 435, 437 (S.D.N.Y.
26   1988) (cited on page 7); *Unioil, Inc. v. E.F. Hutton & Co.*, 809 F.2d 548, 559 (9th Cir.
     1986) (cited on page 3). These cases are not indicative as to whether a court should
27   issue sanctions now, based upon the current iteration of Rule 11, because every
     perceived violation was met with a sanctions order.

28

sanctions finding no improper purpose, bad faith, improper purpose or that plaintiff's claims were frivolous); *Petro-Diamond Inc. v. International Exch. Svcs. LLC*, 2012 WL12895701, *2 (C.D. Cal. Nov. 1, 2012) (denying sanctions even though the Court disagreed with the defendants' explanation for its filing because it did not find they acted in bad faith or for improper purpose); *Pasternak v. Ramirez*, 2009 WL 56037 n.1 *2 (C.D. Cal. Jan. 7, 2009) (denying sanctions finding defendants' removal (which was creative lawyering) was not malicious attempt to delay state court proceedings); *Rocawear*, 2007 WL 5289738 at *1-2 (finding plaintiff's complaint was not frivolous, it had some factual basis for its allegations, and it was not filed for an improper purpose such as economic or personal harassment).

That Class Counsel believed it necessary that such conflicts be disclosed in order to protect the class members (because upending the entire settlement could put the class members at risk for getting less) does not make their filing frivolous, done for improper purpose, or done in bad faith.[9]

### 2. Sanctions Are Reserved for Extreme and Egregious Facts and to "Deter Bad Faith, Dilatory, or Inappropriate Conduct"— None of Which Are Present Here

The Plaintiffs have uncovered a *single* case where this Court sanctioned a party under Rule 11 (and less than a handful more from other courts in this district)—and that case underscores the extreme circumstances and egregious conduct for which sanctions are warranted. In *Bartholemew v. Pasadena Tournament of Roses*, numerous defendants sought sanctions against a *pro se* plaintiff who had filed multiple actions over his claim that he designed a logo in the 1970's that defendants allegedly improperly used for years. 2009 WL 10671409, *6-8 (C.D. Cal. April 21, 2019), *aff'd*

---

[9] The objector seems to suggest that Class Counsel harbor some sort of "political and professional animus" toward him and his counsel. ECF 703 at 7. Class Counsel harbor no such animus. Given the tone and tenor of the objector's Rule 11 motion, amended notice of appeal, and repeated statements about Class Counsel on objector's counsel's Twitter handle, it would appear that the animus is not coming from Class Counsel.

CASE NO. CV 11-05379-CJC (AGRx), MDL NO. 2291: Pltfs. Resp & Oppos. Mot. For Sanctions

*by* 453 Fed. Appx. 745 (9th Cir. 2011) (unpublished).  The plaintiff engaged in "a series
of legal maneuvers in an attempt to litigate his claims and find a venue willing to grant
him relief despite the decades-long delay in asserting his claims."  *Id*. at *1.  This
included multiple lawsuits, accusing the Court of misconduct, seeking disqualification
of judges, and seven more meritless motions.  *Id.* at **2-7.  With such baseless and
irresponsible allegations, sanctions were warranted to deter "bad faith, dilatory, [and]
other inappropriate conduct."  *Id*.  The other, small number of cases where sanctions
were imposed demonstrate that the imposition of such is rare and reserved for the most
egregious circumstances.  *See Buster v. Greisen*, 104 F.3d 1186, 1189-90 (9th Cir.
1997) (affirming sanctions for frivolous and harassing filing of "successive complaints
based upon propositions of law previously rejected"); *Christian v. Mattel, Inc.*, 286
F.3d 1118, 1121 (9th Cir. 2002) (affirming sanctions when an attorney could have
discovered that the plaintiff's copyright claim was frivolous based upon "clearly visible
copyright notices"); *cf. United Nat. Ins. C. v. R&D Latex Corp.*, 242 F.3d 1102, 1117
(9th Cir. 2001) (reversing sanctions under Rule 11 where sanctioned party had some
"plausible basis, albeit a weak one" in support of its position).

Class Counsel's arguments in response to the objection are not sanctionable.
Class Counsel had valid reason to make the arguments in order to protect the class
members' relief under the settlement.  These arguments are not frivolous, and the case
law does not support a finding of sanctions for making these arguments.  The Court
must deny the objector's request for sanctions.

## CONCLUSION

For the reasons discussed herein, the objector's motion for sanctions should be
denied as untimely as a matter of law.  Alternatively, the motion should be denied on
its merits.

1  Dated: December 16, 2019                    Respectfully submitted,

2

3                                              */s/ David E. Azar*
4                                              **MILBERG PHILLIPS**
                                               **GROSSMAN LLP**
5                                              DAVID E. AZAR (SBN 218319)
6                                              11766 Wilshire Boulevard, Suite 500
                                               Los Angeles, California 90025
7                                              Telephone: (213) 617-1200
8                                              dazar@milberg.com

9                                              **TADLER LAW LLP**
10                                             ARIANA J. TADLER (*pro hac vice*)
                                               A.J. de BARTOLOMEO (SBN
11                                             136502)
                                               One Pennsylvania Plaza
12                                             New York, New York 10119
                                               Telephone: (212) 946-9453
13                                             atadler@tadlerlaw.com
14                                             ajd@tadlerlaw.com

15                                             **DiCELLO LEVITT GUTZLER**
                                               **LLC**
16                                             ADAM J. LEVITT (*pro hac vice*)
17                                             AMY E. KELLER (*pro hac vice*)
                                               Ten North Dearborn Street,
18                                                 Eleventh Floor
19                                             Chicago, Illinois  60602
                                               Telephone: (312) 214-7900
20                                             alevitt@dicellolevitt.com
21                                             akeller@dicellolevitt.com

22
                                               *Class Counsel*
23

24

25

26

27

28
CASE NO. CV 11-05379-CJC (AGRX), MDL NO. 2291: Pltfs. Resp & Oppos. Mot. For Sanctions

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was served via this Court's CM/ECF service, which will send notification of such filing to all counsel of record this 16th day of December 2019.

*/s/ David E. Azar*
David E. Azar