ALSTON & BIRD LLP
ANGELA SPIVEY (*pro hac vice*)
One Atlantic Center
1201 West Peachtree Street, Suite 4900
Atlanta, Georgia 30309
Telephone: (404) 881-7000
angela.spivey@alston.com

*Counsel for Defendant Conagra Brands, Inc.*
*formerly ConAgra Foods, Inc.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

IN RE CONAGRA FOODS, INC.

Case No. CV 11-05379-CJC (AGRx)

MDL No. 2291

CLASS ACTION

RESPONSE TO RENEWED MOTION FOR FINAL APPROVAL OF THE SETTLEMENT AND AWARD OF ATTORNEYS' FEES, EXPENSES AND SERVICE AWARDS

Defendant Conagra Brands, Inc. (formerly, ConAgra Foods, Inc., "Defendant," or "Conagra") files this response to Class Counsel's Renewed Motion for Final Approval of the Settlement and Award of Attorneys' Fees, Expenses and Service Awards (ECF 742). In response thereto, Conagra states as follows:

1. Conagra agrees with class counsel (ECF 742) and the declaration of Magistrate Judge Douglas F. McCormick (ECF 739) that there was no collusion between the parties regarding the proposed class settlement. Not only were material terms vigorously negotiated and presented to the parties via an arm's length mediator's proposal, but the proposed attorneys' fee award was not suggested by Judge McCormick until after other material terms of the settlement were resolved in principle. ECF No. 739 ¶¶10-14. Accordingly, the close scrutiny of the record

RESPONSE TO RENEWED MOTION FOR FINAL APPROVAL OF THE SETTLEMENT AND AWARD OF ATTORNEYS' FEES, EXPENSES AND SERVICE AWARDS
LEGAL02/41093213v2

CV 11-05379-CJC (AGRx)

required by the Ninth Circuit's remand reveals absolutely no evidence of collusion between the parties.

2. Conagra joins class counsel in noting that the settlement required Conagra to fund an uncapped, claims made settlement which allowed essentially unlimited potential exposure depending on the number of claims made.[1] ECF 742, Exhibit A (July 19, 2021 Hrg. Tr. at 27:4-16 (describing the uncapped settlement with a robust notice program). At the time the settlement agreement terms were reached, Conagra did not know—and could not have known—the ultimate cost of the settlement.

3. Conagra further agrees with class counsel that the class settlement is particularly "fair" to consumers. Based on this Court's prior comments and developments in product labeling class action jurisprudence since the proposed settlement was reached, Conagra strongly believes that—in the absence of an approved settlement—Conagra will be successful in securing decertification of the certified classes and/or prevailing at summary judgment. ECF 742, Exhibit E (Oct. 7, 2019 Hrg. Tr. at 16:25-17:7 (explaining that, had litigation continued, Conagra would have filed a motion to decertify the classes and motion for summary judgment). The proposed settlement thus represents a windfall for class members who would receive nothing if Conagra prevailed on decertification or the merits.

4. In the settlement agreement, Conagra agreed not to object to class counsel's petition for fees and expenses seeking up to $6,850,000 (ECF No. 739 ¶14). While Conagra has abided – and continues to abide – by this commitment, Conagra takes *no position* as to what amount (up to $6,850,000) is appropriate and fair to the class. Whether the fee award sought is fair and reasonable, and whether courts should consider the proportionality of the fee as compared to the

---

[1] In addition to funding additional buckets to fund claims made by consumers from certain states. ECF No. 739 ¶¶10-14.

LEGAL02/41093213v2

benefit inuring to the class members, is a matter to be determined by this Court in accordance with Rule 23 and Ninth Circuit jurisprudence.

Dated: September 29, 2021

Respectfully submitted,

/s/Angela M. Spivey
ALSTON & BIRD LLP
ANGELA SPIVEY (*pro hac vice*)
One Atlantic Center
1201 West Peachtree Street
Suite 4900
Atlanta, Georgia 30309
Telephone: (404) 881-7000
angela.spivey@alston.com

*Counsel for Defendant Conagra Brands, Inc., formerly ConAgra Foods, Inc.*

## CERTIFICATE OF SERVICE

I, Angela Spivey, hereby certify that on September 29, 2021, I caused a true and correct copy of the foregoing RESPONSE TO RENEWED MOTION FOR FINAL APPROVAL OF THE SETTLEMENT AND AWARD OF ATTORNEYS' FEES, EXPENSES AND SERVICE AWARDS to be filed and served electronically via the Court's CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

/s/ Angela M. Spivey
Angela Spivey

LEGAL02/41093213v2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LEGAL02/41093213v2