UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE CONAGRA FOODS, INC. | Case No.: CV 11-05379-CJC(AGRx) |
| | MDL No. 2291 |
| ROBERT BRISEÑO, et al., individually and on behalf of all others similarly situated, | **ORDER GRANTING IN PART OBJECTOR'S *EX PARTE* APPLICATION FOR DISCOVERY** [Dkt. 746] |
| Plaintiffs, | |
| v. | |
| CONAGRA FOODS, INC., | |
| Defendant. | |

## I.   INTRODUCTION

In this 2011 class-action lawsuit, Plaintiffs challenged Defendant Conagra Foods, Inc.'s allegedly deceptive marketing of its Wesson Oil products as "100% Natural." After years of investigation and litigation, including extensive mediation efforts with two

separate judges, the parties reached a settlement, which this Court approved. (Dkt. 695.) The Ninth Circuit reversed. (Dkt. 718.) It found that the settlement agreement contained questionable provisions that could indicate collusion at the expense of the class members, including that class counsel would receive 7 times more money than the class members, that Conagra agreed not to challenge the amount of attorney fees, and that any reduction in attorney fees by the Court reverts to Conagra. *Briseno v. Henderson*, 998 F.3d 1014, 1018 (9th Cir. 2021).

After the Ninth Circuit's reversal, Magistrate Judge Douglas F. McCormick filed a Declaration describing the settlement negotiations in this case, including how the parties reached their settlement by accepting his mediator's proposal. (Dkt. 739 [hereinafter "McCormick Decl."].) The parties had submitted a "list of important issues for Magistrate Judge McCormick to consider addressing in his Declaration." (Dkt. 929 at 1; *see* Dkt. 931.) After Magistrate Judge McCormick's declaration was filed, Plaintiffs renewed their request that the Court grant final approval of the settlement and the requested attorney fees, costs, and incentive awards. (Dkt. 742.) Conagra filed a response to Plaintiffs' request supporting approval of the settlement. (Dkt. 745 [hereinafter "Conagra Resp."].) Three days before his objection to Plaintiffs' request for final approval is due, Objector M. Todd Henderson filed the instant *Ex Parte* Application for Discovery and a Continuance of the Briefing Schedule and November 1 Hearing until after Discovery Is Completed. (Dkt. 746 [hereinafter "App."].) For the following reasons, Objector's application is **GRANTED IN PART.**

## II. THE REQUESTED DISCOVERY

Objector seeks discovery for two purposes. First, he seeks to test a statement in Conagra's Response that "[a]t the time the settlement agreement terms were reached, Conagra did not know—and could not have known—the ultimate cost of the settlement."

(Conagra Resp. ¶ 2; *see* App. at 3–6.)  Objector argues that Conagra must have had *some* idea what the ultimate cost of the settlement would be given (1) the median claims rate for class-action settlements with publication notice, (2) generally accepted accounting principles, (3) class counsel's, Conagra's counsel's, and the settlement administrator's experience with prior class actions, and (4) the likelihood that Conagra investigated the likely claims rate.

Second, Objector seeks to "fill in the gaps" created when Magistrate Judge McCormick did not address several of the issues Objector put in the list of issues for Magistrate Judge McCormick to consider addressing in his declaration, including the clear sailing agreement, the kicker, whether the parties considered *Bluetooth* and Rule 23(e)(2)(C) compliance in negotiating the settlement, to what extent the parties discussed the likely claims rate resulting from the claims process, and others.  (App. at 6–8.)  Objector also seeks discovery to clarify the meaning of this statement from Magistrate Judge McCormick's declaration:  "ConAgra also believed that fees could be much larger than the class recovery."  (McCormick Decl. ¶ 13; *see* App. at 7.)  He further seeks discovery regarding *ex parte* communications between Magistrate Judge McCormick and class counsel Adam Levitt.  (App. at 7.)

### III.   DISCUSSION

"Settlement negotiations involve sensitive matters."  *Lobatz v. U.S. W. Cellular of California, Inc.*, 222 F.3d 1142, 1148 (9th Cir. 2000).  Indeed, "[d]iscovery of settlement negotiations in ongoing litigation is unusual because it would give a party information about an opponent's strategy."  *Mars Steel Corp. v. Cont'l Illinois Nat. Bank & Tr. Co. of Chicago*, 834 F.2d 677, 684 (7th Cir. 1987).  Accordingly, "discovery [of settlement negotiations] is proper only where the party seeking it lays a foundation by adducing

from other sources evidence indicating that the settlement may be collusive." *Lobatz*, 222 F.3d at 1148 (quoting *Mars Steel*, 834 F.2d at 684).

In this case, the Ninth Circuit found that there are indicators that the settlement agreement was collusive, including the fact that class counsel received 7 times more money than the class members, the fact that Conagra agreed not to challenge the amount of attorney fees, and the fact that any reduction in attorney fees by the Court would revert to Conagra. *Briseno*, 998 F.3d at 1018 (stating that the settlement agreement contained "a bevy of questionable provisions that reek[] of collusion at the expense of the class members."); *see id.* at 1025 (stating that "[t]he settlement had all the hallmarks of a potentially collusive settlement"). To address the Ninth Circuit's concerns and to develop the record for appeal, the Court will allow Objector to conduct discovery.

However, this discovery will not be unlimited. Objector may perform discovery into discussions between Plaintiffs and Conagra, and information or material shared with Judge McCormick. But Objector will not be permitted to conduct discovery regarding Plaintiffs' or Conagra's internal discussions and strategies not shared with each other or with Judge McCormick as that information is protected by the attorney-client privilege and/or is nondiscoverable attorney work product. Nor may Objector seek discovery from Magistrate Judge McCormick until and unless Objector makes a compelling showing that he has substantial need for the information or materials to prepare his objection and cannot, without undue hardship, obtain their substantial equivalent by other means.

### IV. CONCLUSION

For the foregoing reasons, Objector M. Todd Henderson's *Ex Parte* Application for Discovery and a Continuance of the Briefing Schedule and November 1 Hearing until after Discovery Is Completed is **GRANTED IN PART**. Objector may perform

discovery into discussions between Plaintiffs and Conagra, and information or material shared with Judge McCormick.

Discovery shall be completed by **November 23, 2021.** Objector shall file his response to Plaintiffs' renewed motion for final approval by **December 3, 2021.** Plaintiff's reply shall be filed by **December 10, 2021.** The final approval hearing is hereby **CONTINUED** to **December 20, 2021 at 1:30 p.m.**

DATED: October 6, 2021

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE