SHIYANG HUANG
2800 SW ENGLER CT.,
TOPEKA, KS 66614
(314) 669-1858
defectivesettlement@gmail.com

**FILED**
CLERK, U.S. DISTRICT COURT
OCT 6, 2021
CENTRAL DISTRICT OF CALIFORNIA
BY: _____rrp_____ DEPUTY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| IN RE: CONAGRA FOODS, INC. | Case No. CV 11-05379-CJC (AGRx) |
| | MDL No. 2291 |
| | **CLASS ACTION** |
| | CLASS MEMBER SHIYANG HUANG'S OPPOSITION TO RENEWED MOTION FOR SETTLEMENT APPROVAL [ECF NO. 742] WITHOUT RE-NOTICE TO THE CLASS |

i

**OPPOSITION TO RENEWED SETTLEMENT APPROVAL MOTION [ECF No. 742] BY CLASS MEMBER SHIYANG HUANG**

Settling Plaintiffs and Defendants' attempt to re-settle the case with the exact same package deal *after a reversal from the Ninth Circuit* must be rejected out of hand. *Briseno v. Henderson,* 998 F.3d 1014 (9th Cir. 2021). At a minimum, class members must be re-noticed pursuant to Federal Rules of Civil Procedure 23(e)(1)(B) ("The court must direct notice in a reasonable manner to all class members who would be bound by the proposal if giving notice is justified by the parties' showing that the court will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal.") The Settlement must not be approved unless it goes through a full cycle of settlement approval process under Rule 23(e) including class notice.

Class Counsel appears too enamored to their defective settlement and cannot represent the best interests of the Class, even after they earned a mouthful of criticisms from a published Ninth Circuit precedent. It is surprising that Class Counsel remain committed to a deal that provides "worthless" injunctive relief—as said by the Ninth Circuit. Class Counsel's brave claim that "the Ninth Circuit based its opinion on an incomplete understanding of the facts" (ECF No. 742 at 1) cannot withstand the law of the case doctrine, even beyond the principle of *stare decisis* that the Ninth Circuit provided in a published circuit precedent. "Under that doctrine a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993) (quoting *Milgard Tempering, Inc. v. Selas Corp. of America*, 902 F.2d 703, 715 (9th Cir. 1990)). Class Counsel—like any litigant—"are not entitled to ignore controlling, adverse precedent." *Jackson v. City of Peoria*, 825 F.3d 328, 331 (7th Cir. 2016). That ground alone can warrant Class de-certification. *Rodriguez v. West Publishing Corp.,* 563 F.3d 948, 966 (9th Cir. 2009).

# PRELIMINARY STATEMENT

Shiyang Huang is a class member in this case who filed a valid claim. As this Court already certified a class for litigation purposes, Huang is a party to this litigation. *Sosna v. Iowa*, 419 U.S. 393, 399 (1975) ("When the District Court certified the propriety of the class action, the class of unnamed persons described in the certification acquired a legal status separate from the interest asserted by [named plaintiff.]" *Also see* Fed. R. Civ. Proc. 23(c)(2).

Huang intends to appear in any future hearing set for this motion remotely held before this Court. He is willing to stipulate an injunction barring him from receiving any payment for any appearance in this case, unless ordered by a court. Although this is currently not a forum for Rule 23(e) objections, he prays this Court to "avoid unduly burdening class members … a class member who is not represented by counsel may present objections that do not adhere to technical legal standards." *Rule 23 Committee Notes—2018 amendment*. His filings should be "liberally construed". *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Huang's knowingly unprofitable objections have already created nearly $19 million of benefit to class members in "hollow class-action settlements," *In re Subway Footlong Sandwich Mktg. Litig.,* 869 F.3d 551, 553 (7th Cir. 2017), and *all* of the benefits Huang created has been returned *pro rata* to the entire class. *See In re Optical Disk Drive Prods. Antitrust Litig.,* 2021 WL 3502506, at *13 (N.D. Cal. Jul. 2, 2021) ("Huang's and [another objector's] objections to Hagens Berman recovering fees in excess of the bid have been taken into account insofar as the award provides only a relatively small premium over the bid amount.") ($17 million reduction); *Kukorinis v. Wal-Mart Inc.,* No. 1:19-cv-20592, ECF No. 97 at 18 (granting Huang's motion for a nominal $1 award for his efforts securing Plaintiff's forfeiture of $25,000 in incentive awards); *Kukorinis* ECF No. 98 at 7 & n.4 (noting Huang's sole objection resulted in class counsel's

attorney's fee reduction of $1.25 million, including a $60,000 item in light of class counsel's "double counting" of litigation costs.) *See also* Alison Frankel, *11th Circuit's strict new rule for data breach standing will figure in Equifax appeal.* Reuters.com https://reut.rs/2N5LZD9 (profiling Huang's Article III standing objection).

Nevertheless, Huang finds it necessary to recognize that the U.S. Department of Justice has warned that "Class counsel [often] discounts [objectors] as ... disingenuous professionals ... But ... most consumer class members in this case and others like it do not have the time or the knowledge of legal process to file objections." *In re Apple Device Perf. Litig.*, 5:18-md-2827, ECF 575 at 7 (N.D. Cal. Dec. 2, 2020); That sort of *ad hominem* attack is frequent, because "we and other courts have often remarked the incentive of class counsel, in complicity with the defendant's counsel, to sell out the class by agreeing with the defendant to recommend that the judge approve a settlement involving a meager recovery for the class but generous compensation for the lawyers— the deal that promotes the self-interest of both class counsel and the defendant and is therefore optimal from the standpoint of their private interests." *Creative Montessori Learning Centers v. Ashford Gear LLC*, 662 F.3d 913, 918 (7th Cir. 2011) (Posner, J.). But only "the merits of [opposition] are relevant" in any case. *Pearson*, 968 F.3d at 831 n.1 (Hamilton, J.)

## ARGUMENT

1. **The "Final Effective Dates" are doomed by the Ninth Circuit's reversal of this Settlement, and thus the Settlement must go through the re-notice process**

The parties' settlement agreement provides that "[i]f the Settlement Agreement is not approved by the Court substantially in accordance with its terms, or does not become subject to a Final Approval Order following such approval, or the Final Effective Dates does not occur, then the Action, for all purposes, shall revert to its status as of the date before the execution of the Settlement Agreement." ECF No. 652-1 at 53, ¶ 15. Further, "[t]he procedures and requirements

3

for filing objections in connection with the Fairness Hearing are intended to ensure the efficient administration of justice and the orderly presentation of any Class Member's objection to the Settlement, in accordance with the due process rights of all Class Members." *Id.* at 56, ¶ 20.

**The "Final Effective Dates" are already doomed by the Ninth Circuit's reversal of this Settlement.** Thus, as any other failed class-action settlements, "the Action, for all purposes, shall revert to its status as of the date before the execution of the Settlement Agreement." ECF No. 652-1 at 53, ¶ 15.

Thus, in order to even consider Class Counsel's reheated settlement, Rule 23(e) process must be adhered in compliance with Due Process. Under the 2018 amendment of Rule 23,

> As amended, Rule 23(e)(1) provides that the court must direct notice to the class regarding a proposed class-action settlement only after determining that the prospect of class certification and approval of the proposed settlement justifies giving notice. This decision has been called "preliminary approval" of the proposed class certification in Rule 23(b)(3) actions. It is common to send notice to the class simultaneously under both Rule 23(e)(1) and Rule 23(c)(2)(B), including a provision for class members to decide by a certain date whether to opt out. This amendment recognizes the propriety of this combined notice practice.

Fed. R. Civ. Proc. 23(c)(2) advisory committee note to 2018 amendment.

> The decision to give notice of a proposed settlement to the class is an important event. It should be based on a solid record supporting the conclusion that the proposed settlement will likely earn final approval after notice and an opportunity to object. The parties must provide the court with information sufficient to determine whether notice should be sent. At the time they seek notice to the class, the proponents of the settlement should ordinarily provide the court with all available materials they intend to submit to support approval under Rule 23(e)(2) and that they intend to make available to class members.

Fed. R. Civ. Proc. 23(e)(1) advisory committee note to 2018 amendment.

Thus it is shocking that Class Counsel dumped a series of documents demanding this Court to re-approve the settlement, but Class Counsel skipped the notice obligation as a supposedly fiduciary of this Class. Huang only came by such papers by happenstance of

curiosity of how the proceedings have gone after the remand and reversal from the Ninth Circuit. Even in this District, Chief Judge Seeborg ordered re-notice to the Class when the Settlement's fee award was the only question *vacated* on remand.

> While the class likely would not be entitled to notice of the Ninth Circuit's decision standing alone, the "renewed" attorney fee motion may be different. Furthermore, even if it is unlikely [that other objectors offer new arguments,] it may not satisfy due process if he and other class members are not given the opportunity to be heard.

*In re Optical Disk Drive Antitrust Litig.,* No. 3:10-md-02143-RS, ECF No. 2956 at 2 (N.D. Cal. Jan. 20, 2021) (Seeborg, C.J.) (ordering briefing on notice issue, and later issuing Class re-notice in light of the fee awards vacated by the Ninth Circuit). Here, the Settlement was *reversed,* and the parties still insist to get this Court's approval as a means to the end of their some $6 million attorney's fee recovery. That act alone failed Due Process.

Huang only noticed the Settlement attempt today, October 6, 2021. The bulk of the Class have received nothing to date about the reversal of this Settlement (who bothers to check their website for less than a $5 distribution?) But the Class *deserves* to be notified under Rule 23 to know Class Counsel's reheating attempt, especially in light of a reversal by the Ninth Circuit. The Settlement Agreement has been nullified, and if they want, they must settle again *anew*.

### 2. CLASS COUNSEL'S ATTEMPT TO EVADE THE NINTH CIRCUIT'S BINDING FORCE MUST BE REJECTED UNDER LAW OF THE CASE DOCTRINE

Not only does *Briseno v. Henderson* carry precedential value for all cases within the Ninth Circuit's jurisdiction, it also carries power as the Law of the Case. "Under that doctrine a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993) (quoting *Milgard Tempering, Inc. v. Selas Corp. of America*, 902 F.2d 703, 715 (9th Cir.

1990)). That means if an issue is *decided,* the proper way to seek an appeal to alter this Court's decision (which Class Counsel abandoned), or else the decision stands as-is.

The Ninth Circuit has decided that this Settlement is dead-on-arrival, because it "raises a squadron of red flags billowing in the wind" and cannot be approved. *Briseno,* 998 F.3d at 1019. No less concerning is the heading conclusion that "[t]he settlement had all the hallmarks of a potentially collusive settlement giving short shrift to the class." *Id.* at 1025-26. At its worst, "the injunctive relief is practically worthless." *Id.* at 1029.[1] None of these problems could withstand *another* approval.

Yet, by Class Counsel's account, everybody should ignore the Ninth Circuit's *Briseno* published opinion as a joke, because Class Counsel knew better. Class Counsel instead offer a draft reversal opinion that "it appeared as though the Ninth Circuit based its opinion on an incomplete understanding of the facts before this Court and the historical record of this hard-fought litigation." Renewed Motion, ECF No. 742 at 7. Class Counsel claim that "the Ninth Circuit did not find that such settlements should be per se rejected[,]" *ibid,* and "Plaintiffs believe that Magistrate Judge McCormick's declaration" overruled the Ninth Circuit opinion because Judge McCormick's appearance sanitized the likelihood of an *explicit* collusion. *Id.* at 9.

---

[1] Parties' worthless injuctive relief—as the Ninth Circuit held as law of the case—also dooms the Settlement in terms of lacking jurisdiction to award "worthless" relief that cannot provide redressability under the doctrine of Article III standing. *See Koby v. ARS Nat. Servs., Inc.,* 846 F.3d 1071 (9th Cir. 2017). *TransUnion LLC v. Ramirez,* 141 S. Ct. 2190, 2198 (2021) ("material risk of future harm can satisfy the concrete-harm requirement in the context of a claim for injunctive relief to prevent the harm from occurring, at least so long as *the risk of harm is sufficiently imminent and substantial*.") (emphasis added); *Mack v. USAA Cas. Ins. Co,,* 994 F.3d 1353 (11th Cir. 2021); *Berni v. Barilla, S.p.A.,* 964 F.3d 131 (2d Cir. 2020) (both rejecting standing to seek speculative injunctive relief on Article III grounds).

But Class Counsel's claims are false. "Under that doctrine a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993) (quoting *Milgard Tempering, Inc. v. Selas Corp. of America*, 902 F.2d 703, 715 (9th Cir. 1990)). The Ninth Circuit already reviewed decided the issues. The law-of-the-case doctrine must now be enforced in full.

Although the point appears moot in light of the Ninth Circuit's hether or not *explicit* collusion occurred, *implicit* collusion can happen. *See* Decl. of Judge McCormick, ECF No. 739 at 8 ("Those questions are properly resolved by the assigned district judge and they are not within my purview as the settlement judge.") *Id.* at 6-7 ("They do not represent my evaluation of what is the "right" outcome. Instead, they represent my evaluation of the terms that have the best chance of being accepted by both sides. This one was no different.")

Judge McCormick's settlement-facilitation work does not reduce Settling Parties' urge to obtain benefits at the expense of the Class, even if explicit collusion did not exist. *Ibid. Sharp Farms v. Speaks,* 917 F.3d 276, 292 (4th Cir. 2019) ("One aspect of the Settlement Agreement that emphatically cannot remedy the inadequate representation is the assistance of judges and mediators in the bargaining process.") (quoting *In re Payment Card Interchange Fee & Merch. Disc. Antitrust Litig.*, 827 F.3d 223, 234-35 (2d Cir. 2016)).

Nor could Judge McCormick reduce *implicit* collusion as a neutral mediator. *See Staton v. Boeing Co.,* 327 F.3d 938, 960 (9th Cir. 2003) ("The incentives for the negotiators to pursue their own self-interest and that of certain class members are ***implicit*** in the circumstances and can influence the result of the negotiations without any explicit expression or secret cabals.") (emphasis added) *In re Bluetooth,* 654 F.3d 935, 947 (9th Cir. 2011) ("possible implicit collusion" is frequent) (citing *Staton, supra*). *Allen v. Bedolla*, 787 F.3d 1218 (9th Cir. 2015)

(same). *In re Samsung Top-Load,* 997 F.3d 1077, 1090 (10th Cir. 2021) ("the inclusion of both a "kicker" agreement and a "clear-sailing" agreement can be an "indic[ation] of possible implicit collusion.") (citing *Bluetooth*). See *Thorogood v. Sears, Roebuck & Co.*, 627 F.3d 289, 293-94 (7th Cir. 2010) (discussing a variety of ways Class Counsel may harm the interests of the class).

All in all, the academic debate of whether collusion occurred—implicit or explicit—has no bearing in this case at the moment. The Settlement was thoroughly rejected by the Ninth Circuit. There is "final approval" to reheat the Settlement. Parties must go through the Rule 23(e) settlement process anew.

Under Parties' settlement agreement, the status already reverted to the day before Parties ever reached their first settlement. *Supra*, Part 1. It might be an unwise idea to re-offer the same carbon-copy settlement, but if Class Counsel offers one, all parties must—after adequate notice—entertain such motion in full. Class Counsel—had they chose to re-notice the Class as a party of the re-heated motion—can ask to approve the same settlement verbatim, "but the legal standard would be the same, and it would not be a wise move." Oral Arg. Tr. 25, *Smith v. Bayer Corp.,* No. 09-1205, 564 U.S. 299 (2011); *Thorogood v. Sears, Roebuck & Co.,* 678 F.3d 546, 552 (7th Cir. 2012) (Posner, J.) ("Sears will have to tread one or more of these paths if it wants relief from this copycat class action and perhaps more such actions to come; we can't save it.") But without re-noticing the Class for such carbon-copy repeat, the Settlement cannot be approved under all the circumstances in this case.

## CONCLUSION

This Court should hold that the Settlement Agreement is already null, and parties shall revert to the status as of the day before Parties entered into a joint settlement agreement. (Though, Parties are welcomed to re-negotiate and again settle into a carbon-copy deal as before.)

The "renewed motion for settlement approval" must be denied before another round of Class Notice is issued pursuant to Rule 23(e).

Alternatively, this Court should hold that the exact same Settlement cannot be ever approved under *Briseno v. Henderson*, 998 F.3d 1014 (9th Cir. 2021).

Date:   October 6, 2021

Respectfully Submitted,

/s/ SHIYANG HUANG
  SHIYANG HUANG
  2800 SW ENGLER CT.
  TOPEKA, KS
  *(314) 669-1858*
  *Defectivesettlement@gmail.com*

# CERTIFICATE OF SERVICE

I hereby certify that on October 6, 2021, I filed the foregoing notice via this Court's EDSS system, from which participants in the case will be served.

In light of the COVID-19 pandemic, Huang permits all reciprocal service done as email to defectivesettlement@gmail.com to constitute service satisfactory under Fed. R. Civ. Proc. 5(b).

/s/ Shiyang Huang

9