1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
DAVID E. AZAR (SBN 218319)
280 S. Beverly Drive, Suite PH
Beverly Hills, California 90212
Telephone: (213) 617-1200
dazar@milberg.com

*Appointed Class Counsel*

*[Additional Counsel on Signature Page]*

## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

|  |  |
|---|---|
| IN RE CONAGRA FOODS, INC. | Case No. CV 11-05379-CJC (AGRx) |
|  | MDL No. 2291 |
|  | **CLASS ACTION** |
|  | **JOINT DECLARATION OF CLASS COUNSEL SUPPLEMENTING AND JOINING THE DECLARATION OF DEFENDANT'S COUNSEL ANDREW G. PHILLIPS IN SUPPORT OF OBJECTOR M. TODD HENDERSON'S APPLICATION FOR LEAVE TO FILE UNDER SEAL (DKT. 757) AND RESPONSE TO CLASS MEMBER SHIYANG HUANG'S OPPOSITION TO OBJECTOR HENDERSON'S APPLICATION TO SEAL (DKT. 761)** |

We, Co-Lead Class Counsel ARIANA J. TADLER, ADAM J. LEVITT and DAVID AZAR, hereby jointly declare and state as follows pursuant to 28 U.S.C. §1746:

1.     Ariana J. Tadler is an attorney duly licensed to practice law in the states of New York and New Jersey and is admitted *pro hac vice* in this Court.  She is the Founding Partner of Tadler Law LLP and counsel of record for the Plaintiffs and the certified class in the above-captioned matter.  Ms. Tadler was formerly a partner at the law firms of Milberg Tadler Phillips Grossman LLP ("MTPG") and Milberg LLP ("Milberg").

2.     Adam J. Levitt is an attorney duly licensed to practice law in the state of Illinois and is admitted pro hac vice in this Court.  He is a partner of the law firm of DiCello Levitt Gutzler LLC ("DLG") and counsel of record for the Plaintiff and the certified class in the above-captioned matter. Mr. Levitt was formerly a partner at the law firms of Wolf Haldenstein Adler Freeman & Herz LLP and at Grant & Eisenhofer P.A.

3.     David Azar is an attorney duly licensed to practice law in the state of California and is a partner of Milberg Coleman Bryson Phillips Grossman PLLC, and was a partner of both MTPG and Milberg and counsel of record for the Plaintiff and the certified class in the above-captioned matter.

4.     Our firms are Co-Lead Class Counsel ("Class Counsel") under the Settlement with ConAgra, which has been resubmitted to the court for Final Approval, post remand by the United States Court of Appeals for the Ninth Circuit (Dkt. 742).

5.     We submit this declaration pursuant to L.R. 79-5.2.2(b)(i) and the June 25, 2013 Stipulated Protective Order (Dkt. 163) both in support of Objector M. Todd Henderson's Application For Leave To File Under Seal (Dkt. 757) certain documents in connection with his Renewed Objection to Proposed Settlement and Fee Request (Dkt. 759), and in response to Class Member Shiyang Huang's Opposition To

- 2 -

Objector Henderson's Application To Seal (Dkt. 761). We have personal knowledge of the facts set forth in this declaration and could testify competently as to them if called upon to do so.

6.      We have reviewed the materials that are the subject of the Application. The documents and related references are appropriately sealed pursuant to the compelling reasons and good cause standards. All of the documents at issue in the Application consist of or discuss confidential settlement communications between the parties and/or with the Court-appointed mediator, the Honorable Douglas McCormick, and/or the settlement claims administrator selected by Magistrate Judge McCormick. Each document contains or references highly sensitive, confidential settlement communications and negotiations that merit protection and should be kept from public disclosure. Accordingly, they are appropriately sealed pursuant to both the compelling reasons and the good cause standards.

7.      ***This Court has already recognized that documents concerning settlement negotiations would be confidential and filed under seal in connection with the resubmitted motion for Final Approval***. *See* Transcript July 19, 2021 at 55:14-17 (ordering that the Magistrate Judge's declaration would be filed under seal "because it's going to reflect settlement negotiation"); *see also id.* at 52:11-20 (acknowledging that Plaintiff's counsel may file information about the settlements under seal as long as Mr. Frank can review the documents).

8.      Further, contrary to Objector Shiyang Huang's argument, Objector Henderson has not waived – nor could he waive – any arguments by the designating parties that the documents Henderson filed under seal satisfy the standards for remaining under seal pursuant to the local rules – which is the entire purpose of the declaration pursuant to L.R. 79-5.2.2(b)(i).

9.      We have reviewed the Court's Civil Procedures and Civil Local Rule 79-5.2. We hereby certify that Application and supporting Declarations comply with the

Court's Civil Instructions, Local Rule 79-5.2, and the Stipulated Protective Order in this action.

10.     We have reviewed the Declaration of Andrew G. Phillips On Behalf Of Defendant Conagra Brands, Inc. In Support of Objector M. Todd Henderson's Application For Leave To File Under Seal (Dkt. 762) ("Phillips Declaration").

11.     ***We adopt and incorporate by reference the legal authority and argument in the Phillips Declaration***, which establishes good cause and/or demonstrate compelling reasons why the strong presumption of public access in civil cases should be overcome ***as to all of the documents that are the subject of Henderson's Application*** – which includes settlement documents produced by Class Counsel, as well as settlement documents produced by Conagra (i.e., Exhibits A through BB (Dkt. 758-3 through 758-30)), along with the Declaration of Theodore H. Frank & Offer of Proof (Dkt. 758-1) that discusses the submitted Exhibits and other settlement communications produced by the parties pursuant to this Court's order and designated as confidential.

12.     As noted in the Phillips Declaration, and confirmed by our independent research, the materials at issue in the Application relate to one narrow category of documents: confidential settlement communications and negotiations, which are protected under Federal Rule of Evidence 408 and this district's mediation privilege. Federal courts in the Ninth Circuit routinely grant applications to seal these types of documents and communications.

13.     Further, as to the points in paragraph 8 of the Phillips Declaration, we believe those concerns apply as well to Class Counsel: that public disclosure of these settlement materials would offer current and prospective litigants' direct insight into Class Counsel's negotiations and essentially would penalize Class Counsel for engaging in settlement discussions and mediation in good faith.  Already, we believe that Henderson's Objection provides a selective and slanted presentation of the parties' production reflecting settlement negotiations lasting more than a year, thus

creating a misimpression of the facts.  Public disclosure would also create a significant disincentive for efficient and frank settlement communications through electronic means, which the parties made under the understanding that they were communications protected by the mediation privilege.

We each declare under the penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct. Executed this 7th day of December, 2021.

Dated: December 7, 2021

*/s/ David E. Azar*
DAVID E. AZAR (SBN 218319)
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN PLLC**
280 S. Beverly Drive, Suite PH
Beverly Hills, California  90212
Telephone: (213) 617-1200
dazar@milberg.com


*/s/ Ariana J. Tadler*
ARIANA J. TADLER (*pro hac vice*)
**TADLER LAW LLP**
A.J. de BARTOLOMEO (SBN 136502)
22 Bayview Avenue
Suite 200
Manhasset, New York 11030
Telephone: (212) 946-9300
atadler@tadlerlaw.com
ajd@tadlerlaw.com


*/s/ Adam J. Levitt*
ADAM J. LEVITT (*pro hac vice*)
AMY E. KELLER (*pro hac vice*)
**DICELLO LEVITT GUTZLER LLC**
Ten North Dearborn Street,
   Sixth Floor
Chicago, Illinois  60602
Telephone: (312) 214-7900
alevitt@dicellolevitt.com
akeller@dicellolevitt.com

*Class Counsel*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **ATTESTATION**

I hereby attest that all signatories listed above, on whose behalf this declaration is submitted, concur in the filing's content and have authorized the filing.

*/s/ David E. Azar*

DAVID E. AZAR

1

## **CERTIFICATE OF SERVICE**

2

I, David E. Azar, an attorney, hereby certify that on December 7, 2021, I

3

caused a true and correct copy of the foregoing JOINT DECLARATION OF CLASS

4

COUNSEL SUPPLEMENTING AND JOINING THE DECLARATION OF

5

DEFENDANT'S COUNSEL ANDREW G. PHILLIPS IN SUPPORT OF

6

OBJECTOR M. TODD HENDERSON'S APPLICATION FOR LEAVE TO FILE

7

UNDER SEAL (DKT. 757) AND RESPONSE TO CLASS MEMBER SHIYANG

8

HUANG'S OPPOSITION TO OBJECTOR HENDERSON'S APPLICATION TO

9

SEAL (DKT. 761) to be filed and served electronically via the Court's CM/ECF

10

system. Notice of this filing will be sent by e-mail to all parties by operation of the

11

Court's electronic filing system or by mail to anyone unable to accept electronic

12

filing as indicated on the Notice of Electronic Filing.  Parties may access this filing

13

through the Court's CM/ECF system.

14

15

 */s/ David E. Azar*
David E. Azar

16

17

18

19

20

21

22

23

24

25

26

27

28