**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
DAVID E. AZAR (SBN 218319)
280 S. Beverly Drive, Suite PH
Beverly Hills, California 90212
Telephone: (213) 617-1200
dazar@milberg.com

**TADLER LAW LLP**
ARIANA J. TADLER (*pro hac vice*)
22 Bayview Avenue
Manhasset, New York 11030
Telephone: (212) 946-9300
atadler@tadlerlaw.com

**DICELLO LEVITT GUTZLER LLC**
Adam J. Levitt (*pro hac vice*)
alevitt@dicellolevitt.com
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Telephone: (312) 214-7900

*Appointed Class Counsel; Additional Counsel on Signature Page*

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| IN RE CONAGRA FOODS, INC. | Case No. CV 11-05379-CJC (AGRx) <br><br> MDL No. 2291 <br><br> **CLASS ACTION** <br><br> **PLAINTIFFS' SUBMISSION OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF PLAINTIFFS' RENEWED MOTION FOR FINAL APPROVAL OF THE SETTLEMENT AND AWARD OF ATTORNEYS' FEES, EXPENSES AND REPRESENTATIVE PLAINTIFFS' SERVICE AWARDS** |

CV-11-05379-CJC (AGRx)
PLAINTIFFS' SUBMISSION OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF RENEWED MOTION FOR FINAL APPROVAL OF THE SETTLEMENT

Plaintiffs hereby submit as supplemental authority in support of their Renewed Motion for Final Approval the attached "Report And Recommendations regarding Plaintiffs' Motion for Final Approval of Class Action Settlement and Class Counsel's Motion for Attorneys' Fees, Expenses, and Service Awards" issued on December 15, 2021, by Magistrate Judge Jonathan Goodman in *Williams et al v. Reckitt Benckiser LLC et al.,* Case 1:20-cv-23564-MGC, pending in the U.S. District Court for the Southern District of Florida ("*Williams* R&R"). (**Exhibit A**.). While Plaintiffs understand that the *Williams* R&R is not yet binding, for the reasons stated herein, it is helpful to the Court in performing its analysis of the settlement on remand.

The *Williams* R&R is pertinent because in that case, Mr. Frank, as the objector, raised many similar arguments to the ones he raised before this Court. The *Williams* Magistrate Judge analyzed Mr. Frank's objections in detail (*e.g.*, collusion, clear sailing, kicker provision, *Pearson*, adequacy of settlement).[1] Although it is still subject to objections and review by the Florida district court, the Court may find the well-reasoned *Williams* R&R helpful to it here.

For the Court's convenience, Plaintiffs set forth below the most relevant portions of the *Wiliams* R&R which are found at pages 82-85, 87-88, 98-99, 101-105, and in

---

[1] The *Williams* case also involves one of the same law firms as in the present case, Milberg Coleman Bryson Phillips Grossman PLLC.

1

CV-11-05379-CJC (AGRx)
PLAINTIFFS' SUBMISSION OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF RENEWED MOTION FOR FINAL APPROVAL OF THE SETTLEMENT

particular, the following passages:

<u>p. 82</u>

> Frank and [Truth in Advertising, Inc.] TINA argue that the amount of the settlement is inadequate, but this position seems to ignore the principle that the possibility of a higher monetary award at trial does not in and of itself mean that the Court should reject the settlement. *See e.g., In re Chicken Antitrust Litig.*, 560 F. Supp. 957 (N.D. Ga. 1980) ("The court's task is one of balancing the probabilities, not assuring that the plaintiff class receives every benefit that might have been won after a full trial.").

<u>p. 83</u>

> Because "[m]onetary relief is difficult to quantify," in evaluating a class settlement, "the Court's role is not to engage in a claim-by-claim, dollar-by-dollar evaluation, but rather, to evaluate the proposed settlement in its totality." *Lipuma*, 406 F. Supp. 2d at 1322-23 (finding that settlement recovering 8.1% of possible damages was fair, adequate, and reasonable). "[T]he fact that a proposed settlement amounts to only a fraction of the potential recovery does not mean the settlement is unfair and inadequate . . . A settlement can be satisfying even if it amounts to a hundredth or even a thousandth of a single percent of the potential recovery[.]" *Behrens v. Wometco Enter. Inc.*, 118 F.R.D. 534, 542 (S.D. Fla. 1988).

2

CV-11-05379-CJC (AGRx)
PLAINTIFFS' SUBMISSION OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF RENEWED MOTION FOR FINAL APPROVAL OF THE SETTLEMENT

p. 84-85

> Frank and TINA argue that the touted dollar value of the settlement is illusory and substantially overstated because the actual money paid out will be far less than $8 million and because the unpaid settlement funds will revert back to (or, to be more technically correct, will *remain* with Defendants). [Emphasis in original.]
>
> But these types of claims-made class action settlement [sic] are frequently approved, even if unclaimed funds revert to defendants. *See Casey v. Citibank*, No. 12-cv-820 (N.D.N.Y.) (ECF No. 222 at ¶ 6) (approving virtually identical claims-made settlement and finding that regardless of the take rate, "[t]he settlement confers substantial benefits upon the Settlement Class members, is in the public interest, and will provide the parties with repose from litigation"); *Shames v. Hertz Corp.*, No. 07-cv-2174, 2012 WL 5392159 (S.D. Cal. Nov. 5, 2012) (approving claims-made settlement over objections because "there is nothing inherently objectionable with a claims-submission process, as class action settlements often include this process, and courts routinely approve claims-made settlements") (citations omitted); *Lemus v. H & R Block Enters. LLC*, No. 09-cv-3179, 2012 WL 3638550 (N.D. Cal. Aug. 22, 2012) (approving, over objections, claims-made settlement in wage case where unclaimed funds reverted to the defendants); *Atkinson v. Wal-Mart Stores, Inc.*, No. 8:08-cv-00691-T-30TBM, 2011 WL 6846747, at *5 (M.D. Fla. Dec. 29, 2011) (approving claims-made

3

CV-11-05379-CJC (AGRx)
PLAINTIFFS' SUBMISSION OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF RENEWED MOTION FOR FINAL APPROVAL OF THE SETTLEMENT

settlement with full reversion in class action case involving the estates of persons whose lives were insured under Corporate Owned Life Insurance policies purchased by Wal-Mart or a Wal-Mart Trust while they worked as Wal-Mart associates in Florida and whose deaths resulted in the payment of insurance policy benefits to Wal-Mart or the Trust).

p. 87

Indeed, while a clear-sailing provision could indicate that the settling parties compromised class members' interests to give class counsel favorable treatment on attorney's fees, it could just as easily be included for purposes of finality and risk avoidance. *See Malchman v. Davis*, 761 F.2d 893, 905 n.5 (2d Cir. 1985) (a clear-sailing provision "is essential to completion of the settlement, because the defendants want to know their total maximum exposure and the plaintiffs do not want to be sandbagged"); *see also Poertner*, 618 F. App'x at 630 (rejecting objections -- raised by Frank, coincidentally – based on clear sailing and kicker clauses because "Frank's self-dealing contention is belied by the record: the parties settled only after engaging in extensive arms-length negotiations moderated by an experienced, court-appointed mediator").

P. 88

4

CV-11-05379-CJC (AGRx)
PLAINTIFFS' SUBMISSION OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF RENEWED MOTION FOR FINAL APPROVAL OF THE SETTLEMENT

As explained earlier in this Report, there was no collusion. And absent collusion, a clear-sailing provision should not bar a class settlement's approval, as courts in this Circuit have repeatedly emphasized. *See, e.g., Poertner*, 618 F. App'x at 630 (per curiam); *Waters v. Int'l Precious Metals Corp.*, 190 F.3d 1291, 1293 n.4 (11th Cir. 1999) (summarizing different views but declining to address the clear sailing provision because appellate court was convinced that district judge fulfilled the Rule 23 supervisory function); *Fladell v. Wells Fargo Bank, N.A.*, No. 0:13-cv-60721, 2014 WL 5488167, at *4 (S.D. Fla. Oct. 29, 2014) (rejecting argument about clear-sailing provision as "immaterial" because there "was no collusion in the settlement negotiations and the [p]arties began negotiations regarding attorney's fees only after finishing the negotiating the Settlement itself"); *Ingram*, 200 F.R.D. at 693 (rejecting argument that collusion was present in the Settlement, noting that a highly experienced mediator was involved and reasoning that "[p]arties colluding in a settlement would hardly need the services of a neutral third party to broker their deal").

5

CV-11-05379-CJC (AGRx)
PLAINTIFFS' SUBMISSION OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF RENEWED MOTION FOR FINAL APPROVAL OF THE SETTLEMENT

p. 98-99

**The Contingent Nature of the Fee, the Financial Burden Carried by Counsel, and the Economics of Prosecuting a Class Action**: A determination of a fair fee for Class Counsel must include consideration of the contingent nature of the fee, the outlay of out-of-pocket expenses by Class Counsel, and the fact that the risks of failure and nonpayment in a class action are extremely high -- with the risk of failure the foremost factor. *Pinto v. Princess Cruise Lines, Ltd.*, 513 F. Supp. 2d 1334, 1339 (S.D. Fla. 2007). In this case, Class Counsel received no compensation during the litigation, incurred expenses with no guarantee of repayment, and faced a substantial risk that after protracted, complex, and expensive litigation, the Class and Class Counsel could end up with no recovery at all.

The fee award was contingent on a good result -- Class Counsel would have recovered nothing if it had not secured recovery for the class. "For a complex and sophisticated case such as this one, class counsel took considerable financial risk in pursuing the case." *Saccoccio*, 297 F.R.D. at 695.

The risks undertaken by class counsel in class actions are often "exacerbated by the existence of competing parallel proceedings in other courts, which may reach settlement or certification first, and the

6

CV-11-05379-CJC (AGRx)
PLAINTIFFS' SUBMISSION OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF RENEWED MOTION FOR FINAL APPROVAL OF THE SETTLEMENT

considerable amount of labor that is usually undertaken to litigate a class action to resolution." *Wilson*, 2016 WL 457011, at *19.

And these results were real possibilities -- a court in a similar case decertified the class after a hung jury mistrial.

P. 101

**The Skill, Experience, and Reputation of Class Counsel**: This litigation required a high degree of skill and experience. Class Counsel have decades of experience successfully litigating national class actions. Beyond that, Class Counsel's reputation, diligence, expertise, and skill are reflected in how they have handled this case and the results they have achieved. They resolved this dispute efficiently and effectively despite the potential hurdles presented and the arguments raised by Defendants detailed above. The quality of Class Counsel and their achievement in this case is equally shown by the strength of their opponents, Perkins Coie LLP and Bilzin Sumberg Baena Price & Axelrod LLP, who are excellent defense firms. (Bryson Decl., ¶ 13 [ECF No. 69-1]) (mentioning the Perkins Coie firm). This factor thus also favors awarding the requested fee.

P. 105

The Seventh Circuit similarly rejected the settlement in *Pearson v. NBTY, Inc.*, 772 F.3d 778 (7th Cir. 2014), a case which Frank relies upon repeatedly in his Objection Memorandum [ECF No. 75, pp. 1, 4, 25, 26,

7

CV-11-05379-CJC (AGRx)
PLAINTIFFS' SUBMISSION OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF RENEWED MOTION FOR FINAL APPROVAL OF THE SETTLEMENT

27, 28), because the district court had valued the settlement to include the costs of notice to the class and attorney's fees, and of the $5.63 million to be made available to the class, approximately $4.77 million was reserved solely for counsel fees and expenses, notice costs, and *cy pres* and service awards, with only $865,284 left for the settlement class, which amounted to only **seven cents per class member**. See *id.* at 780-81, 783–84. [Emphasis in original.]

The *Pearson* Court also criticized the claim form and filing requirements as too onerous when weighed against the "low ceiling on the amount of money that a member of the class could claim[,]" *id.* at 783; the *cy pres* award as excessive when weighed against the minimal relief made available to class members, *id.* at 784; the potential ineffectiveness of the proposed injunctive relief, *id.* at 785; and the court's sense that the parties had colluded to "sell out the class by agreeing ... to recommend that the judges approve a settlement involving a meager recovery for the class but generous compensation for the lawyers[.]" See *id.* at 787 (citing *Eubank,* 753 F.3d at 720).

As discussed in detail above, the relief provided by this Settlement, however, stands in stark contrast to the relief provided in *Eubank* and *Pearson* and in almost every other respect.

8

CV-11-05379-CJC (AGRx)
PLAINTIFFS' SUBMISSION OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF RENEWED MOTION FOR FINAL APPROVAL OF THE SETTLEMENT

Respectfully submitted,

Dated: December 16, 2021

/s/ David E. Azar
David E. Azar (SBN 218319)
dazar@milberg.com
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
280 S. Beverly Drive, Suite PH
Beverly Hills, California 90212
Telephone: (213) 617-1200

Ariana J. Tadler (*pro hac vice*)
atadler@tadlerlaw.com
A.J. de Bartolomeo  SBN 136502
ajd@tadlerlaw.com
**TADLER LAW LLP**
22 Bayview Avenue, Suite 200
Manhasset, New York 11030
Telephone: (212) 946-9453

Adam J. Levitt (*pro hac vice*)
alevitt@dicellolevitt.com
Amy E. Keller (*pro hac vice*)
akeller@dicellolevitt.com
**DiCELLO LEVITT GUTZLER LLC**
Ten North Dearborn Street,
Sixth Floor
Chicago, Illinois 60602
Telephone: (312) 214-7900

*Class Counsel*

9

CV-11-05379-CJC (AGRx)
PLAINTIFFS' SUBMISSION OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF RENEWED MOTION FOR FINAL APPROVAL OF THE SETTLEMENT

# CERTIFICATE OF SERVICE

The undersigned certifies that, on December 16, 2021, he caused this document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of filing to registered counsel of record for each party.

Dated:  December 16, 2021

*/s/ David E. Azar*
David E. Azar (SBN 218319)