**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
DAVID E. AZAR (SBN 218319)
280 S. Beverly Drive, Suite PH
Beverly Hills, California 90212
Telephone: (213) 617-1200
dazar@milberg.com

**TADLER LAW LLP**
ARIANA J. TADLER (*pro hac vice*)
22 Bayview Avenue, Suite 200
Manhasset, New York 11030
Telephone: (212) 946-9300
atadler@tadlerlaw.com

**DıCELLO LEVITT GUTZLER LLC**
ADAM J. LEVITT (*pro hac vice*)
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Telephone: (312) 214-7900
alevitt@dicellolevitt.com

*Appointed Class Counsel; Additional Counsel on Signature Page*

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| IN RE CONAGRA FOODS, INC. | Case No. CV 11-05379-CJC (AGRx) <br><br> MDL No. 2291 <br><br> **CLASS ACTION** <br><br> **REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING PLAINTIFFS' RENEWED MOTION FOR FINAL APPROVAL OF THE SETTLEMENT AND AWARD OF ATTORNEYS' FEES, EXPENSES, AND SERVICE AWARDS** |

CV-11-05379-CJC (AGRx)
REPLY IN SUPPORT OF RECONSIDERATION OF RENEWED MOTION FOR FINAL APPROVAL

## I. INTRODUCTION

Class Counsel believe that the Court failed to consider and exercise its discretion under Rule 23 of the Federal Rules of Civil Procedure—including, in particular, its discretion to: (i) permit the Classes to recover under the settlement; and (ii) reduce the fees and expenses requested by Class Counsel to amounts the Court believes appropriate for *this* case.

Class Counsel filed the motion for reconsideration of the Court's order denying renewed approval of the settlement (ECF No. 784) because they: (i) seek to obtain the relief negotiated and agreed to *for the Classes* for which notice was disseminated and claims by class members were submitted; and (ii) ask the Court to issue an award of *whatever* fees, if any, and expenses to Plaintiffs' counsel that the Court, in its wide discretion, believes is appropriate. In contrast, Objector wants (i) the Classes to get nothing, (ii) Plaintiffs' counsel to be paid nothing, and (iii) the parties to resume active litigation. That result will not cost Objector anything, but it will cost everyone else (especially the Classes) substantially, and consume resources of courts across the country (if this Court sends non-California claims to their respective districts upon conclusion of the MDL proceedings before this Court).

The motion for reconsideration is thus proper under the rules because the Court's order does not address critical, material issues of fact and law which the Ninth Circuit ordered it to address on remand. Before restarting what may be years of litigation, where it is almost certain the Classes *cannot* do better and will likely do much worse, Class Counsel believe it was reasonable and proper under the local and federal rules to raise this issue on a motion for reconsideration, consistent with Local Rule 7-18(c), and pursuant to the Court's discretion.

Finally, to be clear, contrary to Objector's supposition, Class Counsel never expressed an intention to appeal regardless of how the Court decides this motion for

reconsideration. While Class Counsel cannot preemptively waive any right to appeal, they can say that if the Court approves the settlement allowing class members to recover and provides *some* number for fees and expenses, the Court would give this case a solid chance to end. However, if the Court rejects the settlement itself, then there is no choice *but* to appeal the denial of final approval because Objector will have terminated the settlement for the Classes, which is an extreme and manifestly unjust result. Even worse, that appeal would need to occur after litigating the case to judgment because denial of a proposed settlement is not automatically appealable. The motion for reconsideration was intended to signal Plaintiffs' desire to resolve this matter, once and for all, so that the Classes can get relief, and the parties can stop utilizing their and the Court's resources and move on. Over ten years of litigation is enough.

## II.    ARGUMENT

### A.    The Settlement Agreement States That the Court Will Determine Any Fee and Expense Award.

Objector does not deny that the Court has the discretion under the four corners of the settlement agreement to determine an appropriate fee award, regardless of any request made by Class Counsel or any proposal made by the mediator.[1] *See* ECF No. 652-1 at 30 ("the Court shall have the final authority to award the amount of attorneys' fees and expenses"). Thus, the result requested by this motion is entirely consistent with the four corners of the settlement agreement, and there is no need for the Court to

---

[1] For example, Class Counsel believe that certain language in the Magistrate Judge's declaration created a misimpression about his mediator's proposal and the role he played in the negotiations. Specifically, Class Counsel believe the Magistrate Judge never would have proposed a resolution, or informed the Court that there was a settlement, if he thought that the settlement might not comply with the Federal Rules about class action settlements. Indeed—proposing something that would be unfair, unreasonable, or inadequate would waste at least two years' of the parties' and the courts' (trial and appellate) resources.

deny all relief to the Classes just because it found the requested fees to be disproportionate.[2]

There was no waiver of the contractual provision that the Court would determine fees. The entire fee discussion in the briefing and at argument was always about what amount is fair and reasonable. That is the governing standard, and that is in the settlement agreement. Waiver occurs when a party does not raise a legal issue or argument. *See Freedom From Religion Foundation, Inc. V. Chino Valley Unified Sch. Dist. Bd. of Educ.*, 896 F.3d 1132, 1152 (9th Cir. 2018). Class Counsel obviously did not waive the argument that this Court has discretion to award reasonable fees simply by suggesting to the Court what they thought was a reasonable fee based upon a mediator's proposal. Nor could Class Counsel have restricted the Court's ability to exercise its authority and discretion.

Nonsensically, Objector argues that Class Counsel do not refute the Court's findings in their reconsideration motion. Respectful of the Court, Class Counsel did not reargue what has already been argued. Class Counsel respectfully disagree with certain findings, but they are following the law on reconsideration and not rearguing those points.[3]

---

[2] Objector wrongly asserts that the only appropriate fee award is zero, exclusively in reliance on *Rodriguez v. Disner*, 688 F.3d. 645 (9th Cir. 2012). *Disner* is readily distinguishable. There, class counsel created a conflict of interest by entering into incentive agreements with plaintiffs, breaching the fiduciary duty to the class by failing to disclose those agreements. *Id.* at 657-58. There is no such conflict here. And in any event, this Court, "c[an still] [] reasonably conclude[] that [class counsel is] entitled to some attorneys' fees for its efforts and notable success in [the] case" when "exercising its *equitable discretion*." *See id.* at 658 (emphasis added).

[3] Objector, relying on *Roy v. Cty. of Los Angeles*, No. CV1209012ABFFMX, 2018 WL 343916 (C.D. Cal. July 11, 2018), incorrectly contends that Plaintiffs improperly reiterate in their motion that the relief available to the class is 36% greater than they could have achieved at trial. Unlike in *Roy*, where the court found the motion for

CV-11-05379-CJC (AGRx)
REPLY IN SUPPORT OF RECONSIDERATION OF RENEWED MOTION FOR FINAL APPROVAL
3

What Class Counsel *are* saying is that even within the parameters of what the Court has decided, the Court should use its discretion to determine a fee and expense award. *See Radcliffe v. Experian Info. Sols. Inc.*, 715 F.3d 1157, 1168 (9th Cir. 2013) (remanding to district court to determine "whether, and to what extent, class counsel are entitled to fees."); *Rodriguez v. W. Publ'g Corp.*, 602 F. App'x 385, 387 (9th Cir. 2015) (reversing and remanding with instructions to increase award of attorneys' fees upon finding that district court's calculation lacked "sufficient support in the record to warrant the district court's [downward] adjustment.").

### B. Objector Waived Opposition to the Request for Expenses.

Objector conspicuously ignores Class Counsel's request for expenses. Thus, if anything has been waived or forfeited, it is Objector's argument that Class Counsel do not deserve an award of expenses. *See Jenkins v. Cty. of Riverside*, 398 F.3d 1093, 1095 n. 4 (9th Cir. 2005) (finding plaintiff abandoned claims not raised in opposition brief); *Stichting Pensioenfonds ABP v. Countrywide Financial Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. Aug. 9, 2011) ("failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver").

Class Counsel's expenses are derived from successful motion practice, which resulted in an expert analysis—*upheld in the Ninth Circuit on appeal*—regarding class member damages. *In re Conagra Foods, Inc.*, 90 F. Supp. 3d 919, 1023 (C.D. Cal. 2015), *Briseño v. ConAgra Foods, Inc.*, 674 Fed. App'x 654, 657 (9th Cir. 2017). Those

---

reconsideration was improper under Local Rule 7-18 because the moving party repeated conclusory *legal arguments*, plaintiffs here have set forth *factual* assertions supported by expert analysis and evaluation, provided to the Court in the form of a sworn declaration. *See* ECF No. 652-4; *Crawford v. Combs*, No. 17-CV-03089-YGR (PR), 2020 WL 1043625, at *4 (N.D. Cal. Mar. 4, 2020) (sworn declarations are "statements of fact"). Notably, Objector does not take issue with any other material facts plaintiffs maintain the Court failed to consider in issuing a decision on the motion.

CV-11-05379-CJC (AGRx)
REPLY IN SUPPORT OF RECONSIDERATION OF RENEWED MOTION FOR FINAL APPROVAL
4

expenses were necessary to achieve that successful result. Class Counsel also achieved procedural wins from the outset of the litigation, including the sustaining of the governing complaint, various discovery motions, and the certification of the Classes. Thus, Class Counsel believe the Court should award the unchallenged expenses in full.

Relatedly, no proposed order was needed to alert Objector to the relief sought, which is simply for the Court to make a determination of reasonable fees and expenses in its discretion. There is no prejudice—particularly since Objector would have objected to any proposed order *and* the Court is likely to draft its own Order.[4]

### C. There Is a Proper Basis for Reconsideration.

Objector argues that the motion for reconsideration does not rely on a proper basis, but that argument is misplaced. Even under the doctrine of law of the case, which counsels against reopening questions once resolved in ongoing litigation, a trial court has discretion to reconsider its prior, non-final decisions. *See* 18 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 4478 at 788–89. "[T]he major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Pyramid Lake Paiute Tribe of Indians v. Hodel*, 882 F.2d 364, 369, n.5 (9th Cir. 1989) (citation omitted).

Objector incorrectly maintains that reconsideration is improper because the court considered every element of Plaintiffs' claim, and cites to *Alcon Ent., LLC v.*

---

[4] Further, the Court has discretion to decide if it needs a proposed order pursuant to Local Rules 7-20 and 7-12, and there are no cases, to Class Counsel's knowledge, where a Court declined to consider, or strictly denied, a motion for reconsideration (or any motion for that matter) on the sole basis that it was unaccompanied by a proposed order.  In fact, even where a court expressly noted that the moving party failed to provide a proposed order under Local Rule 7-20, the court nevertheless exercised its discretion and granted the motion before it anyway. *See Love v. Tirupati Inv. Enterprises, Inc.*, No. EDCV18834DMGPLAX, 2019 WL 4391126, at *1 n. 1, 6 (C.D. Cal. June 6, 2019).

*Automobiles Peugeot SA*, No. 19-cv-0245, 2020 WL 8365239 (C.D. Cal. Jan. 16, 2020), in support of his argument. But the court only concluded that reconsideration was unwarranted there because it "expressly" considered all material facts in its original order. *Id.* at *2. Here, however, the Court did not "expressly" consider in its order what a proportional fee award would be. Thus, there *is* good reason for the court to "disturb its finding now." *Id.* at *8.

And the amount of fees is a manifestly important point—particularly because the Court did not find that the individual class members could have received more money. Thus, Class Counsel bring this motion because it is unclear if that omission of those material facts was intentional or not.

### D. "Disproportionality," Which Class Counsel Seeks to Cure Through Its Motion, Does Not Make the Settlement Fatally Flawed.

Objector's contention that the settlement agreement is fatally flawed because the Court found the previously-requested fees disproportional to the relief for the Classes relies on the mistaken premise that the Classes could have received more had counsel asked the Court to award a lower fee amount. But Conagra has made it abundantly clear at every stage of this approval process that they are not putting more money on the table, will not agree to pay any class member more than fifteen cents per bottle (higher than what could be achieved at trial), and will not reallocate settlement money because that would cause individual class members to receive a windfall beyond their possible actual damages. *See* ECF No. 676 at 6.[5]

That position is consistent with the holding in *Pearson*, which the Ninth Circuit

---

[5] Indeed, documents produced in discovery demonstrate the Conagra would have offered more *in coupons*—which have resulted in a separate objection by the Objector. But Class Counsel did not agree nor would they agree to a coupon settlement.

cited in its recent decision in *this* action,[6] because this matter is not a one-off, but instead Conagra has emphasized that this case is just one in a portfolio of labeling cases, and thus Conagra considers a settlement in *this* case to impact the economics in the *others*. ECF No. 743-1, July 19, 2021 Hrg. Tr. 32:15-25 (in which Conagra's counsel refers to other, pending lawsuits); Reply Decl. ¶ 69, Exs. 48, 49 (referring to pending *Lee* case). Thus, the settlement of this action impacts other, similar cases for Conagra, and the Court should view Conagra's economic analysis from the perspective of that entire portfolio and the impact on the nearly identical Massachusetts case.[7] Conagra is thus not indifferent to the allocation of a settlement between class members and their counsel here, but instead has an economic incentive to hold strictly to the premise that it will not pay class members more than what they could receive at trial.[8]

Direct distribution was not an option for reasons already explained by Conagra: they were not going to accept that in lieu of actual claims, and the likely data from the

---

[6] *Briseño v. Henderson*, 998 F.3d 1014, 1025 (9th Cir. 2021).

[7] In the context of a settlement, parties have myriad reasons that drive the terms of a settlement. Here Conagra has clearly stated them. Although the Objector does not like Conagra's reasoning, the Court should not accept the Objector's suppositions for the actual, stated position of a party to the lawsuit.

[8] The settlement does not flunk *Kim v. Allison*, 8 F. 4th 1170 (9th Cir. 2021), contrary to Objector's assertions. There, the Ninth Circuit's issue with proportionality of the settlement against the requested attorneys' fees turned entirely on its finding that the district court "inflated" the value of the settlement because the relief provided to the Class was limited to (1) individuals who fell outside of the Class definition, or (2) those who maintained relationship with defendant, which the Ninth Circuit found particularly problematic with the relief provided in the settlement in *Allison*. *See id.* at 1179. But the relief provided here is *not* limited to individuals who fall outside of the Class definition or who maintain a relationship with defendant. All class members here could obtain up to $4.50 from the settlement—36% higher than could have been obtained at trial. *See* ECF No. 742 at 21. And Plaintiffs are not seeking to ascribe any value to the $27 million injunctive relief figure proposed by Magistrate Judge McCormick. *See* ECF No. 742 at 6.

loyalty programs were deficient for various reasons. *See* ECF No. 767 at 4-5. Objector seems to demand that individual notice be sent for 15 cent claims, but the Ninth Circuit *in this case explicitly* said that no such notices were required.[9] While there are lessons to be learned from how to encourage class members to make claims for $4.50, the fact that a previously-proposed fee request was disproportionate because class members were not motivated to make claims does not mean that the settlement should fail.

As to the kicker provision, the fact that Conagra gets to keep any money it internally allocated for attorney fees but not awarded by the Court does not mean that the 15 cents per unit is not fair, reasonable, and adequate. The part of this deal that the Ninth Circuit was concerned about—and for which it wanted further review and assessment by this Court on remand—was the amount of the *requested* fee compared to the relief to the class members. That issue can be resolved by the Court changing the fee and expense award to an amount it finds reasonable and proportionate.

Finally, Objector states that if the settlement is rejected, and if the Classes do not receive anything because the Court decertifies the Classes or grants summary judgment, then that means the Classes never deserved anything. That position ignores the procedural hurdles that Plaintiffs overcame and the very purpose of settlement, which inherently fixes a sum in an uncertain situation—and litigation like this is inherently uncertain. *See Nat'l Rural Telecomms. Coop. v. DIRECTV, Inc.*, 221 F.R.D. 523, 529 (C.D. Cal. 2004) (quoting Conte & H. Newberg, Newberg on Class Actions, § 11:50 at 155 (4th ed.2002)) ("Approval of settlement is preferable to lengthy and expensive litigation with uncertain results.").

Here, the Classes have a contractual right to obtain relief, with each class member

---

[9] "We, however, do not hold that parties must provide direct notice, especially for low-cost items bought by millions of consumers. A contrary ruling would likely not be cost-effective, with administrative and notice costs devouring most of the settlement fund." *Henderson*, 998 F.3d at 1026, n.3.

who made a claim being entitled to more than they could obtain at trial for the price premium from the misleading claim at issue. Conagra agreed that class members deserved to get something. If Objector were really interested in the best interests of the Classes, Objector should support the payment of the recovery relief to the Classes and focus his argument only on what is a reasonable fee.

This case, in its starkest terms, exposes the fact that Objector's counsel is prepared to strip all relief from the Classes unless the *Plaintiffs'* lawyers do not get paid. Class Counsel noted this concern from the outset of the objection process: Objector's counsel's priority is to reduce (or, now, eliminate) Class Counsel's fee.[10] But when faced with circumstances (like changes in the law in this case) that would ensure that the Class obtain *zero* relief if the case were to continue, convincing a Court to reject approval of a settlement that *does* distribute cash to claimants is not in the best interests of the Classes. In another case, where Objector's counsel pushed an ideology that did not result in *any* increase to class member relief—but only in two years' worth of delay—the trial court found that he was not acting in the best interests of the class.[11]

---

[10] *See, e.g.,* Oct. 7, 2019 Hrg. at 33:8-16, ECF No. 743-5 ("[E]very argument [Objector's counsel] makes comes down to the same thing: plaintiff lawyers should make less money. The settlement's unfair. We should make less money. It should have been a different notice program. We should make less money. It all boils down to making what we do for whatever reason as cost-[in]effective as possible for us. And that's a fact."). *Compare with* ECF No. 773-1 at 17 ("Mr. Frank conceded that *he has been asked to object to class action settlements for the purpose of challenging attorneys' fees by other defense counsel*.").

[11] *In re Equifax Inc. Customer Data Sec. Breach Litig.*, No. 1:17-MD-2800-TWT, 2020 WL 256132, at *42 (N.D. Ga. Mar. 17, 2020), *aff'd in part, rev'd in part on other grounds in part and remanded*, 999 F.3d 1247 (11th Cir. 2021), *cert. denied sub nom. Watkins, et al. v. Spector, et al.*, No. 21-638, 2022 WL 89334 (U.S. Jan. 10, 2022). To the extent Objector's counsel takes issue with the fact that counsel prepared the order, the Eleventh Circuit found that the process was not fundamentally unfair, and rejected Objector's counsel's arguments. *In re Equifax*, 999 F.3d at 1268.

CV-11-05379-CJC (AGRx)
REPLY IN SUPPORT OF RECONSIDERATION OF RENEWED MOTION FOR FINAL APPROVAL
9

Here, Objector's counsel's actions may well ensure that the Classes get nothing. While there is certainly no "adequacy" requirement for an Objector or his counsel (as there is for Class representatives and Class Counsel), the Court is able to consider the reason and motivations behind the objection. *Chambers v. Whirlpool Corp.*, No. SACV111733FMOJCGX, 2016 WL 9451360, at *2 (C.D. Cal. Aug. 12, 2016) (considering the intent of objector and counsel "particularly when indicative of a motive other than putting the interest of the class members first"); *Greco v. Ginn Dev. Co. LLC*, 635 Fed. Appx. 628, 633 (11th Cir. 2015) (considering whether those voicing opposition to settlement have ulterior motives); *Manual for Complex Litigation Fourth* (2004), § 21.643 ("Objections may be motivated by self interest rather than a desire to win significant improvements in the class settlement."). *While Objector had a point—and Class Counsel will most definitely seek to improve claims rates in all settlements—*continuing to pursue this ideological position will not help the Classes in *this* case.

The Settlement with Conagra is the last and best opportunity that Wesson Oil consumers are going to have for relief and, even in the face of Class Counsel reemphasizing that the Court must determine the award of fees and expenses, Objector remains stalwart in his efforts, which if successful will result in the Classes getting nothing—the exact opposite of serving the best interests of the Classes.

### III. CONCLUSION

Plaintiffs respectfully request that the Court grant reconsideration and issue an order finally approving the settlement, granting appropriate and proportional fees, and granting expenses and service awards.

---

These were also observations that the Court repeated in orders not prepared by counsel. *In re Equifax*, ECF No. 1094 at 7-8.

| | |
|---|---|
| | Respectfully submitted, |
| Dated: February 14, 2022 | */s/ David E. Azar* |
| | David E. Azar (SBN 218319) |
| | dazar@milberg.com |
| | **MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC** |
| | 280 S. Beverly Drive, Suite PH |
| | Beverly Hills, California 90212 |
| | Telephone: (213) 617-1200 |
| | |
| | Ariana J. Tadler (*pro hac vice*) |
| | atadler@tadlerlaw.com |
| | A.J. de Bartolomeo (SBN 136502) |
| | ajd@tadlerlaw.com |
| | **TADLER LAW LLP** |
| | 22 Bayview Avenue, Suite 200 |
| | Manhasset, New York 11030 |
| | Telephone: (212) 946-9453 |
| | |
| | Adam J. Levitt (*pro hac vice*) |
| | alevitt@dicellolevitt.com |
| | Amy E. Keller (*pro hac vice*) |
| | akeller@dicellolevitt.com |
| | **DiCELLO LEVITT GUTZLER LLC** |
| | Ten North Dearborn Street, Sixth Floor |
| | Chicago, Illinois 60602 |
| | Telephone: (312) 214-7900 |
| | |
| | ***Class Counsel*** |

# CERTIFICATE OF SERVICE

The undersigned certifies that, on February 14, 2022, he caused this document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of filing to registered counsel of record for each party. Copies of any sealed materials will be emailed to counsel of record.

Dated: February 14, 2022

                                                 */s/ David E. Azar*
                                                David E. Azar (SBN 218319)