1

**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
DAVID E. AZAR (SBN 218319)

2

280 S. Beverly Drive, Suite PH
Beverly Hills, California  90212

3

Telephone: (213) 617-1200

4

dazar@milberg.com

5

**TADLER LAW LLP**
ARIANA J. TADLER (*pro hac vice*)

6

22 Bayview Avenue
Manhasset, New York  11030

7

Telephone: (212) 946-9300

8

atadler@tadlerlaw.com

9

**DICELLO LEVITT LLC**
ADAM J. LEVITT (*pro hac vice*)

10

Ten North Dearborn Street,
    Sixth Floor

11

Chicago, Illinois  60602
Telephone: (312) 214-7900

12

alevitt@dicellolevitt.com

13

*Appointed Class Counsel*

14

*Additional Counsel on Signature Page*

15

16

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

17

18

) Case No. CV 11-05379-CJC (AGRx)
)

19

) MDL No. 2291
)

20

) **CLASS ACTION**
)

IN RE CONAGRA FOODS, INC.

21

) **MOTION AND MEMORANDUM IN**
) **SUPPORT OF FINAL APPROVAL OF THE**

22

) **NEW SETTLEMENT AND AWARD OF**
) **ATTORNEYS' EXPENSES AND**

23

) **PLAINTIFFS' SERVICE AWARDS**
)

24

)
)

25

/

26

MOTION AND MEMORANDUM IN
SUPPORT OF FINAL APPROVAL OF THE

CV 11-05379-CJC (AGRx)

27

NEW SETTLEMENT AND AWARD OF

28

ATTORNEYS' EXPENSES AND PLAINTIFFS'
SERVICE AWARDS

1

## TABLE OF CONTENTS

2

3    I.       INTRODUCTION ...................................................................................................... 1

     II.      ARGUMENT .............................................................................................................. 2
4
              A.       The Class Representatives and Class Counsel have adequately represented
5                      the Classes. .................................................................................................... 2

6             B.       The New Settlement is the result of an arms'-length negotiation. ................... 4

7             C.       The New Settlement proposes adequate relief for the Classes. ....................... 4

8             •        There were significant costs, risks, and delay associated with moving
                       forward. .......................................................................................................... 4
9
              •        The relief provided for the class is adequate, taking into account the
10                     effectiveness of any proposed method of distributing relief to the class, including the
                       method of processing class-member claims. ................................................... 6
11
12            •        Class Counsel are seeking no attorneys' fees, and there are no other "side
                       agreements" which must be scrutinized by the Court....................................... 6
13
              D.       Class Members are treated equitably relative to one another. ......................... 6
14
              E.       Plaintiffs' service awards were not disturbed by the Ninth Circuit. ............... 7
15
16   III.     CONCLUSION........................................................................................................... 7

17

18

19

20

21

22

23

24

25

26    MOTION AND MEMORANDUM IN                        ii                    CV 11-05379-CJC (AGRx)
      SUPPORT OF FINAL APPROVAL OF THE
27    NEW SETTLEMENT AND AWARD OF
      ATTORNEYS' EXPENSES AND PLAINTIFFS'
28    SERVICE AWARDS

## TABLE OF AUTHORITIES

**Cases**                                                                                          **Page(s)**

*Briseño v. ConAgra Foods, Inc.*,
    674 F. App'x 654 (9th Cir. 2017) ................................................................ 3

*Briseño v. ConAgra Foods, Inc.*,
    844 F.3d 1121 (9th Cir. 2017) ................................................................. 3

*Briseño v. Henderson*,
    998 F.3d 1014 (9th Cir. 2021) .............................................................. 2, 5

*Conagra Brands, Inc. v. Briseño*,
    138 S. Ct. 313 (2017) ............................................................................. 3

*Dennis v. Kellogg Co.*,
    09-CV-1786-L, 2013 WL 6055326 (S.D. Cal. Nov. 14, 2013) ................... 5

*Rodriguez v. W. Publ'g Corp.*,
    563 F.3d 948 (9th Cir. 2009) ................................................................. 7

*In re Toys R Us-Del., Inc.-Fair & Accurate Credit Transactions Act Litig.*,
    295 F.R.D. 438 (C.D. Cal. 2014) ........................................................... 7

*Vasquez v. Coast Valley Roofing, Inc.*,
    266 F.R.D. 482 (E.D. Cal. 2010) .......................................................... 7

**Other Authorities**

Fed. R. Civ. P. 23(e)(2) .......................................................................... 2, 6

Fed R. Civ. P. 23(e)(2)(A-D) ...................................................................... 2

Fed. R. Civ. P. 23(e)(2)(C) ...................................................................... 2, 4

Fed. R. Civ. P. 23(e)(2)(D) ......................................................................... 7

Federal Rule of Civil Procedure 23(e) ................................................... 2, 6

Rule 23(e)(3) ...................................................................................... 2, 4, 6

# I.  INTRODUCTION

After more than a decade of litigation, the parties have presented a second proposed settlement to the Court, curing the deficiencies in the former agreement, as previously noted by this Court and the Ninth Circuit.  The settlement, comprised of a $3 million common fund with no reverter to Defendant, provides cash relief of $0.15 per unit of Wesson Oil purchased during the class period to class members who submit a valid and timely claim form, or who had submitted a claim form as part of the previously-proposed settlement—subject to any *pro rata* adjustment.  New Settlement Agreement[1] §§ 2.32.5, 4.1.2, 3.1.3.  Additionally, $575,000 of the fund will be allocated to members of the New York and Oregon Classes as compensation for statutory damages under those states' consumer protection laws.  New Settlement Agreement § 4.2.1.  While the common fund will be used to pay for service awards and expenses, Class Counsel have elected to forego *any* fee for the eleven years this case has been pending, despite having been largely successful in motion practice— including obtaining a favorable ruling on class certification and defending that ruling all of the way up to the Supreme Court.  New Settlement Agreement §§ 9.5, 9.6; Joint Declaration of Ariana J. Tadler, Adam Levitt, and David Azar in Support of Plaintiffs' Motion for Final Approval of New Settlement ("Final Approval Joint Decl."), attached hereto as Exhibit A ¶ 26.

After the Court granted preliminary approval of the New Settlement on November 14, 2022, the Settlement Administrator successfully notified the class pursuant to the Court-approved Notice Plan, and began accepting claims from the class members.  *See* Declaration of Gretchen Eoff ("Eoff Claims Admin. Decl."), attached to the Final Approval Joint Decl. as Exhibit 1 ¶¶ 3-17.  Now, Plaintiffs seek final approval of the proposed New Settlement to finally conclude this long-running litigation.

---

[1]  Refers to the New Proposed Settlement, ECF No. 807-2, or "New Settlement."

1  II.     ARGUMENT[2]

2        "Rule 23(e) imposes on district courts an independent obligation to ensure that any class

3  settlement is 'fair, reasonable, and adequate,' accounting for the interests of absent class members."

4  *Briseño v. Henderson*, 998 F.3d 1014, 1022 (9th Cir. 2021) (quoting Fed. R. Civ. P. 23(e)(2)).  Courts

5  must consider whether: (i) the class representatives and class counsel have adequately represented the

6  class; (ii) the proposal was negotiated at arm's length; (iii) the relief provided for the class is adequate;

7  and (iv) the proposal treats class members equitably relative to each other.  Fed R. Civ. P. 23(e)(2)(A-

8  D).  In determining whether the class's relief is "adequate," courts must analyze "(i) the costs, risks,

9  and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to

10 the class, including the method of processing class-member claims; (iii) the terms of any proposed

11 award of attorney's fees, including timing of payment; and (iv) any agreement required to be

12 identified under Rule 23(e)(3)."  Fed. R. Civ. P. 23(e)(2)(C).  The New Settlement demonstrates that

13 the parties' proposed deal is fair, reasonable, and adequate, taking into account the requirements of

14 Federal Rule of Civil Procedure 23(e).

15       A.     **The Class Representatives and Class Counsel have adequately represented the**
16              **Classes.**

17       As the Court noted in its preliminary approval order:

18              Class counsel and the class representatives have ably represented the class
                in this case.  For over a decade, they have shown competent and respectable
19              advocacy in briefing and oral argument before this Court and before the
                Ninth Circuit, overcoming a motion to dismiss, attaining class certification
20              of eleven state-wide litigation classes and affirmance of that order from the
                Ninth Circuit, and achieving other victories along the way.  With the help
21              of the class representatives, counsel have conducted and responded to
                significant discovery.  And they have managed to reach a significant
22              settlement even after Judge Morrow dismissed their original complaint.

23

24 ─────────────────────────
   [2]  The Court has already described the history of this long-running case in great detail in its order
25 granting preliminary approval of the New Settlement—including the parties prior attempts to settle
   the case, as well as the Ninth Circuit's rulings regarding the previously-proposed settlement.  ECF
26 No. 811 at 3-12.

27 MOTION AND MEMORANDUM IN                    2                    CV 11-05379-CJC (AGRx)
   SUPPORT OF FINAL APPROVAL OF THE
28 NEW SETTLEMENT AND AWARD OF
   ATTORNEYS' EXPENSES AND PLAINTIFFS'
   SERVICE AWARDS

ECF No. 811 at 14.  The Court previously certified eleven state-wide litigation classes (California, Colorado, Florida, Illinois, Indiana, Nebraska, New York, Ohio, Oregon, South Dakota, and Texas), finding that Plaintiffs satisfied the numerosity, commonality, typicality, and adequacy requirements of Rule 23(a), as well as the predominance and superiority requirements of Rule 23(b)(3).  ECF No. 545.  The Ninth Circuit affirmed. *See Briseño v. ConAgra Foods, Inc.*, 844 F.3d 1121 (9th Cir. 2017); *Briseño v. ConAgra Foods, Inc.*, 674 F. App'x 654 (9th Cir. 2017).  And on October 10, 2017, the Supreme Court of the United States denied Conagra's petition for writ of *certiorari*.  *Conagra Brands, Inc. v. Briseño*, 138 S. Ct. 313 (2017).

As the declaration supporting Plaintiffs' preliminary approval brief makes clear, Class Counsel have dedicated significant time and resources to the litigation—which involved briefing regarding preemption, numerous *ex parte* applications by Conagra to stay the case (including but not limited to pending referral to the Food and Drug Administration), numerous rounds of briefing related to discovery (including motions to compel filed by Plaintiffs), two full rounds of class certification briefing, and Plaintiffs' success on Conagra's attempts to reverse the district court's decision granting class certification—at both the Ninth Circuit and Supreme Court.  *See* ECF No. 807-2 ¶¶ 28-32.  Plaintiffs' primary objective in this litigation was achieved when—after this litigation began— Conagra decided to remove the "100% Natural" claim from Wesson labels, and stopped its decades-long practice of marketing Wesson Oils as "natural."  *Id.* ¶¶ 34-35.[3]  Plaintiffs respectfully submit that both they and their counsel have adequately represented the Classes.

---

[3]  Although disputed by Defendant, Plaintiffs contend that Conagra's decision was due, at least in part, to this litigation, and is further evidence of the merits of Plaintiffs' claims.  Conagra denies this litigation contributed in any way to its decision to drop the 'Natural' claim from Wesson Oils.  Due to the timing of Conagra's decision and the parties' agreement to enter mediation immediately after Conagra had exhausted its appeals of Judge Morrow's class certification ruling, Plaintiffs did not have an opportunity to seek a ruling that this litigation was a "catalyst" in that decision.

MOTION AND MEMORANDUM IN SUPPORT OF FINAL APPROVAL OF THE NEW SETTLEMENT AND AWARD OF ATTORNEYS' EXPENSES AND PLAINTIFFS' SERVICE AWARDS

3

CV 11-05379-CJC (AGRx)

**B.      The New Settlement is the result of an arms'-length negotiation.**

As the Court noted in its preliminary approval order, the proposed New Settlement is the product of six months of renewed negotiations between counsel that vigorously litigated the viability of Plaintiffs' claims, the propriety of class action treatment, and numerous other issues, and engaged in contentious discovery.  *See* ECF No. 811 at 15.  The New Settlement was vigorously negotiated by the parties, and presented to the Court only after Class Counsel were satisfied that the "red flags" previously identified by the Ninth Circuit were eliminated.  Final Approval Joint Decl. ¶¶ 14-24.

**C.      The New Settlement proposes adequate relief for the Classes.**

The proposed New Settlement provides a non-reversionary $3 million common fund from which all claims, expenses, and service awards will be paid.  In determining whether this relief is "adequate," courts consider "(i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3)."  Fed. R. Civ. P. 23(e)(2)(C).  The Court previously noted in its preliminary approval order that the proposed relief was adequate at that stage of the approval process.  ECF No. 811 at 15.  Plaintiffs respectfully submit that the Court should also find the relief adequate at the final approval phase.

- **There were significant costs, risks, and delay associated with moving forward.**

Plaintiffs assert there is abundant evidence that the "100% Natural" claim, which appeared on every bottle of Wesson Oil sold during the applicable class periods, was material to consumers, that consumers interpreted the claim to mean that the products did not contain GMOs, and that every class member paid a premium price for Wesson Oils due to the presence of the "100% Natural" claim on the label.  While Plaintiffs believe that there is sufficient evidence for their claims, the risks of proceeding forward, especially considering the strength of the proposed settlement recovery, supports Plaintiffs' renewed request for final approval.

MOTION AND MEMORANDUM IN
SUPPORT OF FINAL APPROVAL OF THE
NEW SETTLEMENT AND AWARD OF
ATTORNEYS' EXPENSES AND PLAINTIFFS'
SERVICE AWARDS

4

CV 11-05379-CJC (AGRx)

1    Regardless of the parties' evaluations of the strength of Plaintiffs' case, the potential, non-
2    adjusted relief for individual class members is approximately *36% higher* than they could have
3    obtained at trial.  *See* ECF No. 652 ¶¶ 18-19.  Indeed, the Court has since cast doubt on the likelihood
4    of success on Plaintiffs' claims, especially considering the recent, changing legal landscape, which
5    seemed to be favoring Conagra.  *See* ECF No. 700 (July 19, 2021 Hrg. Tr. at 14:18-22).  Based on
6    the foregoing considerations, "it is plainly reasonable for the parties at this stage to agree that the
7    actual recovery realized and risks avoided here outweigh the opportunity to pursue potentially more
8    favorable results through full adjudication."  *Dennis v. Kellogg Co.*, 09-CV-1786-L (WMc), 2013
9    WL 6055326, at *3 (S.D. Cal. Nov. 14, 2013).

10   While Plaintiffs believe their case is a strong one, the complexity and risk of further litigation
11   are substantial, and it is unclear whether there would be any recovery at all for the class members in
12   the eleven certified state classes.  Should litigation continue, more expense and complexity could
13   result, because Plaintiffs would request information regarding Conagra's label and marketing change
14   in 2017, for Conagra to update past document productions, and for the parties to resolve issues
15   surrounding Conagra's productions of documents just preceding the close of fact discovery in 2015.
16   Final Approval Joint Decl. ¶ 24.  With the case at the eve of trial, as with all other phases in this
17   litigation, Conagra would have mounted a vigorous defense to Plaintiffs' claims, likely would have
18   moved to decertify the state-wide classes, and would have continued to challenge Plaintiffs' price
19   premium damages methodology.  *See* ECF No. 700 (Oct. 7, 2019 Hrg. Tr. at 16:25-17:7 (Conagra's
20   counsel explaining that, had litigation continued, Conagra would have filed a motion to decertify the
21   classes, a motion for summary judgment, and then a motion to sever the different state classes and
22   transferring them to their original states, requiring separate trials)).  Additional risks of continuing
23   this litigation include further motion practice and a possible adverse outcome at trial.  The relief
24   obtained through this settlement, balanced against the length, expense, and uncertainty of further
25   litigation, weighs in favor of approval.  *See Briseño v. Henderson*, 998 F.3d at 1031 (noting the

26

27   MOTION AND MEMORANDUM IN                          5                  CV 11-05379-CJC (AGRx)
     SUPPORT OF FINAL APPROVAL OF THE
28   NEW SETTLEMENT AND AWARD OF
     ATTORNEYS' EXPENSES AND PLAINTIFFS'
     SERVICE AWARDS

1    "strong judicial policy favor[ing] settlements, particularly where complex class action litigation is

2    concerned") (quotations omitted).

3    ● **The relief provided for the class is adequate, taking into account the
      effectiveness of any proposed method of distributing relief to the class,**

4    **including the method of processing class-member claims.**

5    The Court previously determined that "the relief distribution is straightforward," noting that

6    "Class members will be able to easily complete and submit a claim form by mail or online."  ECF

7    No. 811 at 17.  Indeed, many Class Members already have done so.  Eoff Claims Admin. Decl. ¶ 22.

8    There is no reason to depart from the Court's prior reasoning scrutinizing the method for claims

9    processing, and finding that it is adequate.

10   ● **Class Counsel are seeking no attorneys' fees, and there are no other
      "side agreements" which must be scrutinized by the Court.**

11

12   The Court need not perform an analysis regarding the terms of any proposed award of

13   attorney's fees, including timing of payment or any agreement required to be identified under Rule

14   23(e)(3) because none exist.  Class Counsel are not seeking fees, and there is no other agreement.

15   While Class Counsel are seeking to be compensated for their expenses incurred up until July 23, 2019

16   related to their success over the course of this eleven-year litigation, those exact same expenses were

17   not previously objected to, nor did the Ninth Circuit find any issue with them.  *See* ECF Nos. 666,

18   685, 751-52, 759, 786, 791; No. 19-56297, 9th Cir., ECF No. 67.

19   **D.    Class Members are treated equitably relative to one another.**

20   The final Rule 23(e) factor examines whether the proposed settlement "treats class members

21   equitably relative to each other."  Fed. R. Civ. P. 23(e)(2).  As previously explained, the settlement

22   does not grant preferential treatment to any segment of the class.  All class members may claim

23   monetary benefits on a per-unit basis based upon the number of bottles of Wesson Oil they purchased.

24   The settlement provides compensation to New York and Oregon class members due to the statutory

25

26

27   MOTION AND MEMORANDUM IN                    6                    CV 11-05379-CJC (AGRx)
     SUPPORT OF FINAL APPROVAL OF THE
28   NEW SETTLEMENT AND AWARD OF
     ATTORNEYS' EXPENSES AND PLAINTIFFS'
     SERVICE AWARDS

1   damage provisions in their state consumer protection statutes that Plaintiffs contend they may

2   recover.[4]  Fed. R. Civ. P. 23(e)(2)(D).

3          **E.     Plaintiffs' service awards were not disturbed by the Ninth Circuit.**

4          As is true of the last settlement proposed to the Court, Plaintiffs request service awards of

5   $3,000 for each of the six Plaintiffs who were deposed, and $1,000 for each of the seven Plaintiffs

6   who were not deposed, for a total aggregate service award amount of $25,000.[5]  All of the Plaintiffs

7   have been supportive and involved in this lengthy litigation, including reviewing pleadings,

8   responding to discovery requests, preparing for and testifying at depositions, communicating with

9   counsel, and approving the terms of the settlement agreement.  *See* ECF No. 663 ¶¶ 23-25; Final

10  Approval Joint Decl. ¶ 39.  This Court already found that the requested service awards "are within

11  the range of incentive awards typically approved by district courts" and that "the request for incentive

12  awards is reasonable."  *See* ECF No. 654 at 7; *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958-59

13  (9th Cir. 2009); *Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 499 (E.D. Cal. 2010).

14  Incentive awards in this district typically range from $3,000 to $5,000.  *See In re Toys R Us-Del.,*

15  *Inc.-Fair & Accurate Credit Transactions Act Litig.*, 295 F.R.D. 438, 470 (C.D. Cal. 2014) (collecting

16  cases).  The service awards here are more than reasonable considering the twelve years this case has

17  been litigated.

18  **III.    CONCLUSION**

19         For the foregoing reasons, the Parties respectfully request that the Court grant this Motion and

20  enter an order finally approving the settlement, and granting Plaintiffs' request for expenses and

21  service awards.

22

23  _____

24  [4]  This portion of the New Settlement is largely the same as the prior settlement, and the Ninth Circuit took no issue with whether Class Members were treated equitably relative to one another.

25  [5]  The Ninth Circuit did not disturb Plaintiffs' previously-proposed service awards.

26

27  MOTION AND MEMORANDUM IN                    7                    CV 11-05379-CJC (AGRx)
    SUPPORT OF FINAL APPROVAL OF THE

28  NEW SETTLEMENT AND AWARD OF
    ATTORNEYS' EXPENSES AND PLAINTIFFS'
    SERVICE AWARDS

1    Dated: March 3, 2023            Respectfully submitted,

2

3                                     */s/ David E. Azar*

4                                       David E. Azar (SBN 218319)
                                      dazar@milberg.com

5                                       **MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**

6                                       280 S. Beverly Drive, Suite PH
                                      Beverly Hills, California  90212

7                                       Telephone: (213) 617-1200

8                                       Ariana J. Tadler (*pro hac vice*)
                                      atadler@tadlerlaw.com

9                                       A.J. de Bartolomeo (SBN 136502)
                                      ajd@tadlerlaw.com

10                                     **TADLER LAW LLP**

11                                     22 Bayview Avenue, Suite 200
                                    Manhasset, New York  11030

12                                     Telephone: (212) 946-9453

13                                     Adam J. Levitt (*pro hac vice*)
                                    alevitt@dicellolevitt.com

14                                     Amy E. Keller (*pro hac vice*)
                                    akeller@dicellolevitt.com

15                                     **DᴵCELLO LEVITT LLC**

16                                     Ten North Dearborn Street, Sixth Floor
                                    Chicago, Illinois  60602

17                                     Telephone: (312) 214-7900

18

19                                     ***Class Counsel***

20

21

22

23

24

25

26

27    MOTION AND MEMORANDUM IN                   8                       CV 11-05379-CJC (AGRx)
   SUPPORT OF FINAL APPROVAL OF THE
28    NEW SETTLEMENT AND AWARD OF
   ATTORNEYS' EXPENSES AND PLAINTIFFS'
   SERVICE AWARDS

## CERTIFICATE OF SERVICE

The undersigned certifies that, on March 3, 2023, he caused this document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of filing to registered counsel of record for each party.

Dated:  March 3, 2023

/s/ David E. Azar
David E. Azar (SBN 218319)